UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARGARET L. DIBB, individually, and on behalf of others similarly situated<br><br>                          Plaintiffs,<br><br>vs.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC<br><br>                          Defendant. | NO.<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. INJUNCTIVE RELIEF<br>2. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT<br>3. VIOLATIONS OF THE WASHINGTON STATE CONSUMER PROTECTION |

Plaintiff MARGARET L. DIBB, individually, and on behalf of all others similarly situated brings this action against AllianceOne Receivables Management, Inc. ("AllianceOne") and alleges as follows:

**I. INTRODUCTION**

1. This is an action by Margaret L. Dibb seeking Injunctive Relief; and to recover damages arising from Defendant, AllianceOne's violations of the Fair Debt Collection Practices Act; and violations of the Washington State Consumer Protection Act. Defendant has engaged in unfair and deceptive acts against consumers in the collection of accounts concerning

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, WASHINGTON'S CONSUMER PROTECTION ACT, AND INJUNCTIVE RELIEF-1

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON 98122
(206) 805-0989
FAX (866) 526-9994



dishonored checks in violation of Washington and Federal law. In addition to the damages and injunctive relief, Ms. Dibb seeks attorneys' fees and cost.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and their agents in their efforts to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## III. PARTIES

5. Plaintiff Margaret Dibb is a natural person who resides on Vashon Island, County of King, State of Washington, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

6. Defendant AllianceOne Receivables Management, Inc. (hereinafter "AllianceOne") is a collection agency operating from an address of 6565 Kimball Drive Suite 200, Gig Harbor Washington, 98335, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about May of 2012 Plaintiff moved to Vashon Island, Washington.

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, WASHINGTON'S CONSUMER PROTECTION ACT, AND INJUNCTIVE RELIEF-2

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON  98122
(206) 805-0989
FAX (866) 526-9994



8. Upon moving to Washington, Ms. Dibb purchased license plates and tabs for her vehicle from the Washington State Department of Licensing ("DOL") using a personal check in the amount of $90.25.

9. On or about July 10, 2013, Ms. Dibb went to the DOL to renew her tabs, and discovered that her check from the previous year had been returned for insufficient funds.

10. Ms. Dibb was told by the DOL clerk that the debt had been sent to collection agency called AllianceOne and she would need to contact them to pay the amount of the dishonored check plus interest before she would be allowed to renew her tabs.

11. That day Ms. Dibb called AllianceOne and paid them $98.77, which included the amount of the dishonored check and interest to date. The agent for AllianceOne then sent a receipt by email to Ms. Dibb. The agent also informed her that she owed considerably more money for legal fees and cost.

12. Upon presenting the receipt for $98.77 to the DOL, Ms. Dibb was allowed to renew her tabs.

13. Unbeknownst to Ms. Dibb prior to July 10, 2013, on May 29, 2013, AllianceOne had filed suit in King County District Court in Issaquah Washington. That suit was not served upon her until October 24, 2013.

14. Ms. Dibb timely responded to the complaint on November 8, 2013. In her response Ms. Dibb denied that she owed the debt and stated that she had paid in full the amount due.

15. On September 15, 2014, AllianceOne filed a Motion for Summary Judgment in King County District Court, Cause# 133-15386, alleging it was entitled to a judgment of $710.93 against Ms. Dibb. Attached to that Motion was the Declaration of Plaintiff

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, WASHINGTON'S CONSUMER PROTECTION ACT, AND INJUNCTIVE RELIEF-3

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON  98122
(206) 805-0989
FAX (866) 526-9994



(AllianceOne). Attached to AllianceOne's declaration was a Notice of Dishonor of Check ("NOD"), dated September 25, 2012.

16. On the NOD an agent of AllianceOne certified under penalty of perjury that the NOD was mailed to Ms. Dibb. The address on the NOD is the address of Ms. Dibb's residence on Vashon Island.

17. Ms. Dibb never received the Notice of Dishonor of Check at her home and was not aware of the NOD until Defendant filed its Motion for Summary Judgment, and Ms. Dibb saw the notice.

18. The NOD Defendant claims to have sent Ms. Dibb contained the following language: "You are also CAUTIONED that law enforcement agencies may be provided with a copy of this notice of dishonor and the check drawn by you for the possibility of proceeding with criminal charges if you do not pay the amount of this check within thirty days after the date this letter is postmarked." That language violates section 1692e(4) and 1692e(7) of the FDCPA and Washington's Collection Agency Act which is a per se violation of Washington's Consumer Protection Act ("CPA").

19. The NOD also contained an address block in the lower left hand corner of the letter, of the kind used in letters sent in envelopes which utilize glassine windows for addressing. That address block contained Ms. Dibb's account number with AllianceOne. Providing her account number in the address block, which was visible outside the envelope, violates § 1692f(8) of the FDCPA's protection against including marking other than the parties name an address on a collection letter envelope.

