**The Honorable Robert J. Bryan**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARGARET L. DIBB, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANCE ONE RECEIVABLES MANAGEMENT, INC.<br><br>Defendants. | **Case No.: 3:14-cv-05835-RJB**<br>**PLAINTIFF'S OPPOSITION TO ALLIANCE ONE'S MOTION TO DISMISS** |

## I. Introduction

Plaintiff responds to Defendant's motion to dismiss and requests that Defendant's motion be denied in its entirety or in the alternative, leave to amend be granted to Plaintiff.

Plaintiff's Complaint is based on language threatening criminal prosecution for a dishonored check sent by the Plaintiff to the Defendant. The Fair Debt Collection Practices Act ("FDCPA") expressly forbids debt collectors from threatening legal action, such as criminal prosecution that they do not intend to carry out. Defendant's argument that the debt at issue is not a consumer debt and therefore not regulated by the Fair Debt Collection Practices Act is without merit. *See Lensch v. Armada,* 795 F. Supp. 2d 1180 (W.D. Wash. 2011). Additionally,

Case No.: 3:14-CV-05835-RJB
PLAINTIFF'S OPPPOSITION TO ALLIANCE
ONE'S MOTION TO DISMISS - 1

NW CONSUMER LAW CENTER
*A Non-Profit Law Firm Advocating for Rights of the Consumer*

520 East Denny Way
Seattle, WA 98122
Tele: (206) 805-0989
Fax: (206) 299-9337

Defendant argues that Plaintiff's cause of action for violations of the Washington Consumer Protection Act ("CPA") 19.86 et al, fails because Plaintiff did not identify a pertinent statute violated by the Defendant to support a per se violation. Defendant is incorrect because Plaintiff basis her per se CPA claim on Defendant's violation of the FDCPA. A violation of the FDCPA is a per se violation of the Washington Consumer Protection Act. Alternately, Defendant argues that the existence of RCW 62A.3-540 makes a claim under the CPA impossible. Defendant improperly argues that RCW 62A.3-540 makes legal what the FDCPA makes illegal because RCW 62A.3-540 expressly states that the notice of dishonored check language used by the Defendant cannot be construed to violate any law. This argument is also without merit, as the FDCPA directly contradicts RCW 62A.3-540 and, therefore, RCW 62A.3-540 is preempted by the FDCPA. As Plaintiff's per se CPA cause of action is based on a violation of the FDCPA, RCW 62A.3-540 is not applicable in this case.

## II. Background

After moving to Vashon Island, Washington, Ms. Dibb, the named Plaintiff, purchased license plates and tabs for her vehicle from the Washington State Department of Licensing ("DOL") using a personal check in the amount of $90.25.

On or about July 10, 2013, Ms. Dibb went to the DOL to renew her tabs, and discovered that her check from the previous year had bounced. Ms. Dibb was told by the DOL clerk that the debt had been sent to a collection agency called AllianceOne; and she would need to contact them to pay the amount of the bounced check plus interest before she would be allowed to renew her tabs. That day Ms. Dibb called AllianceOne and paid them $98.77, which included the amount of the bounced check and interest to date. The agent for AllianceOne then emailed Ms. Dibb a receipt. The agent also informed her that she owed

Case No.: 3:14-CV-05835-RJB
PLAINTIFF'S OPPPOSITION TO ALLIANCE
ONE'S MOTION TO DISMISS - 2

NW CONSUMER LAW CENTER
A Non-Profit Law Firm Advocating for Rights of the Consumer

520 East Denny Way
Seattle, WA 98122
Tele: (206) 805-0989
Fax: (206) 299-9337

hundreds in extra fees for legal action. Upon presenting the receipt for $98.77 to the DOL, Ms. Dibb was allowed to renew her tabs.

Unbeknownst to Ms. Dibb on May 29, 2013, AllianceOne filed suit in King County District Court. That suit was served upon her months later on October 24, 2013 and a motion for summary judgment in that case was filed September 15, 2014.

