HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARGARET L. DIBB, individually, and on behalf of others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC.<br><br>Defendant. | **NO. 3:14-CV-05835-RJB**<br><br>**ALLIANCEONE RECEIVABLES MANAGEMENT, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>**NOTE ON MOTION CALENDAR: March 13, 2015**<br><br>**ORAL ARGUMENT REQUESTED** |

### I.   Introduction & Relief Requested

AllianceOne Receivables Management, Inc. ("ARMI") respectfully requests this Court dismiss Plaintiff Margaret L. Dibb's ("Plaintiff") Fair Debt Collection Practices Act[1] ("FDCPA") claims because they were filed well after the one-year statute of limitations expired.

Plaintiff alleges that ARMI violated the FDCPA (15 USC 1692e(4), 1692e(7) and 1692f(8)) when it sent her a Notice of Dishonor ("NOD") letter on September 25, 2012. The NOD letter was sent to Plaintiff's home address and contained a certification under penalty of perjury that it was mailed on September 25, 2012. Plaintiff claims that she did not receive the

---

[1] 15 U.S.C. §1692 et seq.

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.'S
MOTION FOR SUMMARY JUDGMENT
(3:14-CV-05835-RJB)
PAGE -1

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

NOD letter until September 15, 2014. Plaintiff filed the Complaint in the instant action on October 20, 2014.

FDCPA claims must be brought within one-year from the date the violation occurred. Even if this Court applies the "discovery rule" to Plaintiff's claims, the statute of limitations expired on September 28, 2013. Plaintiff knew or should have known of her potential claim shortly after ARMI sent her the NOD letter on September 25, 2012. Under the "mailbox rule" Plaintiff is presumed to have received the NOD three days after it was mailed and this presumption cannot be rebutted by Plaintiff's own self-serving statement that she did not receive the NOD letter.

Moreover, the Court need not apply the "discovery rule" to Plaintiff's claim. The plain language of the FDCPA provides that actions may be brought "within one year from the date on which the violation occurs."[2] Every violation alleged by Plaintiff stems from the NOD letter. For FDCPA violations of this ilk, it is universally accepted that the violation occurs when the NOD letter is mailed.

The application of the "discovery rule" to FDCPA violations is a matter of debate amongst the various Circuit Courts. The Ninth Circuit has previously applied a general "discovery rule" to an FDCPA claim in *Mangum v. Action Collection Service, Inc.*[3] However, that decision involved a different type of FDCPA violation than is at issue in the instant action and even the rationale for the application of a "discovery rule" is inapplicable to Plaintiff's claims.

This Court should decline to apply a general "discovery rule" to Plaintiff's FDCPA claim against ARMI. However, even if the Court does so, the undisputed facts establish that Plaintiff knew or should have known about her claim on or about September 28, 2012. Plaintiff's

---

[2] 15 U.S.C. 1692k(d).
[3] 575 F. 3d 935, 2009 U.S. App. LEXIS 17281 (9th Cir. 2009).

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.'S
MOTION FOR SUMMARY JUDGMENT
(3:14-CV-05835-RJB)
PAGE -2

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822


1  October 20, 2014 Complaint was filed after the statute of limitations for FDCPA claims had
2  lapsed and Plaintiff's claims should be dismissed.  Since Plaintiff's Consumer Protection Act
3  claims are based on her FDCPA claims, they should also be dismissed.

## II.    Relevant Facts

Plaintiff visited the Department of Licensing ("DOL") to purchase tabs for her vehicle on May 16, 2012.[4]  To pay for her tabs, Plaintiff wrote a personal check for $90.25 and post-dated it for May 21, 2012.[5]  Plaintiff's check was negotiated and dishonored for insufficient funds on May 21, 2012.[6]  On May 30, 2012, the DOL sent Plaintiff a letter regarding the dishonored check that notified Plaintiff that failure to pay the debt within thirty calendar days would result in cancellation of her vehicle registration.[7]  The DOL's letter also notified Plaintiff that the matter would be assigned to a collection agency if she failed to pay.[8]  The letter was sent to Plaintiff's home address: 9130 SW Cemetery Road, Vashon, WA 98070.[9]  The letter contained a certification that it was served on Plaintiff by mailing on May 30, 2012.[10]  Plaintiff claims she never received the DOL's letter.[11]

On September 24, 2012, the DOL referred Plaintiff's debt to ARMI.[12]  On September 25, 2012, ARMI's off-site letter vendor sent Plaintiff the NOD to Plaintiff's home address at "9130 SW Cemetery Road, Vashon, WA 98070."[13]  The NOD was sent in accordance with ARMI's mail customs and procedures and contained a certification that it was mailed on September 25, 2012.[14]  Plaintiff claims that she did not receive this letter either.

