UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARGARET L. DIBB, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,<br><br>Defendant. | CASE NO. 14-5835 RJB<br><br>ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' MOTION FOR APPROVAL TO AMEND COMPLAINT |

This matter comes before the Court on Plaintiff's motion to strike (Dkt. 27), Defendant AllianceOne Receivables Management, Inc.'s ("AllianceOne") Motion for Summary Judgment (Dkt. 18), and Plaintiff's Motion for Approval to Amend Complaint (Dkt. 29). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

Plaintiff Margaret Dibb filed this putative class action on October 10, 2014, seeking relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et.seq*. ("FDCPA") and the Washington State Consumer Protection Act, RCW 19.86, *et seq*. ("CPA") in connection with

1  Defendant's attempts to collect a debt arising from a returned check written to a state agency for

2  license plates and tabs.  Dkt. 1.

3      Defendant moves to summarily dismiss representative Plaintiff Dibb's FDCPA claim,

4  arguing that it was filed well after the one-year statute of limitations expired.  Dkt. 18.  It also

5  moves to dismiss her CPA claim, arguing that because it is based on her FDCPA claim, it fails.

6  *Id.*  Plaintiff moves to strike certain portions of a declaration Defendant offered in support of its

7  motion.  Dkt. 27.  Plaintiff also filed a motion for leave to amend the Complaint.  Dkt. 29.  The

8  motion seeks to add a named Plaintiff, add a claim, and clarify the Complaint.  Dkt. 29.  For the

9  reasons stated below, the Plaintiff's motion to strike should be granted, in part, and denied, in

10  part, Defendant's motion for summary judgment should be denied, and Plaintiff's motion to

11  amend the complaint should be granted.

12                    **I.**      **FACTS**

13      Plaintiff Dibb moved from Oregon to Vashon Island, Washington in 2012.  Dkt. 25, at 2.

14  She purchased license plates and tabs for her vehicle from the Washington State Department of

15  Licensing ("DOL") using a personal check in the amount of $90.25.  *Id.*, at 2.

16      Around July 10, 2013, Ms. Dibb returned to DOL to renew her tabs, and was informed that

17  her check from the previous year had been returned for insufficient funds.  *Id.*  She was further

18  informed that the debt had been sent to a collection agency, the Defendant here, and that she

19  would need to contact the Defendant and pay the amount of the check plus interest before she

20  could renew her tabs.  *Id.*  Ms. Dibb states that she was unaware that her check had been returned

21  or that her account had been sent to Defendant.  *Id.*

22      Ms. Dibb contacted Defendant, and was told that she owed $98.77 (which included the

23  dishonored check and interest) and additional fees because the matter had been sent to their

24

ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND PLAINTIFFS'
MOTION FOR APPROVAL TO AMEND
COMPLAINT- 2

1    attorneys. *Id.* She asserts that Defendant refused to give her contact information for those

2    attorneys. *Id.,* at 3. Ms. Dibb states that she called Defendant multiple times that day, trying to

3    speak with their attorneys, all along disputing that she owed anything over the $98.77. *Id.* at 3-4.

4    She states that during one of those calls, she told them that she would pay the $98.77, "stressing

5    [her] contention that this was [her] debt in full." *Id.*, at 4. She paid the $98.77, and states that

6    she told Defendant to send her an email receipt, and Defendant did so. *Id.* Ms. Dibb returned to

7    DOL and renewed her car tabs. *Id.*

8       On October 24, 2014, Ms. Dibb was served with a complaint filed against her by Defendant

9    on May 29, 2013 in King County District Court in Issaquah Washington, case number 133-

10    15386. *Id.* She states she "was shocked" to receive the complaint because she "was under the

11    assumption during all this time that [her] message had been conveyed to the legal counsel and

12    that they realized that there was nothing to collect." *Id.* Ms. Dibbs contends that after she paid

13    Defendant the $98.77 in July 2013, she was not contacted either by mail or email until service of

14    the King County District Court complaint. *Id.*

15       According to the Complaint in this case, Defendant filed a motion for summary judgment in

16    the King County District Court case and maintained that it was owed $710.93. Dkt. 1, at 3-4. In

17    that motion, Defendant asserted that it sent Ms. Dibb a Notice of Dishonor of Check letter

18    ("NOD"), dated September 25, 2012. Dkt. 1*,* at 4. Ms. Dibb asserts that she did not receive the

19    NOD until the Defendant filed its motion for summary judgment in state court. Dkt. 25, at 4.

20       According to the Complaint, the NOD read:

21            You are also CAUTIONED that law enforcement agencies may be provided
              with a copy of this notice of dishonor and the check drawn by you for the
22            possibility of proceeding with criminal charges if you do not pay the amount
              of this check within thirty days after the date this letter is postmarked.

