UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARGARET L. DIBB, individually and on behalf of others similarly situated,

Plaintiff,

v.

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,

Defendant.

CASE NO. 14-5835 RJB

ORDER ON DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO STRIKE AND PLAINTIFFS' REQUEST FOR CLARIFICATION OR IN THE ALTERNATIVE MOTION TO AMEND

This matter comes before the Court on Defendant AllianceOne Receivables Management, Inc.'s ("AllianceOne") Motion for a More Definite Statement (Dkt. 53), AllianceOne's Motion to Strike Plaintiffs' Third Amended Complaint (Dkt. 59), and Plaintiffs' Request for Clarification, or in the Alternative, Motion to Amend Scheduling Order to Permit Addition of Class Representatives (Dkt. 63). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

ORDER ON DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO STRIKE AND PLAINTIFFS' REQUEST FOR CLARIFICATION OR IN THE ALTERNATIVE MOTION TO AMEND- 1

Plaintiffs Margaret Dibb and Shanua Ovist filed this putative class action seeking relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq*. ("FDCPA") and the Washington State Consumer Protection Act, RCW 19.86, *et seq*. ("CPA") in connection with Defendant's attempts to collect a debt arising from a returned check written to a state agency. Dkt. 37.

## I. FACTS

The background facts in the April 2, 2015 Order on Defendant's Motion for Summary Judgment and on Plaintiffs' Motion for Approval to Amend Complaint (Dkt. 36, at 1-4) and in the Order on Plaintiffs' Motion for Leave to File Second Amended Complaint and to Extend Pretrial Deadlines (Dkt. 51, at 1-2) are adopted here.

In its pending motion, Defendant moves the Court, Pursuant to Fed. R. Civ. P. 12 (e) for an order requiring Plaintiffs to provide a more definite statement regarding when Plaintiff Dibb alleges Defendant violated the FDCPA and what damage or injury Plaintiff Ovist incurred as result of Defendant's conduct. Dkts. 53 and 62.

In their response, Plaintiffs noted that under Fed. R. Civ. P. 15(a)(1)(B), "Amending as a Matter of Course," they are entitled to amend their "'pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12 (e).'" Dkt. 57 (*quoting* Rule 15(a)(1)(B)). Plaintiffs then filed their Third Amended Complaint. Dkt. 58. In addition to addressing the issues raised in Defendant's Motion for a More Definite Statement, Plaintiffs' Third Amended Complaint adds two named Plaintiffs: Samantha Mason and Wendy Gondos. Dkt. 58.

AllianceOne then filed its Motion to Strike Plaintiffs' Third Amended Complaint. Dkt. 59. AllianceOne argues that Plaintiffs' Third Amended Complaint should be stricken because it violates the Court's scheduling order which set the deadline to add additional parties to April 24,

ORDER ON DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO STRIKE AND PLAINTIFFS' REQUEST FOR CLARIFICATION OR IN THE ALTERNATIVE MOTION TO AMEND- 2

2015, fails to address the issue raised in AllianceOne's Motion for a More Definite Statement, and is unduly prejudicial. Dkts. 59 and 71.

Plaintiffs respond and argue that the Third Amended Complaint should not be stricken because it was filed as a matter of course under Rule 15(a)(1)(B). Dkt. 66. In the event that the Court does find that the addition of the two new named Plaintiffs' violates that Court's scheduling order, Plaintiffs move the Court to modify the scheduling order to allow them to add the new plaintiffs. *Id*. Plaintiffs argue that good cause exists to modify the scheduling order and permit addition of these parties. *Id.* Plaintiffs lastly move, in the alternative, for leave to file their complaint under Fed. R. Civ. P. 15(a)(1). *Id.* Plaintiffs argue that the proposed amendments are not futile, they have not acted in bad faith, they have not unduly delayed, and Defendant is not overly prejudiced by the amendments. *Id.*

In Plaintiffs' Request for Clarification, or in the Alternative, Motion to Amend Scheduling Order to Permit the Addition of Class Representatives, Plaintiffs repeat their argument that they properly filed the Third Amended Complaint. Dkt. 63 and 73. They ask for clarification of the Court's scheduling order. *Id.* They argue that even if they didn't properly add these Plaintiffs, they have shown good cause to modify the scheduling order to add these additional plaintiffs, and that they satisfy the standard for amending their complaint. *Id.*

Defendant responds, arguing that Plaintiffs fail to show good cause to amend the case schedule, they have failed to show good cause for adding additional class representatives, and should not be permitted to amend their compliant. Dkt. 69.

ORDER ON DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO STRIKE AND PLAINTIFFS' REQUEST FOR CLARIFICATION OR IN THE ALTERNATIVE MOTION TO AMEND- 3

## II. DISCUSSION

By way of clarification, the deadline set in the Court's scheduling order for motions to add additional parties was not intended to restrict amendment of pleadings that do not require potentially contested motions, (stipulations for example).

Although Plaintiffs Third Amended Complaint was filed as a matter of course under the rules, it goes beyond answering the issues raised in Defendant's Motion for a More Definite Statement because it proposes the addition of two new parties. Accordingly, the amendments regard regarding those parties should be made by motion.

