UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARGARET L. DIBB, SHAUNA OVIST, SAMANTHA MASON, and WENDY GONDOS, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,<br><br>Defendant. | CASE NO. 14-5835 RJB<br><br>ORDER ON JOINT SUBMISSION REGARDING PLAINTIFFS' DISCOVERY REQUESTS |

This matter comes before the Court on the parties' Western District of Washington R. Civ. P. 37(a)(2) Joint Submission Regarding Plaintiffs' Discovery Requests to Defendant. Dkt. 86. The Court has considered the pleadings filed in support of the submission and the file herein.

Plaintiffs Margaret Dibb, Shanua Ovist, Samantha Mason, and Wendy Gondos filed this putative class action seeking relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq*. ("FDCPA"), the Washington State Consumer Protection Act, RCW 19.86, *et seq*.

1  ("CPA"), and the Washington Collection Agency Act, RCW 19.16.100, *et seq*. ("CAA")  in

2  connection with Defendant's attempts to collect a debt arising from returned checks.  Dkt. 58.

3  Plaintiffs assert, in part, that the written form Defendant uses in its collection activities violates

4  these statutes.  *Id.*

5         Parties now file a joint submission, pursuant to Local Rule 37(a)(2), in which Plaintiffs

6  move for an order moving compelling Defendant to answer Plaintiffs' Interrogatory Nos. 5, 15,

7  16, 17, and 18 and Requests for Production Nos. 5, 10, and 23.  Dkt. 86.  Defendant opposes the

8  motion.  *Id.*

9       **Standard**.  Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding

10  any nonprivileged matter that is relevant to any party's claim or defense."  Under Fed. R. Civ. P.

11  37(a)(1), "a party may move for an order compelling disclosure or discovery.  The motion must

12  include a certification that the movant has in good faith conferred or attempted to confer with the

13  person or party failing to make disclosure or discovery in an effort to obtain it without court

14  action."  Under Local Rule 37(a)(2), parties may file a joint submission (which includes a motion

15  to compel, response and reply), and note that motion for consideration the day it is filed.

16      **Disputed Discovery**.  Parties' joint submission indicates that they are in a dispute over

17  certain discovery:  Plaintiffs' Interrogatory Nos. 5, 15, 16, 17, and 18.  Dkt. 86.  They indicate

18  that they have met and conferred and have been unable to resolve the dispute.  *Id.*  Further,

19  Defendant is seeking fees for having to respond to the motion.  *Id.*

20      **Discovery No Longer in Dispute**.  Although the first portion of the joint submission states

21  that Plaintiffs are moving to compel production of documents responsive to Requests for

22  Production No. 5, 10 and 23, Plaintiffs state in the reply section of the joint submission that after

23  deposing Defendant's Fed. R. Civ. P. 30(b)(6) witness, they are not asking for production of

24

these documents at this time. Dkt. 86.  The motion to compel these documents should be stricken.  No further analysis is required.

**Organization of Opinion**.  Accordingly, this opinion will first address the motion to compel in regard to the interrogatories by providing each interrogatory, Defendant's response or responses, and then the decision on the motion to compel that interrogatory.  The opinion will lastly address Defendant's motion for attorneys' fees.

## INTERROGATORIES

**Plaintiffs' Interrogatory No. 5:**

> For each of the last four years, state the name, last known address, phone number and email address of each person to whom ALLIANCEONE sent a Notice of Dishonor in connection with a DOL CHECK that contained the phrase:
>
> > You are also CAUTIONED that law enforcement agencies may be provided with a copy of this notice of dishonor and the check drawn by you for the possibility of proceeding with criminal charges if you do not pay the amount of this check within thirty-three days after the date this letter is postmarked...

Dkt. 86.

**Defendant's Response**:

> Defendant objects to this interrogatory as overly broad and not reasonably calculated to lead to admissible evidence. Specifically, plaintiff's interrogatory is overbroad as it seeks information that would not be relevant to any viable claim for violations of the FDCPA. The statute of limitations for the FDCPA is one year. This interrogatory seeks information dating back more than four years. Defendant further objects to the production of contact information for third parties without their consent.
> Subject to and without waiving the stated objections, Defendant responds as follows: pursuant to Fed R. Civ. P. 33(d) Defendant will produce all non-privileged documents responsive to this interrogatory at a time and manner mutually agreeable to all parties.