20. All of the above-described collection communications made to Plaintiff by Defendant and other collection employees employed by AllianceOne, were made in violation

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT
COLLECTION PRACTICES ACT, WASHINGTON'S
CONSUMER PROTECTION ACT, AND INJUNCTIVE
RELIEF-4

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON 98122
(206) 805-0989
FAX (866) 526-9994



of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

21.  AlianceOne's attempt to collect the fees it sought in the King County District Court under cause number 133-15386, was made in violation of numerous provisions of the FDCPA and Washington's CPA.

## V. CLASS ALLEGATIONS

22.  <u>Class Definition</u>.  Pursuant to FRCP 23, Plaintiff Dibb bring this case as a class action on behalf of a "Class" defined as follows:

> All persons who reside in the State of Washington who AllianceOne claims to have sent or sent a Notice of Dishonor of Check on a form substantially similar to the one sent Margaret Dibb between October 20, 2010, and the final disposition of this action.

23.  <u>Numerosity</u>.  The exact number of persons similarly situated to Plaintiff Margaret Dibb is now unknown but is believed to be in the thousands.  A public records request to Washington Department of Enterprise Services has revealed that AllianceOne reports over a million dollars in collection for the State of Washington each year and that AllianceOne collects for over one hundred state and municipal entities.  The exact number of persons similarly situated to Plaintiff may be identified from AllianceOne's records of accounts in Washington State, and such persons may be identified with particularity through appropriate judicial discovery procedures, such that it would be possible to give such persons actual notice of these proceedings, if required.

24.  <u>Commonality</u>.  There exist questions of law and fact common to Plaintiffs and the proposed Class, including but not limited to:

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, WASHINGTON'S CONSUMER PROTECTION ACT, AND INJUNCTIVE RELIEF-5

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON  98122
(206) 805-0989
FAX (866) 526-9994

NW CONSUMER LAW CENTER
*A Non-Profit Law Firm Advocating for Rights of the Consumer*

   a.   Whether AllianceOne has engaged in a common course of sending Notice of Dishonor of Check that threatens possible criminal proceedings when none are planned or warranted;

   b.   Whether AllianceOne has engaged in a common course of including the account numbers of consumers on mailing envelopes that include Notices of Dishonor of Check;

   c.   Whether AllianceOne's common course of sending NODs is an unfair act or practice that violates the Washington Consumer Protection Act, RCW 19.86 et seq.;

   d.   Whether AllianceOne's common course of sending NODs is an unfair act or practice that violates the Fair Debt Collections Practices Act, 15 U.S.C. 1692 et seq.;

   e.   Whether AllianceOne's pattern and practice of sending NODs impacts the public interest as required by Washington's Consumer Protection Act, RCW 19.86 et seq.

   f.   Whether AllianceOne's pattern and practice of sending NODs injures Washington consumers; and

   g.   The nature and extent of Class-wide injury and the measure of compensation for such injury.

   25.   <u>Typicality.</u>   The claim of Margaret Dibb is typical of the Class.   AllianceOne claimed to have sent Plaintiff a NOD and she is a member of the Class.  Plaintiff's claims, like the claims of the Class, arise out of the same common course of conduct by AllianceOne and are based on the same legal and remedial theories.

   26.   <u>Adequacy of Representation</u>.   Plaintiff Dibb is an appropriate representative party for the class and will fairly and adequately protect the interests of the class. Plaintiff understands and is willing to undertake the responsibilities of acting in a representative capacity on behalf of the proposed Class. Plaintiff will fairly and adequately protect the interests of the Class and has

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, WASHINGTON'S CONSUMER PROTECTION ACT, AND INJUNCTIVE RELIEF-6

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON  98122
(206) 805-0989
FAX (866) 526-9994


NW CONSUMER LAW CENTER
A Non-Profit Law Firm Advocating for Rights of the Consumer

no interests that directly conflict with interests of the Class. Plaintiff has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex and class action litigation, including consumer class actions. Plaintiff Dibb and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.

27. <u>Predominance</u>. AllianceOne has engaged in a common course sending a NOD to Plaintiff Dibb and members of the Class. The common issues arising from this conduct that affect Plaintiff Dibb and members of the Class predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

28. <u>Superiority</u>. Plaintiff and Class members have suffered harm and damages as a result of AllianceOne's unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. The Class members are readily identifiable from AllianceOne's records, and there will be no significant difficulty in the management of this case as a class action.

29. <u>Injunctive Relief</u>. AllianceOne's conduct is uniform to all members of the Class. AllianceOne has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or declaratory relief is appropriate with respect to the Class as a whole.

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, WASHINGTON'S CONSUMER PROTECTION ACT, AND INJUNCTIVE RELIEF-7

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON  98122
(206) 805-0989
FAX (866) 526-9994



## VI.  CAUSES OF ACTION
### A.  FIRST CLAIM:
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

30. Plaintiff re-alleges and incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

31. The statements made by the Defendant in the NOD threatening criminal prosecution were false and misleading, the Defendant had no intention of following through with the threats.