Attached to Defendant's Motion for Summary Judgment in the District Court action was the Notice of Dishonor ("NOD") at issue here. Ms. Dibb never received the NOD at her home and was not aware of the NOD prior to the summary judgment filing. The NOD contained the following language:

> You are also CAUTIONED that law enforcement agencies may be provided with a copy of this notice of dishonor and the check drawn by you for the possibility of proceeding with criminal charges if you do not pay the amount of this check within thirty days after the date this letter is postmarked.

That language violates section 1692e(4) and 1692e(7) of the FDCPA and is a per se violation of Washington's Consumer Protection Act ("CPA").

### III. Argument

**A. Motion to Dismiss Standard**

Dismissal for failure to state a claim is proper only when it appears to a certainty that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Rae v. Union Bank*, 725 F.2d 478, 479 (9th Cir. 1984). For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff, and its allegations are taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). The Court must accept as true all well-plead factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1073 (9th Cir. 2010). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide

Case No.: 3:14-CV-05835-RJB
PLAINTIFF'S OPPPOSITION TO ALLIANCE
ONE'S MOTION TO DISMISS - 3

NW CONSUMER LAW CENTER
A Non-Profit Law Firm Advocating for Rights of the Consumer

520 East Denny Way
Seattle, WA 98122
Tele: (206) 805-0989
Fax: (206) 299-9337

the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**B.      Plaintiff's Debt Is a Consumer Debt Within the Protections of the FDCPA**

Plaintiff's complaint contains well pled factual allegations that provide plausible grounds for relief. The debt here was clearly incurred for personal, family and household purposes; anyone of which brings it within the purview of the FDCPA. The Defendant's motion for dismissal must be denied, as it is based on gross mischaracterizations of law.

It is settled law that the third party collection of funds from a dishonored check is the collection of a "debt" that falls within the FDCPA. The FDCPA states:

> [A]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction, are primarily for personal, family, or household purposes.

12 U.S.C. § 1692a(5). The Ninth Circuit and others have interpreted this language to include dishonored checks; specifically holding that a dishonored check is evidence that the transaction falls within the FDCPA.

In *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322 (7th Cir. Wis. 1997) a debt collector argued "that dishonored checks do not constitute "debts" under the FDCPA because 'the tender of a worthless check is a criminal and tortious act, not a consumer credit transactions [sic].'" 111 F.3d at 1329. The Seventh Circuit unequivocally rejected that argument explaining:
Case No.: 3:14-CV-05835-RJB
PLAINTIFF'S OPPPOSITION TO ALLIANCE
ONE'S MOTION TO DISMISS - 4



520 East Denny Way
Seattle, WA 98122
Tele: (206) 805-0989
Fax:  (206) 299-9337

> Appellants misstate the law when they categorize all dishonored checks as criminal and tortious. Both under the common law of fraud, a specific intent crime, and under most state criminal statutes which specifically address dishonored checks, liability attaches only if the drawer either knew or intended that the check be dishonored at the time the check was drawn.
>
> \* \* \*
>
> The requisite knowledge or intent that the check be dishonored must arise at the time the check is written. We therefore must reject appellants' argument that all dishonored checks are fraudulent and thus not covered by the Act.

111 F.3d 1322, 1328.

The *Bass* rule that dishonored checks could represent transactions covered under the FDCPA was shortly thereafter adopted by the Ninth Circuit, in *Charles v. Lundgren Assocs., P.C.*, 119 F.3d 739 (9th Cir. 1997), and the Eleventh Circuit in *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367 (11th Cir. 1998). Those courts took the *Bass* analysis a step further.