---

[4] Declaration of Kara Collett ("Collett Decl."), ¶4, Exhibits B and C; *see also* Plaintiff's Class Action Complaint (Dkt. #1)(the "Complaint") at ¶8.
[5] Collett Decl., ¶4, Exhibits B and C; *see also* Complaint at ¶8.
[6] Collett Decl. ¶4, Exhibit C.
[7] *Id.* at ¶4, Exhibit B.
[8] *Id.*
[9] *Id.*; Complaint ¶16.
[10] Collett Decl. ¶4, Exhibit B.
[11] *See* Complaint ¶9.
[12] Collett Decl. ¶3, Exhibit A.
[13] *Id.* at ¶7, Exhibit D; Complaint ¶16..
[14] Collett Decl. ¶¶6-7.

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.'S
MOTION FOR SUMMARY JUDGMENT
(3:14-CV-05835-RJB)
PAGE -3

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Between November 3, 2012, and April 4, 2013, ARMI attempted to contact Plaintiff at the telephone number she wrote on her check.[15] On May 29, 2013, ARMI filed suit against Plaintiff in King County.[16]

On July 10, 2013, Plaintiff went to the DOL to renew her vehicle tabs and allegedly learned for the first time that her check from the previous year had been dishonored.[17] Plaintiff was also informed at that time that the matter had been sent to ARMI for collection and that she had to pay the amount of the check plus interest before renewing her tabs.[18] That same day Plaintiff called ARMI to pay her debt.[19] ARMI advised Plaintiff of the account balance of $435.88 and notified her of the pending lawsuit.[20] Plaintiff indicated that she had not yet been served with the lawsuit, refused to pay the amount owed, and insisted on only paying $98.77.[21] ARMI advised Plaintiff that this payment was insufficient to bring her account current.[22]

ARMI served Plaintiff with the debt collection complaint on October 24, 2013, and subsequently filed a motion for summary judgment on September 15, 2014, which included the NOD letter as an exhibit.[23] Plaintiff claims that ARMI's summary judgment filing is the first time she received the NOD.[24] Plaintiff filed the instant action a month later, on October 20, 2014.

### III.   Statement of Issues

(1) Applying a general "discovery rule" to Plaintiff's FDCPA claim, when did Plaintiff know, or in the exercise of due diligence should she have discovered her potential FDCPA claim against ARMI?

---

[15] Declaration of Todd Moore ("Moore Decl.) ¶4, Exhibit A.
[16] Moore Decl. ¶5.
[17] Moore Decl. ¶8, Exhibit B at 4:10-11; Complaint ¶9.
[18] Complaint ¶¶9-10.
[19] Complaint ¶11; Moore Decl. ¶4, Exhibit A, and ¶6.
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] Complaint ¶¶13, 15, 17.
[24] Complaint ¶17.

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.'S
MOTION FOR SUMMARY JUDGMENT
(3:14-CV-05835-RJB)
PAGE -4

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

(2) Is a general "discovery rule" applicable to toll the one-year statute of limitations on Plaintiff's FDCPA claim?

## IV. Evidence Relied Upon

ARMI relies on the Declaration of Kara Collett, and all exhibits attached thereto; the Declaration of Todd Moore, and all exhibits attached thereto; as well as all pleadings and documents on file with the Court in this matter.

## V. Arguments and Authority

### A. Summary Judgment Standard

Summary judgment is proper only if the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[25] The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim in the case on which the non-moving party has the burden of proof.[26] There is no genuine issue of fact for trial where the record could not lead a rational trier of fact to find for the non-moving party.[27]

### B. Applying the "Discovery Rule" to Plaintiff's FDCPA Claim, Plaintiff Knew or Should Have Known of Her Potential FDCPA Claim On September 28, 2012

A discovery rule commences a cause of action when a claimant discovers, or in the exercise of due diligence should have discovered, the facts giving rise to a cause of action. Even if this Court applies a general discovery rule, Plaintiff's claims are still time barred because Plaintiff knew or should have known about the violation on the date she is presumed to have received the NOD, on or about September 28, 2012.

---

[25] Fed. R. Civ. P. 56(c).
[26] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).
[27] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 160 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.'S
MOTION FOR SUMMARY JUDGMENT
(3:14-CV-05835-RJB)
PAGE -5

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1. <u>Mailbox Rule Creates A Presumption that Plaintiff Received the NOD on September 28, 2012.</u>

The "mailbox rule" is a long-established principle which presumes that, upon a showing of predicate facts that a communication was sent, the communication reached its destination in regular time.[28] Ninth Circuit courts, and courts in other jurisdictions, have applied the mailbox rule to FDCPA communications when the issue of receipt is disputed.[29] Most courts, including the United States Supreme Court and the Ninth Circuit courts, have presumed receipt three-days after a communication is mailed citing Fed. R. Civ. P. 6(d) as the rationale.[30]

Under the mailbox rule, a defendant:

> need not prove actual receipt of the [mailed document]; rather, proof of receipt "may be accomplished by presenting circumstantial evidence, including evidence of customary mailing practices used in the sender's business."[31]

A sworn statement that a defendant mailed the communication is sufficient proof to presume receipt.[32] The affiant need only have personal knowledge regarding the procedures in place at the time of the mailing; personal knowledge of the letter's mailing is not required.[33] A party opposing receipt must present something more than self-serving allegations or statements, particularly when they are wholly insubstantial or contradicted by evidence.[34] "Plaintiff cannot rebut the presumption simply by claiming that [s]he did not receive the letter."[35]

---

[28] *Payan v. Aramark Mgmt. Servs. L.P*., 495 F.3d 1119, 1120, (9th Cir. 2007); *see also Rosenthal v. Walker*, 111 U.S. 185, 193, 4. S. Ct. 382, 28 L. Ed. 395 (1884); *Hagner v. United* States, 285 U.S. 427, 430, 52 S. Ct. 417, 76 L. Ed. 861 (1932); *Anderson v. United States,* 966 F.2d 487, 491 (9th Cir. 1992); *Lewis v. United States*, 144 F.3d 1220, 1222, (9th Cir. 1998); *Schikore v. BankAmerica Supplemental Ret. Plan*, 269 F.3d 956, 961 (9th Cir. 2001).
[29] *Hadsell v. Cach, LLC,* 2014 U.S. Dist. LEXIS 16831 (S.D. Cal., Feb. 6, 2014)(mailbox rule applied); *see also Krawczyk v. Centurion Capital Corp.*, 2009 U.S. Dist. LEXIS 12204 (N.D. Ill., February 18, 2009)(applying mailbox rule to FDCPA debt communication); *Rogozinski v. SCO Fin. Sys.,* 2012 U.S. Dist. LEXIS 153894 (E.D. PA, October 25, 2012) (same);
[30] *Payan*, 495 F.3d at 1125 ("we adopt the three-day presumption."); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984).
[31] *Robertson v. J.C. Penney Co., Inc*., 484 F. Supp. 2d 561, 565 (S.D. Miss. 2007) (*quoting Marsh v. First USA Bank, N.A*., 103 F. Supp. 2d 909, 918 (N.D. Tex. 2000)).
[32] *Schikore v. BankAmerica Supp'l Ret't Plan*, 269 F.3d 956, 963-64 (9th Cir. 2001) (accepting a sworn statement that communication was mailed was sufficient to presume receipt).
[33] *Id.*
[34] *Laurino v. Syringa Gen. Hosp.,* 279 F.3d 750, 753 (9th Cir. 2002).
[35] *Krawczyk v. Centurion Capital Corp.*, 2009 U.S. Dist. LEXIS 12204 (N.D. Ill., February 18, 2009); *see also Id.*

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.'S
MOTION FOR SUMMARY JUDGMENT
(3:14-CV-05835-RJB)
PAGE -6

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Plaintiff's FDCPA claims are premised upon the NOD. Plaintiff does not dispute that the NOD was sent on September 25, 2012. Indeed, the NOD is certified, under penalty of perjury, that it was sent on September 25, 2012.[36] Further, it was sent in accordance with ARMI's mailing customs.[37] It was not returned as "undeliverable" or "rejected."[38]

The evidence supports the presumption that the NOD was sent on September 25, 2012, and was received by Plaintiff within a reasonable time, on or about September 28, 2012. Accordingly, Plaintiff knew or should have known about any alleged violation on or about September 28, 2012. Even under the discovery rule, the statute of limitations on Plaintiff's FDCPA claims expired on or about September 28, 2013, over one year before she filed her lawsuit.

2. <u>At the very latest, Plaintiff necessarily knew of her potential claims on July 10, 2013, when she spoke with ARMI.</u>

Under the discovery rule, when a claimant has notice of facts sufficient to prompt a person of average prudence to inquire, the claimant is deemed to have notice of all facts which a reasonable inquiry would disclose.[39] Even if this Court is not willing to apply the mailbox rule, Plaintiff knew or should have been aware of her potential claims when she spoke to ARMI on July 10, 2013, or shortly thereafter.

Plaintiff spoke with an ARMI representative about her debt on July 10, 2013, and was informed of the collection lawsuit pending against her to which she responded that she had not been served with the collection lawsuit.[40] At this time, Plaintiff was made aware of the collection action but made no request for any documents related to the collection of the debt. At the very least, in the exercise of due diligence, Plaintiff should have requested copies of any

---

[36] Collett Decl. ¶7, Exhibit D.
[37] Collett Decl. ¶6.
[38] Collett Decl. ¶¶6-7.
[39] *See TRW, Inc. v. Andrews*, 534 U.S. 19, 31, 122 S. Ct. 441, 151 L. Ed. 2d 339 (2001); *Garcia v. Brockway*, 526 F.3d 456, 466 (9th Cir., 2008); *Mangum v. Action Collection Service, Inc.*, 575 F.3d 935, 944 (9th Cir. 2009).
[40] Moore Decl. ¶4, Exhibit A, and ¶6.