23

24

ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND PLAINTIFFS'
MOTION FOR APPROVAL TO AMEND
COMPLAINT- 3

1   Dkt. 1.  According to the Complaint, the NOD's envelope had a clear "glassine window" address

2   block in the lower left hand corner.  *Id.*  Ms. Dibb's account number with Defendant was visible.

3   *Id.*

4        Ms. Dibb makes claims on behalf of herself and others similarly situated under the

5   FDCPA based on the NOD's statements regarding criminal prosecution and the NOD's

6   envelope's design which permitted her account number to be visible. Dkt. 1.  Ms. Dibb alleges

7   that the FDCPA violations constitute per se violations of the CPA, and so asserts that claim on

8   behalf of herself and the class as well.  *Id.*  No motion for certification of the class has been filed.

9        On December 16, 2014, Defendant's motion to dismiss Plaintiff's claims (Dkt. 9) was

10  denied because Plaintiff's debts are covered under the FDCPA and Plaintiff sufficiently plead

11  plausible CPA claims.  Dkt. 12.

12       The Court should first consider the Plaintiff's motion to strike, then the Defendant's

13  motion for summary judgment and then the Plaintiff's motion to amend the complaint.

14                       **II.      DISCUSSION**

15  **A.  MOTION TO STRIKE**

16       Plaintiff moves to strike Kara Collett's Declaration, paragraphs six and seven (Dkt. 19).  Dkt.

17  27.  In those paragraphs, Kara Collett, Defendant's "in-house System Applications Analyst,"

18  states that Defendant's NODs are "computer generated by an off-site letter vendor's program

19  which utilizes the debtor's account information sent from [Defendant's] data base." Dkt. 19, at

20  2.  According to her, the letters are then transferred to Defendant's off-site letter vendor.  *Id.*  She

21  asserts that "[b]efore they are deposited in the mail, each letter is certified, under the penalty of

22  perjury, by the off-site vendor's employee who is mailing the letter."  *Id.,* at 2-3.  As to this case,

23  Ms. Collett states that:

24

ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND PLAINTIFFS'
MOTION FOR APPROVAL TO AMEND
COMPLAINT- 4

> On September 25, 2012, the day after the [DOL] assigned its claims to
> [Defendant], [Defendant] caused a [NOD] letter to be sent to Ms. Dibb.  The letter
> was sent by [Defendant's] off-site letter vendor pursuant to and in accordance
> with [Defendant's] mailing customs and procedures.  [Defendant's] off-site letter
> vendor sent the letter to the address [Defendant] had on file for Ms. Dibb, which
> matched the address Ms. Dibb hand-wrote on her check. . . According to
> [Defendant's] records, Ms. Dibb's [NOD] letter was never returned as
> "undeliverable" or "rejected."

Dkt. 19, at 3.

Although filed as a separate motion, and not in strict accord with the Western District of

Washington Civil Rule 7(g), which provides motions to strike should be made within the

response and not as a separate motion, Plaintiff's motion should be granted.  Plaintiff properly

points out that Ms. Collett has no personal knowledge of the facts contained in those paragraphs.

She discusses actions allegedly taken by one of Defendant's vendors.  For the purposes of this

motion, those paragraphs should be stricken.

Plaintiff further moves to strike Exhibit C to Ms. Collett's Declaration.  Dkt. 27.  Exhibit C

purportedly is a copy of the returned check at issue.  Dkt 19, at 9-13.  To the extent that she

intended to move to strike Exhibit C, the motion should be denied.

In her motion, Plaintiff then goes on to discuss Exhibit D to Ms. Collett's Declaration.  Dkt.

27.  Exhibit D purports to be a copy of the NOD letter sent to Ms. Dibbs.  Dkt. 19, at 13.  For

purposes of this motion alone, the motion to strike should be denied.