This opinion should first consider Plaintiffs' motion to amend the scheduling order to add additional parties, then Plaintiffs' motion to amend the complaint, and lastly, Defendant's motion for a more definite statement.

### A. MOTION TO AMEND SCHEDULING ORDER

Fed. R. Civ. P. 16(b)(4) a case scheduling order may be modified only for "good cause." Although Fed. R. Civ. P. 15 generally provides for liberal amendment to pleadings, once a pretrial scheduling order has been entered pursuant to Fed. R. Civ. P. 16(b)(1), an additional showing of "good cause" for amendment must be made if the scheduling order's deadline for amending pleadings has passed. *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *Chao v. Westside Drywall, Inc.*, 709 F.Supp.2d. 1037, 1071–72 (D. Or. 2010).

Plaintiffs' motion to amend (Dkt. 63) the case scheduling order should be granted. Plaintiffs have shown good cause for amendment of the case scheduling order to permit them an extension of time to add the two new named plaintiffs. The deadline to file motions to add parties in this case was April 24, 2015. Dkt. 16. Plaintiffs have diligently worked to meet case

ORDER ON DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO STRIKE AND PLAINTIFFS' REQUEST FOR CLARIFICATION OR IN THE ALTERNATIVE MOTION TO AMEND- 4

deadlines. The two new plaintiffs approached Plaintiffs' counsel in mid-May of 2015. An extension of the case deadline should be granted to allow Plaintiffs to add these parties.

**B. MOTION TO AMEND COMPLAINT AND MOTION TO STRIKE**

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In determining whether leave to amend is appropriate, the district court considers the presence of any of four factors: futility, bad faith, undue delay, and/or prejudice to the opposing party. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)(*internal citations omitted*).

Plaintiffs' motion to amend (Dkt. 63) should be granted and Defendant's Motion to Strike Plaintiffs' Third Amended Complaint (Dkt. 59) should be denied. There is no showing that the proposed amendments are futile. There is no showing that the motion to amend was made in bad faith. Plaintiffs did not unduly delay in making their motion. Defendant has not shown that it will be prejudiced by the proposed amendments. The additional parties' claims are the same and the facts supporting their claims are similar to the current Plaintiffs. The motion for class certification must be filed by October 12, 2015, the discovery deadline is February 1, 2016, and trial is not set to start until June 6, 2016. Dkt. 51. The motion to amend (Dkt. 63) should be granted and the motion to strike (Dkt. 59) should be denied. Plaintiffs' Third Amended Complaint (Dkt. 58) should be permitted.

**C. MOTION FOR A MORE DEFINITE STATEMENT**

Fed. R. Civ. P. 12 (e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a

ORDER ON DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO STRIKE AND PLAINTIFFS' REQUEST FOR CLARIFICATION OR IN THE ALTERNATIVE MOTION TO AMEND- 5

> responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

The Defendant's Motion for a More Definite Statement (Dkt. 53) should be denied. Plaintiffs' Third Amended Complaint sufficiently responds to the Defendant's motion. Defendant argues that Plaintiffs' Second Amended Complaint fails to identify when Plaintiff Dibb alleges AllianceOne violated the FDCPA. Dkt. 53. The Third Amended Complaint alleges, as to Plaintiff Dibb, that AllianceOne maintained in a state court case that it sent her a Notice of Dishonor Check form ("NOD") in September of 2012. Dkt. 58, at 5. Plaintiffs assert that NOD violates the FDCPA and state law. Dkt. 58, at 5. Further, Plaintiffs assert that Ms. Dibb became aware of the NOD when, on September 15, 2014, AllianceOne filed a pleading in state court which attached the NOD allegedly sent to her. Dkt. 58, at 5.

AllianceOne also argues that Plaintiff Ovist fails to allege what damage she sustained as a result of AllianceOne's conduct. Dkt. 53. The Third Amended Complaint asserts that Ms. Ovist paid AllianceOne $139.45, which was the amount it asserted that she owed. Dkt. 58, at 6.

The Third Amended Complaint sufficiently responds to AllianceOne's Motion for a More Definite Statement, and so the motion (Dkt. 53) should be denied.

## III. ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant AllianceOne Receivables Management, Inc.'s Motion for a More Definite Statement (Dkt. 53) is **DENIED;**
- AllianceOne's Motion to Strike Plaintiffs' Third Amended Complaint (Dkt. 59) is **DENIED;**

ORDER ON DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO STRIKE AND PLAINTIFFS' REQUEST FOR CLARIFICATION OR IN THE ALTERNATIVE MOTION TO AMEND- 6

- Plaintiffs' Request for Clarification, or in the Alternative, Motion to Amend Scheduling Order to Permit Addition of Class Representatives (Dkt. 63) is **GRANTED**; and
- Plaintiffs' Third Amended Complaint (Dkt. 58) **SHALL** remain.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 7th day of July, 2015.

ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO STRIKE AND PLAINTIFFS' REQUEST FOR CLARIFICATION OR IN THE ALTERNATIVE MOTION TO AMEND- 7