Dkt. 86.

**Decision Regarding Plaintiffs' Interrogatory No. 5**. Defendant should be ordered to fully answer Plaintiffs' Interrogatory No. 5. Plaintiffs properly point out that they seek information not only about their FDCPA, but about their claims under the CPA, which has a four year statute of limitations. Further, although Defendant expresses some concern over releasing personal information of the people from whom it attempted to collect money, the parties entered a confidentiality agreement regarding this information. Defendant has already produced the NOD forms for one year. It does not explain why the earlier forms' information should be treated differently.

**Plaintiffs' Interrogatory No. 15**: "IDENTIFY the payee of EVERY CHECK for which YOU recovered more than the face amount of the CHECK. In identifying the payee, please provide: name, address, phone number and email address of the payee." Dkt. 86.

**Defendant's Response**:

> Objection. Defendant objects to this Interrogatory on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, this request seeks information outside the one-year FDCPA statute of limitations. Defendant further objects to this request on the grounds and to the extent that it seeks private financial information for non-parties and requires Defendant to provide debt collection information in violation of federal statutes. Defendant also objects on the grounds that this request is harassing, in that this request is similar in scope and subject matter to requests that are the subject of a pending LCR 37 motion. Defendant also objects on the grounds that this request was duplicative of Plaintiffs' other discovery responses and information and documents already produced by Defendant and is intended to harass and burden Defendant. Specifically, Defendant has already provided the identity of all individuals to whom it sent a NOD on behalf of the Department of Licensing since October 2013 to present. Plaintiffs can readily obtain the information sought by this request from the individuals identified in those letters. Defendant further objects to this request on the grounds that it is overbroad, unduly burdensome and harassing because it is not limited to the Department of Licensing, which are the only debts at issue in this litigation, and also seeks debts that are not consumer debts under the FDCPA. This request is also overly broad and unduly burdensome in effectively seeking the identities of all individuals, from over 100 state agencies, since 2010 that Defendant knows to have bounced checks in the state of Washington. Defendant

also objects to the extent this request is aimed at seeking Defendant's client list, which is outside the scope of this litigation, amounts to a trade secret, and is proprietary in nature.

    Subject to and without waiving these objections: Margaret Dibb, Shauna Ovist, Samantha Mason, Wendy Gondos. Plaintiffs' contact information is within their own possession.

Dkt. 86.

**Decision Regarding Plaintiffs' Interrogatory No. 15**. Defendant should be ordered to answer Plaintiffs' Interrogatory No. 15 for the last four years (in keeping with the statute of limitation for their CPA claim). This Interrogatory seeks to discover for whom Defendant collected. Defendant's objection regarding the one year statute of limitation is without merit because Plaintiffs also assert a claim under the CPA. Plaintiffs maintain in their Third Amended Complaint that the Defendant violated the CPA in connection with collecting Washington checks for any creditor, not just the Washington Department of Licensing ("DOL"), so their discovery should not be limited to the DOL debts. Dkt. 58. Parties have a confidentiality agreement in place to manage issues over a client list.

**Plaintiffs' Interrogatory No. 16**:

    For EACH of the last four years, state the name, last known address, phone number and email address, check amount, check payee, and itemized statement of amounts COLLECTED for EACH PERSON to whom ALLIANCEONE sent a NOTICE OF DISHONOR in CONNECTION with an attempt to COLLECT a CHECK, where the NOTICE OF DISHONOR included a statement that the CHECK writer had to make a payment within thirty days after the date the letter was postmarked, to either: (1) avoid the possibility that law enforcement agencies might be provided with a copy of the NOTICE OF DISHONOR; or, (2) to avoid the imposition of additional costs, including costs of COLLECTION or interest.

Dkt. 86.