32. The Defendant's use of an address block that is visible to the public and contains Plaintiff's and those similarly situated account numbers constitutes a violation of the Fair Debt Collection Practices Act.

33. The foregoing acts and omissions of the Defendant and its agents including threats of criminal prosecution constitute numerous and multiple violations of the FDCPA, including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff and the class that she represents.

34. As a result of Defendant's violations of the FDCPA, Plaintiff and those similarly situated are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the defendant herein.

### B.  SECOND CLAIM:
### WASHINGTON'S CONSUMER PROTECTION ACT
### RCW 19.86 et seq.

35. Plaintiffs re-alleges and incorporates by reference the allegations set forth in

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, WASHINGTON'S CONSUMER PROTECTION ACT, AND INJUNCTIVE RELIEF-8

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON  98122
(206) 805-0989
FAX (866) 526-9994


NW CONSUMER LAW CENTER
A Non-Profit Law Firm Advocating for Rights of the Consumer

each of the preceding paragraphs of this Complaint.

36. Defendant AllianceOne is a "person" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1), and conducts "trade" and "commerce" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(2).

37. Plaintiff and class members are "persons" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1).

38. Defendant AllianceOne engaged a per se unfair and deceptive acts that occurred in trade or commerce by sending out Notices of Dishonor of Check with language substantially similar to the language alleged herein.

39. Defendant's unfair acts or practices have occurred in its trade or business and were and are capable of injuring a substantial portion of the public.

40. As such, Defendant's general course of conduct as alleged herein is injurious to the public interest, and the acts complained of herein are ongoing and/or have a substantial likelihood of being repeated, unless enjoined.

41. As a direct and proximate result of Defendant's unfair acts or practices, Plaintiff and Class members suffered injury in fact and lost money.

42. Plaintiff and the Class are therefore entitled to an order enjoining the conduct complained of herein; actual damages; treble damages pursuant to RCW 19.86.090; costs of suit, including reasonable attorneys' fees; and such further relief as the Court may deem proper.

43. Plaintiffs and the Class are also entitled to equitable relief as the Court deems appropriate, including, but not limited to, disgorgement, for the benefit of the Class members, of all or part of the ill-gotten profits Defendant AllianceOne received from its unfair scheme.

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, WASHINGTON'S CONSUMER PROTECTION ACT, AND INJUNCTIVE RELIEF-9

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON  98122
(206) 805-0989
FAX (866) 526-9994


NW CONSUMER LAW CENTER
A Non-Profit Law Firm Advocating for Rights of the Consumer

44. Plaintiffs and Class members are entitled to treble damages under RCW 19.86.090 because Defendant acted in bad faith in deliberate or reckless disregard of their rights and Defendant's obligation to comply with the federal and state collection laws.

45. The actions of Defendant as alleged herein constitute violations of the Washington Consumer Protection Act, RCW 19.86.020, and: (1) have occurred in trade or commerce; (2) are unfair and deceptive as alleged above; (3) negatively affect the public including thousands of Washington residents against whom Defendant sent unfair and deceptive Notices of Dishonor of Check; and (4) causing injuries to Plaintiffs and the Class as alleged above.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, plaintiff and all those similarly situated pray that judgment be entered against Defendant:

1. for injunctive relief prohibiting the named Defendant from continuing to send Notices of Dishonor of Check similar to the ones at issue in this case.

2. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for all Plaintiffs;

3. for an award of statutory damages of $1,000.00 per class member pursuant to 15 U.S.C. §1692k(a)(2)(A) against the defendant and for Plaintiffs;

4. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff;

5. for an award of punitive damages pursuant to the FDCPA and pain and suffering, including mental suffering and emotional distress.

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, WASHINGTON'S CONSUMER PROTECTION ACT, AND INJUNCTIVE RELIEF-10


Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON 98122
(206) 805-0989
FAX (866) 526-9994



6. for actual damages, treble damages, costs and attorney fees under the Consumer Protection Act.

7. for such other and further relief as may be just and equitable.

DATED this 20th day of October, 2014.

/s/  Sam Leonard
Samuel R. Leonard                WSBA #46498
Leen and O'Sullivan, PLLC
Attorney for Plaintiff

/s/ David A. Leen
David A. Leen                    WSBA #3516
Leen and O'Sullivan, PLLC
Attorney for Plaintiff

/s/  Kathleen S Box
Kathleen S Box                   WSBA #45254
NWCLC
Attorney for Plaintiff

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, WASHINGTON'S CONSUMER PROTECTION ACT, AND INJUNCTIVE RELIEF-11

Northwest Consumer Law Center
520 EAST DENNY WAY
SEATTLE, WASHINGTON  98122
(206) 805-0989
FAX (866) 526-9994