*Charles* and *Hawthorne* hold that a personal check in-and-of-itself evidence "transactions" and "debts" that fall within the protections of the FDCPA. *See Charles*, 119 F.3d at 740 ("[a] dishonored check constitutes an FDCPA "debt," and therefore the FDCPA prohibits check collectors from using abusive practices"); *and Hawthorne,* 140 F.3d at 1372 ("bounced checks represent legal obligations to pay. In other words, they constitute evidence of a business dealing, or a "transaction" under the FDCPA"). *See also Lensch v. Armada,* 795 F. Supp. 2d 1180 (W.D. Wash. 2011) (holding the Notice of Dishonored check language at issue here violates the FDCPA); *Edwards v. National Business Factors, Inc.*, 897 F. Supp. 455, 457 (D.Nev. 1995) (an unpaid check creates a consumer debt under the FDCPA); *West v. Costen*, 558 F. Supp. 564, 581-584 (W.D. Va. 1983) (FDCPA regulates addition of service charges to returned checks); *Johnson v. Statewide Collections, Inc.*, 778 P.2d 93 (Wyo. 1989) (FDCPA applies to the collection and addition of service charges of a returned check).

Case No.: 3:14-CV-05835-RJB
PLAINTIFF'S OPPPOSITION TO ALLIANCE
ONE'S MOTION TO DISMISS - 5



520 East Denny Way
Seattle, WA 98122
Tele: (206) 805-0989
Fax: (206) 299-9337

Here, Ms. Dibb entered into a consensual transaction to purchase a license plate and vehicle tabs from the Department of Licensing for her personal vehicle. Complaint at ¶8. To purchase her tabs, Ms. Dibb wrote a personal check. Id. The check was a personal check and it paid for the registration of her personal vehicle. Id. Under *Bass* and its progeny, this is clear evidence that the "debt" is within the scope of the FDCPA, and Defendant's motion to dismiss must be denied.

AllianceOne ignores this adverse evidence and instead argues that the registration of vehicles is regulated by statute and therefore not consensual. *See* Response at 4 (Plaintiff's debt resulted from registering her vehicle with the Department as required by RCW 46.16A.030 that was not a consensual transaction for goods or services"). Defendant's argument relies on the false assumption that registration of a vehicle is mandatory and not consensual.

Registering a vehicle is a consensual transaction that falls within the FDCPA. Registration allows a person to use his or her vehicle "on a public highway." RCW 46.16A.030. There is no requirement that every person with a vehicle must register it, or even drive it for that matter. This distinction between consensual and mandatory expenses related to vehicles was dealt with by the Second Circuit in *Beggs v. Rossi*, 145 F.3d 511 (2d Cir. Conn. 1998).

In *Beggs,* the court answered the question of whether a personal property tax on a vehicle was a "debt" arising from a consensual transaction; and therefore, within the FDCPA. *Id*. The Court upheld the District Court's dismissal and explained that because the "tax is not levied upon <u>the purchase or registration of the vehicle</u> per se, but rather upon the ownership of the vehicle by the citizen. There is simply no "transaction" here of the kind contemplated by the statute." *Beggs*, 145 F.3d at 512 (internal citation omitted; and emphasis added). Following the

Case No.: 3:14-CV-05835-RJB
PLAINTIFF'S OPPPOSITION TO ALLIANCE
ONE'S MOTION TO DISMISS - 6



520 East Denny Way
Seattle, WA 98122
Tele: (206) 805-0989
Fax: (206) 299-9337

Court's decision to its logical conclusion, the purchase and registration of a vehicle are both transactions within the FDCPA.

Here, the transaction at issue is the registration of a vehicle. Complaint at ¶ 7. That registration is a consensual transaction. The means of purchase was personal check. Complaint at ¶ 8. The vehicle being registered was a personal vehicle. Id. And, obviously, the transaction was for personal, family, and household purposes. Thus, the transaction and the debt here are of the kind within the purview of the FDCPA.

This Court must reject Defendant's argument for dismissal of the FDCPA claim. The debt here is exactly like that in *Bass*. It stems from an unintentionally dishonored check. As the *Beggs* court explained, registration of a vehicle is the type of transaction falling within the FDCPA.

**C.     Plaintiff's CPA Claim is Sufficient to Survive a 12(b)(6) Motion As Any Violation of the FDCPA is a Per Se Violation of the CPA**

Plaintiff has properly alleged a per se violation of the CPA. The Washington State Supreme Court has held that any violation of the FDCPA is a per se violation of the CPA, therefore sufficient facts are present to uphold Plaintiff's CPA claim. If the Court finds that Plaintiff's CPA claim was inadequately pled, leave to amend should be granted, as an amendment would not be futile.