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.'S
MOTION FOR SUMMARY JUDGMENT
(3:14-CV-05835-RJB)
PAGE -7

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

documents related to the debt which would have included the NOD from ARMI. Thus, the one-year statute of limitations on Plaintiff's FDCPA claims would have started on July 10, 2013, at the very latest, and expired on July 10, 2014.

### C. The "Discovery Rule" Does Not Apply to Plaintiff's FDCPA Claims

U.S.C. §1692k(d) provides the statute of limitations for FDCPA claims:

> [a]n action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, **within one year from the date on which the violation occurs**.[41]

It is important to note that the FDCPA specifically states that the statute of limitations runs from the date the violation occurs.[42] It is axiomatic that a determination of when the statute of limitations begins to run is necessarily dependent on when the violation occurred.

Determining when the violation occurred depends on the type of FDCPA violation alleged. There are a plethora of potential violations of the FDCPA ranging from sending a letter, to filing a lawsuit, to providing information to third parties. In this instant action, Plaintiff claims ARMI's NOD letter violated 15 U.S.C. §1692e(4) and (7) by including cautionary language and violated 15 U.S.C. §1692f(8) by including Plaintiff's internal ARMI account number in the address block, which Plaintiff alleges was visible outside the envelope.[43]

The various types of FDCPA violations raise different issues as to the triggering event for the statute of limitations. For instance, in *Naas v. Stolman*,[44] the alleged violation at issue was the filing of a lawsuit.[45] In that instance, this Circuit held the statute of limitations started when the complaint was filed rather than when it was served on the debtor, because the alleged violation was filing the lawsuit itself.[46] The Court of Appeals reasoned that this result was

---

[41] 15 U.S.C. 1692k(d)(emphasis added); *also see Naas v. Stolman*, 130 F. 3d 892, 893 (9th Cir. 1997); *Watkins v. Peterson Enterprises*, 57 F. Supp. 2d 1102, 1106 (E.D. Wash. 1999)(citing *Naas*).
[42] *Id.*
[43] Complaint ¶18, 19.
[44] 130 F.3d 892 (9th Cir. 1997).
[45] *Naas v. Stolman*, 130 F. 3d 892, 893 (9th Cir. 1997).
[46] *Id.* at 893.

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.'S
MOTION FOR SUMMARY JUDGMENT
(3:14-CV-05835-RJB)
PAGE -8

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

> Consistent with other circuit courts' interpretations of the [FDCPA] in which they have held in the **analogous** nonfiling situation that the [FDCPA]'s statute of limitations begins to run when a harassing collection letter is mailed. *Maloy v. Phillips,* 64 F.3d 607, 608 (11th Cir. 1995); *Mattson v. U.S. West Communications,* 967 F.2d 259, 261 (8th Cir. 1992). These courts reasoned that the purpose of the Act is to regulate the actions of debt collectors; **because the mailing date was the debt collector's 'last opportunity to comply with the [Act],… the mailing of the letters, therefore, triggered section 1692k(d)**. *Mattson*, 967 F.2d at 261`; *see Maloy*, 64 F.3d at 608. **In addition, "the date of mailing is a date which may be 'fixed by objective and visible standards,' one which is easy to determine, ascertainable by both parties, and may be easily applied."** *Mattson,* 967 F.2d at 261; *see Maloy*, 64 F.3d at 608.[47]

In *Mahon v. Credit Bureau, Inc.,*[48] the Ninth Circuit echoed this reasoning in the context of a debt validation notice by holding that a debt collector's only obligation under §1692g was to *send* the validation notice; it was not required to establish receipt by the debtor.[49] The *Mahon* Court further held that the statute of limitations arising out of §1692g letters accrues when the letter is sent.[50] Other courts, including some Ninth Circuit district courts, have applied this standard to other debt collection letters sent that allegedly violate the FDCPA.[51] The overarching rationale behind these opinions is that the statute of limitations runs from the debt collector's last opportunity to comply with the statute.[52] The Ninth Circuit approved this

---

[47] *Id.* at 893 (emphasis added).
[48] 171 F.3d 1191 (9th Cir. 1999).
[49] *Mahon v. Credit Bureau, Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999)(the plain language of the statute does not require validation notice be received by debtor, only that such notice be sent to the debtor).
[50] *Id.*; *see also Burgi v. Gurstel Law Firm, PA*, 2008 U.S. Dist. LEXIS 122823 (D.C. Minn. Sept. 24, 2008).
[51] *See Camacho v. Nat'l Credit Adjustment Agency*, 2007 U.S. Dist. LEXIS 16788, **5-6 (E.D. Wash., Mar. 8, 2007); *Morgovsky v. Creditors Collection Svc. of San Francisco*, 1995 U.S. Dist. LEXIS 7055, at *1-2 (N.D. Cal., May 16, 1995); *Maloy v. Phillips,* 64 F.3d 607, 608 (11th Cir. 1995); *Mattson v. U.S. West Communications, Inc.,* 967 F.2d 259, 261 (8th Cir. 1992); *Freyermuth v. Credit Bureau Servs., Inc.,* 248 F.3d 767, 770 (8th Cir. 2001); *Cohen v. Beachside Two-I Homeowners' Ass'n*, 2006 U.S. Dist. LEXIS 44978 (D.C. Minn., June 29, 2006) *aff'd as modified,* 272 Fed.Appx. 534 (8th Cir. 2008), *petition for cert. filed* (U.S. Aug. 20, 2008); *Weiner v. McCoon*, 2007 U.S. Dist. LEXIS 70450, (S.D. Cal., Sept. 24, 2007); *Akalwadi v. Risk Mgmt. Alts., Inc.*, 336 F. Supp. 2d 492, 501 (D. Md., 2004).
[52] *See, Mattson*, 967 F.2d at 261; *Maloy,* 64 F.3d at 608; *Weiner*, 2007 U.S. Dist. LEXIS 70450 at **13-14 (quoting *Mattson* with approval); *Mueller v. Barton*, 2014 U.S. Dist. LEXIS 127866 at *15 (E.D. MI., Sept. 12, 2014); *Freyermuth*, 248 F.3d at 770; *Whittiker v. Deutsche Bank Nat'l Trust Co.*, 605 F. Supp. 2d 914, 944 (6th Cir. 2009); *Young v. Ryan*, 2012 U.S. Dist. LEXIS 181629 at *15 (D.C. Md., Dec. 21, 2012).

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.'S
MOTION FOR SUMMARY JUDGMENT
(3:14-CV-05835-RJB)
PAGE -9

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

reasoning in *Naas v. Stolman*.[53] Moreover, as the Ninth Circuit Court of Appeals states, this rule yields a date which may be "fixed by objective and visible standards" and is easy to determine, easy to ascertain by both parties, and easy to apply.[54] This rule comports with Ninth Circuit precedent, the majority of federal authority, and the FDCPA's intent to regulate debt collectors' actions.[55]

Accordingly, the statute of limitations period for Plaintiff's claims arising out of the NOD began to run the date it was sent.[56] The evidence and Plaintiff's Complaint both establish that ARMI sent the NOD to Plaintiff's address on September 25, 2012.[57] Moreover, the NOD is certified, under penalty of perjury, that it was mailed on September 25, 2012.[58] Accordingly, the statute of limitations on FDCPA claims arising out of the NOD letter accrued on September 25, 2012, and expired on September 25, 2013.

1. <u>General Discovery Rule is Contrary to the Plain Language of §1692k(d).</u>

It is a "cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'"[59] In fact, Courts "do not have authority to 'interpret a [statutory] provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous.'"[60] Rather, it is a Court's duty "'to give effect, if possible, to every clause and word of a statute.'"[61] The United States Supreme Court does not endorse the notion that

---

[53] *Naas*, 130 F.3d at 893 (citing *Mattson, supra* and *Maloy, supra*, with approval for notion that statute of limitations runs from debt collector's last opportunity to comply with FDCPA); *see also Camacho*, 2007 U.S. Dist. LEXIS 16788 at **5-6; *Morgovsky*, 1995 U.S. Dist. LEXIS 7055 at **1-2.
[54] *Mahon*, 171 F.3d at 1201; *see also Mattson*, 967 F.2d at 261; *Young*, 2012 U.S. Dist. LEXIS 181629 at*15.
[55] *See Mahon*, 171 F.3d at 1201.
[56] *Mahon,* 171 F.3d at 1201.
[57] Collett Decl. ¶¶6-7.
[58] Collett Decl. ¶7.
[59] *TRW, Inc. v. Andrews*, 534 U.S. 19, 31, 122 S. Ct. 441, 151 L. Ed. 2d 339 (2001)(*quoting Duncan v. Walker*, 533 U.S. 167, , 121 S. Ct. 2120, 2125, 150 L. Ed. 2d 251 (2001)).
[60] *Garcia v. Brockway*, 526 F. 3d 456, 466 (9th Cir., 2008)(*quoting Boise Cascade Corp. v. EPA*, 942 F.2d 1427, 1432 (9th Cir. 1991).
[61] *United States v. Menasche,* 348 U.S. 528, 538-39, 75 S. Ct. 513, 99 L. Ed. 615 (1955)(*quoting Montclair v. Ramsdell*, 107 U.S. 147, 152, 2 S. Ct. 391, 27 L. Ed. 431 (1883)).

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.'S
MOTION FOR SUMMARY JUDGMENT
(3:14-CV-05835-RJB)
PAGE -10

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Congress can convey its refusal to adopt a discovery rule only by explicit command, rather than by implication from the structure or text of the particular statute.[62]

Certain federal statutes are written in a way that starts the statute of limitations period on the date of "discovery of the facts constituting the violation," like the Securities Exchange Act of 1934.[63] Other statutes commence the statute of limitations period on the date that the "claim accrued," like the Copyright Act of 1976.[64] In such cases, applying a discovery rule does not contradict the plain language of the statute.[65] In fact, the United States Supreme Court has held that statutes, like 15 U.S.C. §1692k(d), that *specifically* key the start of the limitations period to the date the violation occurred, *plainly establish* that Congress did not intend for the discovery rule to apply.[66]

Here, the plain language of 15 U.S.C. §1692k(d) specifically states that the statute of limitations on FDCPA claims is triggered on the date the violation occurs.[67] This language stands in contrast to statutes that either explicitly provide for a discovery rule or at least delay the start of the statute of limitations until a plaintiff discovers their claim. Based on the express wording of the statue, Congress plainly intended for the statute of limitations to begin on the date the violation occurred, not the date that it was discovered.[68]

2. <u>United States Supreme Court disapproves applying a general discovery rule to a statute where Congress has expressly provided a date triggering a statute of limitations.</u>

The United States Supreme Court in *TRW, Inc. v. Andrews*,[69] addressed the Ninth

---

[62] *TRW, Inc.*, 534 U.S. at 27-28.
[63] 15 U.S.C. §78i(f).
[64] 17 U.S.C. §507(b).
[65] *See Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 364, 111 S. Ct. 2773, 115 L. Ed. 2d 321 (1991)(applying discovery rule to Securities Exchange Act); *Psihoyos v. John Wiley & Sons, Inc.,* 748 F.3d 120, 124 (2nd Cir. 2014)(applying the discovery rule to Copyright Act).
[66] *See TRW, Inc.*, 534 U.S. at 32-33.
[67] 15 U.S.C. 1692k(d).
[68] *See TRW, Inc.,* 534 U.S. at 32-33; *see also Garcia, supra; Mangum v. Action Collection Service, Inc.*, 575 F.3d 935, 944-945 (2-1 decision)(O'Scannlain, D., concurring).
[69] 534 U.S. 19, 122 S. Ct. 441 (2001),

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.'S
MOTION FOR SUMMARY JUDGMENT
(3:14-CV-05835-RJB)
PAGE -11

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Circuit's application of a general discovery rule to a claim under the Fair Credit Reporting Act ("FCRA"). The FCRA (15 U.S.C. §1681p) provides a two year statute of limitations to bring claims from the date upon which "liability arises."[70] The FCRA further creates a limited "discovery rule" exception for claims arising under the act in the instances where a defendant "materially and willfully misrepresented any information required under [the Act] to be disclosed.["][71]

In *TRW, Inc. v. Andrews*, The plaintiff's claim did not fall within the "discovery rule" exception. Despite this, the Ninth Circuit Court of Appeals incorporated a general discovery rule into the FCRA and held that plaintiff's claims were timely. Upon review, the United States Supreme Court reversed the Ninth Circuit's decision.

> The Court of Appeals rested its decision on the premise that all federal statutes of limitations, regardless of context, incorporate a general discovery rule "unless Congress has expressly legislated otherwise." 225 F.3d at 1067. To the extent such a presumption exists… the Ninth Circuit conspicuously overstated its scope and force.[72]

Eight years later, the Ninth Circuit Court of Appeals again applied a general discovery rule to an FDCPA claim when the statute clearly expresses a Congressional intent otherwise. Despite the U.S. Supreme Court's ruling in *TRW, Inc. v. Andrews*, the Ninth Circuit applied a general discovery rule in *Mangum v. Action Collection Service, Inc.*[73] The *Mangum* decision not only conflicts with the prior U.S. Supreme Court decision, it also conflicts with an earlier ruling from the Ninth Circuit in *Garcia v. Brockway*.[74] Although Justice O'Scannlain ultimately agrees with the majority opinion in *Mangum*, he notes in his concurring opinion that "[the application of a general discovery rule]" cannot be squared with the plain language of the statute… By

---

[70] 15 U.S.C. 1681p.
[71] *Id*.
[72] *TRW, Inc. v. Andrews*, 534 U.S. 19, 27; 122 S. Ct. 441 (2001).
[73] 575 F.3d 935 (2009)
[74] 526 F.3d 456 (9th Cir. 2008) (en banc).

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.'S
MOTION FOR SUMMARY JUDGMENT
(3:14-CV-05835-RJB)
PAGE -12

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

applying the discovery rule in the face of unequivocal statutory language to the contrary, Part A conflicts with our en banc decision in *Garcia v. Brockway*, 526 F.3d 456 (9th Cir. 2008) (en banc)."[75]

### 3. *Mangum* does not mandate application of the discovery rule in this case.

Prior to the United States Supreme Court's decision in *TRW, Inc. v. Andrews*, the Ninth Circuit maintained that "all federal statutes of limitations, regardless of context, incorporate a general discovery rule 'unless Congress has expressly legislated otherwise.'"[76] The United States Supreme Court struck down this practice, stating that a general discovery rule presumption is not applicable across all contexts and expressing its disapproval for applying a discovery accrual rule when a statute was silent on the issue.[77]

Specifically, the Supreme Court indicated that equity only tolls the statute of limitations in certain cases of fraud or concealment, latent disease, or medical malpractice.[78] In Justice Scalia's concurring opinion, he explained that the Court made exceptions in these contexts because the Court could not imagine that legislation would be so inhumane as to bar recovery for latent medical injuries.[79] Further, each of these injuries (fraud, latent disease and medical malpractice) are such that a plaintiff, through no fault of their own, may not know of the injury the moment it occurs. The Supreme Court held that suspending the statute of limitations should be limited to these types of cases:

> [t]he cases in which the statute of limitations may be suspended by causes not mentioned in the statute itself are very limited in character, and are to

---

[75] *Mangum v. Action Collection Service, Inc.*, 575 F.3d 935, 944 (9th Cir. 2009).
[76] *TRW, Inc.*, 534 U.S. at 27 (*quoting Andrews v. TRW, Inc.*, 225 F.3d 1063, 1067 (9th Cir. 2000) *rev'd* 534 U.S. 19, 122 S. Ct. 441, 151 L. Ed. 2d 339 (2001)).
[77] *TRW, Inc.*, 534 U.S. at 27, 33; *see also Mangum v. Action Collection Service, Inc.*, 575 F.3d 935, 940-41 (9th Cir. 2009)(Ninth Circuit erred in holding that a general discovery rule applied).
[78] *See, e.g., Bailey v. Glover*, 88 U.S. 342, 21 Wall. 342, 347-350, 22 L. Ed. 636 (1875)(historical exception for suits based on fraud); *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S. Ct. 582, 90 L. Ed. 743 (1946)(same); *Urie v. Thompson*, 337 U.S. 163, 169-171, 69 S. Ct. 1018, 93 L. Ed. 1282 (1949)(Federal Employers' Liability Act exemption for latent medical injuries); *Rotella v. Wood*, 528 U.S. 549, 555, 120 S. Ct. 1075, 145 L. Ed. 2d 1047 (2000)(exception for medical malpractice suits).
[79] *TRW, Inc.*, 534 U.S. at 37-38 (9-0 decision)(Scalia, J. and Thomas, J. concurring).

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.'S
MOTION FOR SUMMARY JUDGMENT
(3:14-CV-05835-RJB)
PAGE -13

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

be admitted with great caution; otherwise, the court would make the law instead of administering it.[80]

Eight years after the Supreme Court's decision in *TRW, Inc v. Andrews,* the Ninth Circuit followed the Supreme Court's pattern and tolled the FDCPA statute of limitations for Camarie Mangum.[81] In that case, Mangum's name was on a list posted at a store of individuals from whom checks would no longer be accepted.[82] Mangum's boss, the Chief of Police, saw Mangum's name and initiated an internal investigation to determine whether Mangum was engaging in conduct that violated department moral conduct policies.[83] As part of the investigation, on December 8, 2004, Bonneville, the collection agency, provided the police with copies of insufficient-fund checks written by Mangum.[84] Mangum did not learn about Bonneville's production of the checks until she met with her Captain on December 15, 2004.[85] Mangum filed suit against, *inter alia,* Bonneville on December 14, 2005, alleging it violated the §§1692c and 1692d by unlawfully communicating with her employer and a retail store.[86] Bonneville moved to dismiss Mangum's claims based on the statute of limitations expiring days before Mangum filed her suit.[87]

The Ninth Circuit held that, "in cases like this," the discovery rule applied.[88] Notably, the violation at issue in *Mangum* was the collection agency's communication with her employer and the retail store. The very nature of the alleged violation suggested that Mangum, through no fault of her own, may not have known of the violation on the date it occurred. Indeed, the Ninth Circuit reasoned that the nature of these violations was such that Mangum could not have

---

[80] *Id*. at 38 (*quoting Amy v. Watertown (No.2),* 130 U.S. 320, 323-324, 9 S. Ct. 537, 32 L. Ed. 953 (1889)).
[81] *Mangum,* 575 F.3d 935.
[82] *Mangum,* 575 F.3d at 937.
[83] *Mangum,* 575 F.3d at 937.
[84] *Mangum,* 575 F.3d at 938.
[85] *Mangum,* 575 F.3d at 938.
[86] *See, Mangum,* 575 F.3d at 938; *Mangum v. Action Collection Serv.*, 2007 U.S. Dist. LEXIS 48673, *4 (D.C. Idaho, July 3, 2007).
[87] *Mangum,* 575 F.3d at 938.
[88] *Mangum,* 575 F.3d at 938.

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.'S
MOTION FOR SUMMARY JUDGMENT
(3:14-CV-05835-RJB)
PAGE -14

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

discovered the communications until she spoke with her Captain on December 14, 2004.[89] Pursuant to the equitable principles discussed by the Supreme Court in *TRW, Inc. v. Andrews,* the Ninth Circuit thus applied a discovery rule and tolled Mangum's statute of limitations for these violations.

This stands in stark contrast to the facts of this case. Here, Plaintiff is alleging violations of §§1692e and §1692f, which she alleges arose out of the NOD ARMI sent her on September 25, 2012. Unlike the violations at issue in *Mangum*, the violations here involve a communication between ARMI and Plaintiff. Necessarily, it follows that Plaintiff knew or could have known of the violations within one-year of the date that the alleged violation occurred. Indeed, Plaintiff does not dispute that ARMI *sent* her the NOD on September 25, 2012. Rather, Plaintiff claims that she did not *receive* it. Coincidentally, Plaintiff also claims she did not receive the DOL's certified letter sent to her on May 30, 2012. Yet, remarkably, Plaintiff was able to receive a letter from Social Security Administration on November 5, 2013.[90] This is particularly curious since all three letters were sent to the same address.

The facts of this case do not "call out" for the application of the discovery rule. This is not a case of fraud, latent disease, or medical malpractice. This is not a case involving FDCPA violations that, by their very nature, Plaintiff may not have discovered at the time they occurred. This is not a case where Plaintiff, through no fault of her own, could not have known about the violation when it occurred. Indeed, Plaintiff should have known when she presumably received the NOD shortly after it was mailed by ARMI. At the very latest, Plaintiff knew on July 10, 2013 when she spoke with ARMI about her debt, ARMI's debt collection efforts, and ARMI's lawsuit against her. This is a case of willful ignorance where Plaintiff merely sat on her laches

---

[89] *See, Mangum*, 575 F.3d at 941.
[90] Moore Decl. ¶9, Exhibit C.

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.'S
MOTION FOR SUMMARY JUDGMENT
(3:14-CV-05835-RJB)
PAGE -15

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

and failed to file her suit until the statute of limitations had long expired - over a year after the alleged violation.

### VI. Conclusion

Plaintiff's FDCPA claims arise out of the NOD letter that was sent September 25, 2012. Pursuant to the plain language of 15 U.S.C. §1692k(d), Plaintiff's claims expired a year after the letter was sent. Even applying the discovery rule, her claims expired, at the latest, on July 10, 2014. Plaintiff failed to file her lawsuit until October 20, 2014, well after her claims had expired. Thus, Plaintiff's FDCPA claims against ARMI should be dismissed. Plaintiff's CPA claims should also be dismissed since they are premised upon Plaintiff's FDCPA claims.

Dated: February 19, 2015   GORDON & REES LLP

By:   *s/ Jeffrey E. Bilanko*
Jeffrey E. Bilanko, WSBA #38829
Elizabeth K. Morrison, WSBA #43042
701 5th Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100
Fax: (206) 698-2822
jbilanko@gordonrees.com
emorrison@gordonrees.com
Attorneys for Defendant AllianceOne
Receivables Management, Inc.

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.'S
MOTION FOR SUMMARY JUDGMENT
(3:14-CV-05835-RJB)
PAGE -16

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

CERTIFICATE OF SERVICE

I hereby declare, under penalty of perjury under the laws of the State of Washington, that on this 19th, day of February, 2015, I caused a true and correct copy of the foregoing document to be served via CM/ECF system on:

| | |
|---|---|
| Samuel R. Leonard<br>Robblee Detwiler & Black<br>2101 Fourth Avenue, Suite 1000<br>Seattle, WA 98121-2392<br>Tel: (206) 467-6700<br>  Email: sleaonard@unionattorneysnw.com | David A. Lean<br>Leen and O'Sullivan, PLLC<br>520 E Denny<br>Seattle, WA 98122<br>Tel: (206) 325-6022<br>Fax: (206) 325-1424<br>Email: david@leenandosullivan.com |
| Kathleen S. Box<br>Northwest Consumer Law Center<br>520 E Denny<br>Seattle, WA 98122<br>Tel: (206) 805-0989<br>Email: katy@nwclc.org | Paul Arons<br>Law Office of Paul Arons<br>685 Spring Street, #104<br>Friday Harbor, WA 98250<br>Tel: (360) 378-6496<br>Fax: (360) 378-6498<br>Email: lopa@rockisland.com |

*s/Malana S. Che*
Malana S. Che, Paralegal

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.'S
MOTION FOR SUMMARY JUDGMENT
(3:14-CV-05835-RJB)
PAGE -17

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1101231/22378582v.1