**B. MOTION FOR SUMMARY DISMISSAL OF THE CLAIMS OF PLAINTIFF
DIBB**

1.  <u>Summary Judgment Motion Standard</u>

Summary judgment is proper only if the pleadings, the discovery and disclosure materials

on file, and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The moving party is

1    entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

2    showing on an essential element of a claim in the case on which the nonmoving party has the

3    burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue

4    of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

5    for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

6    (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

7    metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a

8    material fact exists if there is sufficient evidence supporting the claimed factual dispute,

9    requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty*

10   *Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

11   *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

12        The determination of the existence of a material fact is often a close question.  The court

13   must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

14   e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, *T.W. Elect.*

15   *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor

16   of the nonmoving party only when the facts specifically attested by that party contradict facts

17   specifically attested by the moving party.  The nonmoving party may not merely state that it will

18   discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

19   to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

20   Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not

21   be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

22        2.  FDCPA  - Statute of Limitations

23

24
     ORDER ON DEFENDANT'S MOTION FOR
     SUMMARY JUDGMENT AND PLAINTIFFS'
     MOTION FOR APPROVAL TO AMEND
     COMPLAINT- 6

1    "The FDCPA was enacted as a broad remedial statute designed to 'eliminate abusive debt

2    collection practices by debt collectors, to insure that those debt collectors who refrain from using

3    abusive debt collection practices are not competitively disadvantaged, and to promote consistent

4    State action to protect consumers against debt collection abuses.'" *Gonzales v. Arrow Fin. Servs.,*

5    *LLC*, 660 F.3d 1055, 1060 (9th Cir. 2011)(*quoting* 15 U.S.C. § 1692(e)). The FDCPA provides

6    that claims must be filed "within one year from the date on which the violation occurs." 15

7    U.S.C. § 1692k(d).  Due to the remedial nature of the FDCPA, the Ninth Circuit applies the

8    discovery rule to FDCPA claims, holding that the "limitations period begins to run when the

9    plaintiff knows or has reason to know of the injury which is the basis of the action." *Mangum v.*

10   *Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009)(*internal citation and quotation*

11   *omitted*).

12       Defendant's motion to summarily dismiss Ms. Dibb's FDCPA claim (Dkt. 18) should be

13   denied.  Defendant argues the NOD letter, which is the basis of her claims, was sent in

14   September of 2012, and that her claims, which were filed in October of 2014 are barred by the

15   statue of limitations.  *Id.*  Defendant argues that under the mail box rule, Ms. Dibbs is presumed

16   to have received the letter on September 28, 2012.  *Id.*  Defendant argues that under the mail box

17   rule, "[a] sworn statement that a defendant mailed the communication is sufficient proof to

18   presume receipt."  *Id.* (*citing Schikore v. BankAmerica Supp'l Ret't Plan,* 269 F.3d 956, 963-64

19   (9th Cir. 2001)).

20       Defendant offers the Declaration of Ms. Collett to support its contention that the NOD

21   letter was mailed on September 25, 2012.  Dkt. 19.  This portion of Ms. Collett's Declaration

22   should be stricken as above.  Defendant has not provided sufficient proof that the letter was

23   mailed such that receipt can be presumed.

24

ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND PLAINTIFFS'
MOTION FOR APPROVAL TO AMEND
COMPLAINT- 7

1    Even if Ms. Collett's assertions regarding when the letter was mailed were credited, Ms.

2    Dibbs has raised issues of fact as to rebut the presumption that she received the letter.  Aside

3    from her assertions that she did not receive the letter until Defendant filed it in King County

4    District Court as an attachment to its motion for summary judgment (Dkt. 25), Ms. Dibbs'

5    landlord states that he shares a mailbox with her and that only his family members (including

6    children) pick up the mail and sort it (Dkt 26).  The landlord also receives mail for his business at

7    this location.  Dkt. 26.  He acknowledges that sometimes Ms. Dibb's mail has mistakenly been

8    mixed into his family's mail.  *Id.*  He notes that they live in a rural area, have encountered

9    irregularities with their mail, and sometimes "they have had occasions to find pieces of mail

10   along the dirt and gravel driveway."  Dkt. 26.  Plaintiff has asserted sufficient issues of fact to

11   rebut the presumption that she received the NOD letter.  That is, under the discovery rule, that

12   she did not know of the injury (Defendant's alleged violation of the FDCPA) in September of

13   2012.

14        Defendant argues that even if she did not receive the NOD letter, she had reason to know

15   of the injury (that it had violated the FDCPA via the letter) by July 2013 when she talked with its

16   employees about the debt.  It argues that she should have investigated further.  Defendant argues

17   that her claims should still be dismissed as time barred.  Plaintiff has pointed to issues of fact as

18   to whether she had reason to know that such a letter existed.  She notes that after she paid

19   Defendant, Defendant sent her a receipt and she was allowed her to renew her tabs.  She states

20   that at that point, she thought that her obligation had been met.  At a minimum, there are

21   sufficient issues of fact as to whether she had reason to know of the letter or should have

22   investigated further and discovered the letter, after having been given a receipt.  Defendant's

23   motion should be denied.