**Defendant's Response**:

    Objection. Defendant objects to this Interrogatory on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, this request seeks information

> outside the one-year FDCPA statute of limitations. Defendant further objects to the extent that this request seeks private financial information for non-parties and requires Defendant to publicize debt collection information and correspondence in violation of federal statutes. Defendant also objects to the extent that this request is not reasonably calculated to lead to the discovery of admissible evidence because it seeks information and documents outside the scope of this litigation. Specifically, this request is not limited to debts collected on behalf of the Department of Licensing, which are the only debts at issue in this litigation. Defendant also objects on the grounds and to the extent that this request seeks private, proprietary and trade secret information in seeking Defendant's client list or the identification of Defendant's clients outside of the Department of Licensing. Defendant further objects on the grounds that this request is harassing and burdensome because it seeks information that is obtainable from documents that Defendant has already produced, particularly in light of Defendant's willingness to stipulate that Plaintiffs satisfy numerosity. This request is also overly broad and unduly burdensome in effectively seeking the identities of all individuals, for over 100 state agencies, since 2010 that Defendant knows to have bounced checks in the state of Washington.  Defendant also objects to the extent this request is aimed at seeking Defendant's client list, which is outside the scope of this litigation, amounts to a trade secret, and is proprietary in nature. Defendant will produce requested information responsive to any class members if/when a class is certified.

Dkt. 86.  A chart for this information was included regarding the named Plaintiffs.  *Id.*

**Decision Regarding Plaintiffs' Interrogatory No. 16**. Plaintiffs' motion to compel an answer to this interrogatory should be denied to the extent that it is repetitive, i.e. again asks for the names, addresses, payees etc.  Defendant has already been ordered to answer those questions and should not again be forced to do so.  The motion to compel should be denied without prejudice as to the "itemized statement of amounts COLLECTED." Defendant states that it offered to provide Plaintiffs with redacted account records which would yield the fee information requested in this interrogatory.  Defendant states that Plaintiff refused the account records.  Plaintiff indicates that they were not offered.  Parties are strongly encouraged to sort this out in keeping with the other rulings in this order.

**Plaintiffs' Interrogatory No. 17**:

ORDER ON JOINT SUBMISSION REGARDING
PLAINTIFFS' DISCOVERY REQUESTS- 6

> For EACH calendar year during the Relevant Time Period, provide an itemized list of the total amounts COLLECTED from those to whom YOU sent a NOTICE OF DISHONOR as described in the immediately preceding Interrogatory. The itemization should include the following categories: CHECK amount, handling fee, COLLECTION cost, interest, treble damages, attorney's fees, court costs and ANY other amounts COLLECTED.

Dkt. 86.

**Defendant's Response**:

> Objection. Defendant objects to this Interrogatory on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, this request seeks information outside the one-year FDCPA statute of limitations. Defendant further objects to the extent that this request seeks private, proprietary and trade secret information in seeking Defendant's client list or the identification of Defendant's other clients. Defendant also objects to this request on the grounds that it is compound. Defendant also objects to the extent this request mandates Defendant to create a document that does not already exist, which Defendant is not required to do, or requests Defendant itemize information already available to Plaintiffs. *Konczakowski v. Paramount Pictures, Inc. Byers Theaters, Inc. v. Murphy*, 1 F.R.D. 286 (D.C. Va. 1940) (one party cannot require another to make investigation, research or compilation of data for him that he can equally well make for himself); *Soetaert v. Kansas City Coca Cola Bottling Co.*, 16 F.R.D. 1 (D.C. Mo. 1954) (discovery cannot be used to require adverse party to prepare writing but can only be used to require production of things in existence); *Corp v. H. Wolfe Iron & Metal Co.*, 576 F. Supp. 511 (W.D. Pa. 1983)(discovery cannot be used to compel a party to create, upon request of opposing party, evidence that does not already exist); *Onofrio v. American Beauty Macaroni Co.*, 11 F.R.D. 181 (D.C. Mo. 1951)(interrogatories that require research and compilation of data and information not readily known are improper). Defendant also objects to the extent that this requests seeks information that is more easily obtained by Plaintiffs by contacting the individuals identified in Notice of Dishonors already produced by Defendant for the reasons identified in response to Interrogatory No. 15. *Segarra v. Waterman S.S. Corp.*, 41 F.R.D. 245 (DC Puerto Rico, 1966) (Interrogatory should not impose upon opposing party duty to make inquiries and investigations; litigant cannot compel adversary to do his work). Defendant further objects on the grounds that this request is harassing and burdensome because it seeks information that is obtainable from documents that Defendant has already produced. This request is also overly broad and unduly burdensome in effectively seeking the identities of all individuals, from over 100 state agencies, since 2010 that Defendant knows to have bounced checks in the state of Washington. This request is also overly broad and unduly burdensome in seeking information about debts that do not fall under purview of FDCPA.