A.     <u>Any Violation of the FDCPA is a per se Violation of the CPA</u>

Plaintiff has sufficiently pled a violation of the FDCPA. The Washington Supreme Court has recognized the public policy significance of regulating the debt collection industry and has specifically found that the business of debt collection affects the public interest. In addition, collection agencies are subject to strict regulation to ensure they deal fairly and honestly with alleged debtors. The Washington State Supreme court held that all violations of the FDCPA

Case No.: 3:14-CV-05835-RJB
PLAINTIFF'S OPPPOSITION TO ALLIANCE
ONE'S MOTION TO DISMISS - 7



520 East Denny Way
Seattle, WA 98122
Tele: (206) 805-0989
Fax:  (206) 299-9337

constitute a per se violation of the CPA. For example, the Washington Supreme Court said in *Panag*:

> Consumer debt collection is a highly regulated field. When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA and the FTCA under state and federal law, reflecting the public policy significance of this industry.

*Panag v. Farmers Ins. Co. of Washington*, 166 Wash. 2d 27, 53, 204 P.3d 885, 897 (2009).

Along with the Washington Supreme Court, other jurisdictions have held that violations of the FDCPA are per se unfair or deceptive acts or practices. *See Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168 (11th Cir. 1985); Becker v. Montgomery, 2003 WL 23335929 (N.D. Ohio Feb. 26. 2003); *In re Scrimpsher,* 17 B.R. 999 (Bankr. N.D.N.Y. 1982).

While Plaintiff did not explicitly allege in her complaint the pertinent statute giving rise to the per se CPA violation in her Complaint, if the court finds that the CPA claim was inadequately pled, leave to amend should be granted, as an amendment would not be futile.

B. <u>Plaintiff's Complaint alleges a per se violation of the CPA based on a violation of federal law, which preempts state law, this makes Plaintiff's CPA claim viable</u>

Defendant's argument that the language in RCW 62A.3-540 prohibits Plaintiff from bringing a per se CPA claim fails as a matter of law, as the language in RCW 62A.3-540 is directly contrary to the language in the FDCPA. The Court in *Lensch v. Armada Corp.,* 795 F. Supp. 2d 1180 (W.D. Wash. 2011) dealt with a conflict between these two statutes and determined that the FDCPA and RCW 62A.3-540 wholly contradict each other. *Lensch v. Armada Corp.,* 795 F. Supp. 2d 1180 (W.D. Wash. 2011). The Court concluded that the FDCPA preempts RCW 62A.3-540. *Lensch v. Armada Corp.,* 795 F. Supp. 2d 1180 (W.D. Wash. 2011) (Because RCW 62A.3.540 is inconsistent with provisions of the FDCPA and impedes the fulfillment of congressional intent, it must give way to federal law).

Case No.: 3:14-CV-05835-RJB
PLAINTIFF'S OPPPOSITION TO ALLIANCE
ONE'S MOTION TO DISMISS - 8



520 East Denny Way
Seattle, WA 98122
Tele: (206) 805-0989
Fax: (206) 299-9337

Defendant argues that RCW 62A.3-540 expressly states that the statutory language at issue cannot be construed to violate *any* other law and therefore prohibits Plaintiff from pleading a valid per se CPA violation. On the contrary, the express statutory language *only* can be construed to make it impossible for the NOD language to violate any *state* law. Plaintiff's per se CPA cause of action is not based on state law, it is based on a violation of the FDCPA, which preempts RCW 62A.3-540. *Lensch v. Armada Corp.,* 795 F. Supp. 2d 1180 (W.D. Wash. 2011). As a violation of the FDCPA is a valid basis for a per se CPA violation, Plaintiff's CPA claim should be upheld.

The legislative purpose behind the CPA is clearly laid out in the statue: "to complement the body of federal law governing restraints of trade, unfair competition and unfair, deceptive and fraudulent acts and practices in order to protect the public and foster fair and honest competition." RCW 19.86.920. The statutory language requires that the CPA be liberally construed and the Court clearly stated in *Lensch* that "Congress intended for the FDCPA to provide greater protection than state law." *Lensch v. Armada Corp.,* 795 F. Supp. 2d 1180 (W.D. Wash. 2011); RCW 19.86.902. As, RCW 62A.3-540 and the FDCPA conflict, in light of the requirement that the CPA be liberally construed, and the fact the FDCPA is meant to provide greater protection than state law, the Court should rule that despite the language in RCW 62A.3-540, a violation of the FDCPA has occurred and therefore hold a per se violation of the CPA exists.

It is not only the intent of the Washington State Legislature, but the intent of the Washington Supreme Court is to ensure that debt collection remains a highly regulated field. The court in *Panag* made it's intentions clear, "A primary purpose of the intensive regulation of these industries is to create public confidence in the honesty and reliability of those who engage in the



Case No.: 3:14-CV-05835-RJB
PLAINTIFF'S OPPPOSITION TO ALLIANCE
ONE'S MOTION TO DISMISS - 9

520 East Denny Way
Seattle, WA 98122
Tele: (206) 805-0989
Fax: (206) 299-9337

business…of debt collection*." Panag v. Farmers Ins. Co. of Washington*, 166 Wash. 2d 27, 53, 204 P.3d 885, 897 (2009).

It is well settled law that the FDCPA constitutes a per se violation of the CPA, in the present case, the court should uphold the intent of the statute and Washington State Supreme Court's interpretation of the CPA. *See Id.* Here the Plaintiff has adequately pled a violation of the FDCPA, that violation constitutes a per se violation of the CPA. While, Plaintiff recognizes that RCW 62A.3-540 is in direct conflict with the FDCPA, the per se violation should of the CPA should be upheld as RCW 62A.3-540 is preempted by the FDPCA.

**IV. Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety, or in the alternative grant leave to amend.

DATED this 8th day of December, 2014.

/s/ Kathleen S Box
Kathleen S. Box – WSBA # 45254
Attorney for Plaintiff
Northwest Consumer Law Center
520 E Denny Way
Seattle, WA 98122
E-mail: Katy@NWCLC.org
Phone: 206-805-0989

Samuel R Leonard –WSBA #46498
Attorney for Plaintiff
Robblee Detwiler and Black
2101 4th Ave Ste 1000
Seattle, WA 98121-2346
Email: sleonard@unionattorneysnw.com
Phone: 206-467-6700

David Leen
Attorney for Plaintiff
Leen and O'Sullivan
520 E Denny Way
Seattle, WA 98122

Case No.: 3:14-CV-05835-RJB
PLAINTIFF'S OPPPOSITION TO ALLIANCE
ONE'S MOTION TO DISMISS - 10



520 East Denny Way
Seattle, WA 98122
Tele: (206) 805-0989
Fax: (206) 299-9337

E-mail: David@LeenandOSullivan.com
Phone: 206-325-6022

**Certificate of Service**

I hereby certify that on the date given below, I electronically filed the foregoing OPPOSITION TO BANK OF ALLIANCE ONE'S MOTION TO DISMISS with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to the following persons:

    Elizabeth K Morrison
    Attorney for Defendant
    Email: EMorrison@GordonRees.com

    Jeffry Bilanko
    Attorney for Defendant
    Email: JBilanko@GordonRees.com

DATED this 8th day of December, 2014, at Seattle, Washington.

                                            /s/ Kathleen Box
                                            Kathleen Box
                                            Northwest Consumer Law Center

Case No.: 3:14-CV-05835-RJB
PLAINTIFF'S OPPPOSITION TO ALLIANCE
ONE'S MOTION TO DISMISS - 11


NW CONSUMER LAW CENTER
A Non-Profit Law Firm Advocating for Rights of the Consumer

520 East Denny Way
Seattle, WA 98122
Tele: (206) 805-0989
Fax: (206) 299-9337