24

1          3.  CPA Claim

2      Under Washington law, a violation of the FDCPA is a per se violation of the CPA.  *Panag v.*

3  *Farmers Ins. Co. of Washington*, 166 Wash. 2d 27, 53 (2009).

4      Defendant's motion to summarily dismiss Ms. Dibbs' CPA claims is based on its motion to

5  dismiss the FDCPA claims.  The motion as to the FDCPA claims (Dkt. 18) should be denied and

6  so the motion to dismiss the CPA claims should also be denied.

7  **C.  MOTION FOR LEAVE TO AMEND**

8      Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing

9  party's written consent or the court's leave.  The court should freely give leave when justice so

10  requires."  In determining whether leave to amend is appropriate, the district court considers the

11  presence of any of four factors:  futility, bad faith, undue delay, and/or prejudice to the opposing

12  party.  *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)(*internal*

13  *citations omitted*).

14      Plaintiff's motion to amend (Dkt. 29) should be granted and she should be permitted to

15  amend her Complaint to add an additional named plaintiff, to add a claim based on additional

16  FDCPA violations, and to further clarify the Complaint.  There is no showing that the proposed

17  amendments are futile.  There is no showing that the motion to amend was made in bad faith.

18  Plaintiff did not unduly delay in making her motion.  The party she seeks to add as a named

19  plaintiff only recently approached her and asked to join in the suit.  Defendant has not shown that

20  it will be prejudiced by the proposed amendments.  This case was filed in October 2014 and the

21  discovery deadline is July 3, 2015.  The motion should be granted.

22

23

24
ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND PLAINTIFFS'
MOTION FOR APPROVAL TO AMEND
COMPLAINT- 9

1       Plaintiff filed a draft First Amended Complaint, including lines through language she

2  proposed to remove and lines under new language, with her motion.  Dkt. 29-2.  Plaintiff should

3  be ordered to file a clean copy for the record on or before April 17, 2015.

4  **D.  MOTION FOR CLASS CERTIFICATION**

5  Local Rule Western District of Washington 23 (i)(3) provides:

6       Within one hundred eighty days after the filing of a complaint in a class action,
        unless otherwise ordered by the court or provided by statute, the plaintiff shall
7       move for a determination under Fed. R. Civ. P. 23(c)(1), as to whether the case is
        to be maintained as a class action. This period may be extended on motion for
8       good cause. The court may certify the class, may disallow and strike the class
        allegations, or may order postponement of the determination pending discovery or
9       such other preliminary procedures as appear appropriate and necessary in the
        circumstances.  Whenever possible, where the determination is postponed, a date
10      will be fixed by the court for renewal of the motion.

11  Plaintiff has not yet moved for class certification.  A deadline should be set for Plaintiff to

12  make her motion, if any.  The motion for class certification should be made "within one hundred

13  eighty days after the filing of the complaint" or, in any event, no later than May 4, 2015.

14                **III.     ORDER**

15  Therefore, it is hereby **ORDERED** that:

16      •  Plaintiff's motion to strike (Dkt. 27) is **GRANTED** as to paragraphs six and

17         seven of the Declaration of Ms. Collett and **DENIED** in all other respects;

18      •  Defendant AllianceOne Receivables Management, Inc.'s Motion for Summary

19         Judgment (Dkt. 18) is **DENIED;**

20      •  Plaintiff's Motion for Approval to Amend Complaint (Dkt. 29) is **GRANTED**;

21      •  Plaintiff **SHALL** file a clean copy of her First Amended Complaint by **April 17,**

22         **2015**; and

23

24

1   • Plaintiff **SHALL** file her motion for class certification, if any, made "within one

2   hundred eighty days after the filing of the complaint" or, in any event, no later

3   than **May 4, 2015**.

4   The Clerk is directed to send uncertified copies of this Order to all counsel of record and

5   to any party appearing *pro se* at said party's last known address.

6   Dated this 2nd day of April, 2015.

7

8

9   ROBERT J. BRYAN
    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND PLAINTIFFS'
MOTION FOR APPROVAL TO AMEND
COMPLAINT- 11