1    Subject to and without waiving these objections, see Defendant's response to
     Interrogatory No. 16. Defendant will produce requested information responsive to
2    any class members if/when a class is certified.

3  Dkt. 86.  Defendant's supplemental response included a chart for the named class members

4  without waiver of its objections. *Id*.

5    **Decision Regarding Plaintiffs' Interrogatory No. 17**.  Plaintiffs' motion to compel an

6  answer to Interrogatory No. 17 should be denied.  Defendant properly points out this

7  interrogatory impermissibly requires it to create a document that does not exist.  The answer to

8  Interrogatory No. 16's "itemized statement of amounts COLLECTED" will give Plaintiffs access

9  to the information.

10   **Plaintiffs' Interrogatory No. 18**: "For EACH calendar year during the Relevant Time

11 Period, state the number of PERSONS or other entities to whom YOU sent a NOTICE OF

12 DISHONOR as described in the immediately preceding Interrogatory and from whom YOU

13 ultimately COLLECTED an amount exceeding the face amount of the CHECK you were

14 COLLECTING."  Dkt. 86.

15   **Defendant's Response**.

16      Objection. Defendant objects to this Interrogatory on the grounds that it seeks
        information that is irrelevant and not reasonably calculated to lead to the
17      discovery of admissible evidence. Specifically, this request seeks information
        outside the one-year FDCPA statute of limitations and from Defendant's clients
18      apart from the Department of Licensing, which are the only debts at issue in this
        litigation. Defendant further objects to the extent that this request is compound.
19      Defendant further objects to this request on the grounds that it seeks information
        readily obtainable by Plaintiff from individuals identified by Defendant in letters
20      produced in response to Request for Production No.5; Plaintiffs cannot compel
        Defendant to do their investigation. *Segarra v. Waterman S.S. Corp*., 41 F.R.D.
21      245 (DC Puerto Rico, 1966) (Interrogatory should not impose upon opposing
        party duty to make inquiries and investigations; litigant cannot compel adversary
22      to do his work). Also, this request is overly broad and unduly burdensome in
        clearly seeking information about debts that do not fall under purview of FDCPA.
23      This request is also harassing and is substantially identical to Plaintiffs' previous
        discovery requests.
24

ORDER ON JOINT SUBMISSION REGARDING
PLAINTIFFS' DISCOVERY REQUESTS- 8

1   Subject to and without waiving these objections, discovery is ongoing and
    Defendant is continuing to review its records in order to determine the number of
2   Notices of Dishonor sent in relation to the amount owing or paid on the account.
    At this point, Defendant estimates since 2010 it has sent over 11,300 Notices of
3   Dishonor on which it has collected an amount over the principal. Defendant is
    continuing to review its records and will supplement this response.

Dkt. 86.

**Decision Regarding Plaintiffs' Interrogatory No. 18**. Plaintiffs' motion to compel an answer to Plaintiffs' Interrogatory No. 18 should be denied. Defendant adequately answered the question, and indicated a willingness to supplement the answer.

## MOTION FOR ATTORNEY'S FEES

Fed. R. Civ. P. 37 provides:

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i)   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).

Defendant's motion for an award of fees, and to the extent that Plaintiffs' also move for fees, their motion should be denied. The motion to compel was granted, in part, and denied, in part. In the circumstances here, an award of fees would be unjust.

**ORDER**

Therefore, it is hereby **ORDERED** that:

- Plaintiffs' motion to compel (Dkt. 86) **IS**:
    - **GRANTED** as to Plaintiffs' Interrogatory Nos. 5 and 15;
    - **DENIED WITHOUT PREJUDICE** as to Plaintiff's Interrogatory No. 16;
    - **DENIED** as to Plaintiffs' Interrogatory Nos. 17, and 18; and
    - **STRICKEN** as to Plaintiffs' Requests for Production Nos. 5, 10, and 23.
- Defendant's motion, and to the extent Plaintiffs' make one, Plaintiffs' motion for an award of attorneys' fees (Dkt. 86) **IS DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 21st day of September, 2015.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge