THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARGARET DIBB, SHANUA OVIST, SAMANTHA MASON and WENDY GONDOS on behalf of themselves and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,<br><br>Defendant. | NO. 3:14-CV-05835-RJB<br><br>PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO QUASH SUBPOENAS TO KARA COLLETT AND MICHAEL CRAWFORD<br><br>**NOTE ON MOTION CALENDAR:**<br>**October 16, 2015** |

## I.   INTRODUCTION

Plaintiffs seek to depose two employees of Defendant AllianceOne Receivables Management, Inc. ("Defendant" or "AllianceOne"), Kara Collett and Michael Crawford. Both Ms. Collett and Mr. Crawford have discoverable information and, indeed, expertise relating to Defendant's computerized collection system and mailing procedures. In addition to their knowledge regarding these critical issues, Ms. Collett and Mr. Crawford have both submitted substantive declarations in this lawsuit. *See* Dkt. Nos. 19, 90, 91 and 96. There is no basis for Defendant's motion to quash.

Defendant lacks standing to quash the subpoenas, which were directed to third parties. Moreover, the subpoenas seek testimony from two employees of AllianceOne who, Defendant

PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION TO QUASH SUBPOENAS TO KARA
COLLETT AND MICHAEL CRAWFORD-1
CASE NO. 3:14-CV-05835-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

admits have relevant knowledge in this case given that they both have submitted substantive declarations on AllianceOne's behalf. AllianceOne does not get to determine the "methods of discovery" Plaintiffs use or the sequence in which Plaintiffs use them. Plaintiffs should be permitted the opportunity to obtain relevant knowledge from Ms. Collett and Mr. Crawford, and to test the statements made in the declarations they have already submitted in this case. Defendant's motion is without merit and should be denied.

## II. FACTUAL BACKGROUND

On August 20, 2015, Defendant filed a Motion to Deny Class Certification with a supporting declaration from Kara Collett. Dkt. No. 81. Previously, Ms. Collett had filed a declaration in support of Defendant's unsuccessful motion for summary judgment. Dkt. No. 19. On August 31, 2015, in connection with preparation of a Rule 37 discovery stipulation, Defendant provided Plaintiffs with copies of a new declaration of Ms. Collett, and the declaration of Michael Crawford.[1] Both Ms. Collett and Mr. Crawford are employed in AllianceOne's IT department. *See* Dkt. No. 90 ¶ 1. Mr. Crawford oversees AllianceOne's IT department. *Id*.

On August 27, 2015, Plaintiffs deposed AllianceOne employee Jon Boquist, on a wide range of topics pursuant to a Notice of 30(b)(6) Deposition. *See* Declaration of Paul Arons ("Arons Decl.") ¶ 3. On August 31, 2015, Plaintiffs notified Defendant's counsel that they wanted to schedule the deposition of Ms. Collett. *Id*. ¶ 4. The next day Plaintiffs also requested to depose Mr. Crawford. *Id*.

Between August 31 and September 17, 2015, the parties exchanged a half dozen emails, attempting to schedule a mutually convenient date for the depositions. *See* Arons Decl., Ex. 1. Defendant's counsel even agreed to accept service of the subpoenas on behalf of the two deponents. *Id*. Then, on September 17, 2015, Defendant's counsel sent an email refusing to

---

[1] These were later filed as part of the Rule 37 Joint Submission (Dkt. Nos. 90 and 91).

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO QUASH SUBPOENAS TO KARA COLLETT AND MICHAEL CRAWFORD-2
CASE NO. 3:14-CV-05835-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

accept service of the subpoenas and objecting to Plaintiffs taking these depositions at all. *Id.*, Ex. 2. The parties met and conferred, but were unable to resolve the dispute. *Id.* ¶ 6.

Plaintiffs commenced attempts to personally serve Ms. Collett and Mr. Crawford. After successfully serving Ms. Crawford, Defendant filed this motion. *Id.* ¶ 7.

### III.   ARGUMENT AND AUTHORITY

**A.   Defendant Does Not Have Standing to Move to Quash these Subpoenas**

AllianceOne lacks standing to quash the subpoenas. Rule 45(c)(3) governs motions to quash or modify a subpoena. It provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a non-party to travel more than 100 miles (except for trial within the state); requires disclosure of privileged materials; or, subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A) (i-iv). The Rule also provides for the circumstances in which a court may modify or quash a subpoena. Those circumstances are when the subpoena requires disclosure of trade secrets; disclosure of certain expert opinions; or, requires a non-party to incur substantial expense to travel more than 100 miles to attend a trial. *See* Fed. R. Civ. P. 45(c)(3)(B) (i-iii); *see Vera v. O'Keefe*, Case No. 10cv1422-L (MDD), 2012 WL 909316, at *1 (S.D. Cal. March 16, 2012).

"Courts have consistently provided that, as a general rule, "a party has no standing to quash a subpoena served upon a third party, except as to privilege." *Vera*, 2012 WL 909316, at *1 (internal marks and citations omitted). Defendant has not even attempted to argue that the taking of these depositions involve disclosure of privileged or private information or otherwise imposes any burden within the scope of Rule 45(c)(3). Instead, Defendant argues it will be burdened because its employees may have to take off a few hours from work to attend their depositions. That is not sufficient to confer standing on Defendant. Moreover, Ms. Collett, who Plaintiffs have successfully served, has already provided that she can be available on October 20, 2015. *See* Arons Decl., Ex. 3. If taking off a few hours of work is the sole problem, Plaintiffs

PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION TO QUASH SUBPOENAS TO KARA
COLLETT AND MICHAEL CRAWFORD-3
CASE NO. 3:14-CV-05835-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

are willing to conduct the depositions on a weekend so that no work time will be lost. Accordingly, Defendant lacks standing to move to quash these subpoenas.

### B. Plaintiffs are Entitled to Depose Percipient Witnesses to Obtain Discoverable and Relevant Information

The Federal Rules of Civil Procedure provide for "[l]iberal discovery." *Seattle Times, Co. v. Rhinehart*, 467 U.S. 20, 34, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984). Liberal discovery serves "the integrity and fairness of the judicial process by promoting the search for the truth," *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993), and assisting "the preparation and trial, or settlement, of litigated disputes." *Rhinehart*, 467 U.S. at 34. Therefore, when—as here—a party resists discovery, the resisting party "carries a heavy burden" to show why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

The basic rule is that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter…." Fed.R.Civ.P. 26(b)(1). It is undisputed that accurate class data and Defendant's procedures for sending the Notice of Dishonor of Check forms ("NOD") upon which this lawsuit is based are relevant. Defendant has not cited any case, nor have Plaintiffs been able to find one, where a party that has not exceeded the numerical deposition limit was denied an opportunity to depose a percipient witness about relevant, non-privileged matters, and limited instead to serving interrogatories. To the contrary, Rule 26(d) explicitly permits the requesting party to choose its means and methods of discovery. *See* Fed. R. Civ. P. 26(d)(2) ("[M]ethods of discovery may be used in any sequence.").

Here, Plaintiffs seek to depose two of AllianceOne's employees who have knowledge regarding discoverable matters and who, in fact, have already testified in this case through a total of four declarations between the two of them, which were submitted on AllianceOne's behalf.

PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION TO QUASH SUBPOENAS TO KARA
COLLETT AND MICHAEL CRAWFORD-4
CASE NO. 3:14-CV-05835-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

*See* Dkt. Nos. 19, 90, 91 and 96.  Plaintiffs are entitled to this discovery.  Thus, Defendant's motion to quash should be denied.

> 1. Defendant's Collection Notices, Mailing Procedures and Computerized Collection Data are Relevant

AllianceOne identifies itself as a global leader in accounts receivables management working with major companies in different market segments.[2]  It has ten operational centers in the United States and another ten internationally.[3]  This lawsuit is based on unlawful threats and demands contained in the NOD form notice that AllianceOne uses to collect checks in Washington.  Plaintiffs' discovery has focused, in large part, on the facts regarding the use of AllianceOne's NOD form and the data relating to class members, including the amounts AllianceOne collected from each class member.

AllianceOne's automated collection process is driven by its Columbia Ultimate Business Systems (CUBS) computer program.  AllianceOne describes CUBS as "state-of-the-art collection software, which includes maintenance of account placements, all collection activity, compiles recovery statistics, unlimited report customization, and has the ability to bill and track an unlimited number of debtors per account."[4]  Collection account information, as well as documents and data relevant to identifying class members and calculating damages is accessible through the CUBS system.  *See* Arons Decl., Ex. 5 (Deposition of Jon Boquist, hereinafter "Boquist Dep.") at 16:15-21, 18:16-20, 29:7-17, 30:22-31:3, 127:10-17.

Plaintiffs have had difficulty getting accurate and complete class information from Defendant.  Therefore, it is important to obtain specific testimony regarding the precise class information stored in the CUBS system and how it may be retrieved in an accurate and usable form.  For instance, this Court ordered Defendant to produce a list of creditors for whom it collects checks.  *See* Dkt. No. 92.  The list Defendant recently produced, however, is incomplete,

---

[2] See https://www.allianceoneinc.com/Welcome/services-solutions.
[3] See https://www.allianceoneinc.com/Welcome/allianceone.
[4] Arons Decl., Ex. 4 (AllianceOne GSA Authorized Federal Supply Schedule Price List) at p. 4.

PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION TO QUASH SUBPOENAS TO KARA
COLLETT AND MICHAEL CRAWFORD-5
CASE NO. 3:14-CV-05835-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

as Plaintiffs have independent evidence that AllianceOne is collecting checks for creditors who are not on the list.  *See* Arons Decl. ¶ 12.  Defendant also produced what purports to be a list of all check writers who paid fees, but the list understates by hundreds of dollars the fees that Plaintiff Margaret Dibb paid.  Moreover, a separate list of all class members does not match up with the list of those who paid fees.  *Id*.  Additionally, although Defendant's counsel conferred with Plaintiffs' counsel and agreed to produce class data in a usable format, such as Excel, Defendant reneged on this agreement and produced the data in 143 PDF pages, with thousands of rows of information.  *Id*.

Defendant's present motion concerns Plaintiffs' subpoenas to take the depositions of non-parties.  Ms. Collett and Mr. Crawford are employees of AllianceOne who both work with the CUBS system and have already provided testimony relevant to this case.  Ms. Collett has filed three declarations in this action.  *See* Dkt. Nos. 19, 91 and 96.  According to her declarations, she is employed by Defendant as a systems applications analyst and is familiar with procedures for mailing and acquiring accounts, including the mailing of the NOD forms upon which this lawsuit is based.  *See* Dkt. No. 19 at ¶¶ 2-6.  Ms. Collett is responsible for communicating with the vendor that prints and mails the forms and letters that AllianceOne uses to collect checks.  *See* Dkt. 81 at ¶ 2.  She further claims to have knowledge regarding the collection letters that the Department of Licensing allegedly sent to Plaintiffs.  *See* Dkt. No. 19 at ¶¶ 3-6. Ms. Collett has also testified that she was involved in implementing changes to the NOD form after this lawsuit was filed.  *See* Dkt. No. 81 at ¶¶3-6.  Further, she was involved in compiling the computer data that Defendant has provided in discovery responses.  *See* Dkt. No. 91 at ¶¶ 3-4.  Finally, Ms. Collett is one of the people with whom Mr. Boquist spoke to prepare for his deposition as AllianceOne's designated agent.  *See* Arons Decl., Ex. 5 at 10:24-11:4.

Michael Crawford is AllianceOne's network systems administrator and oversees the company's IT Department.  He has testified that he is personally familiar with the CUBS program, as well as its capabilities, functions, and limitations, and has testified regarding the

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO QUASH SUBPOENAS TO KARA COLLETT AND MICHAEL CRAWFORD-6
CASE NO. 3:14-CV-05835-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

methodology for generating class data.  *See* Dkt. No. 90 at ¶ 2.  Mr. Crawford is also one of the people with whom Mr. Boquist spoke to prepare for his deposition.  *See* Arons Decl., Ex. 5 at 10:24-11:4.

Plaintiffs seek to depose Ms. Collett and Mr. Crawford, in part, to determine the most effective way to compile and produce accurate class data in a usable format.   In addition to specific class data, Plaintiffs seek discoverable information regarding the details of the collection procedures that Defendant follows, including communications with, and procedures followed by Defendant's printing and mailing vendor, HOV/Lason.  There is simply no dispute that this is relevant and discoverable information.

2.  <u>Plaintiffs Do Not Seek to Depose Ms. Collett and Mr. Crawford as Corporate Representatives</u>

Defendant's lengthy discussion of Rule 30(b)(6) depositions is a red herring, used in an attempt to block appropriate discovery.  Contrary to Defendant's framing of the issue, Plaintiffs are not conducting these depositions as a substitute for a Rule 30(b)(6) deposition.  The deponents will be examined about statements in the four declarations they have filed in this lawsuit, about the collection notices sent to putative class members, about their communications with the vendor that prints and mails AllianceOne's collection notices, about methods for accessing the class data stored on the CUBS system, and other discoverable issues.  Although Defendant, in its motion, attempts to frame these depositions as being about CUBS data fields and handling fees, that is not the reason for taking these depositions and Plaintiffs have never stated that it was.[5]  While Plaintiffs did highlight for Defendant some deficiencies in the testimony provided by Mr. Boquist, that is not the sole basis upon which Plaintiffs seek to depose Ms. Collett and Mr. Crawford.  Moreover, Plaintiffs are not required to provide Defendant with an outline of the information they seek to obtain from the depositions of Ms.

---

[5] If Defendant truly believed that it knew the information Plaintiffs were seeking with these depositions, it could voluntarily provide it, obviating the need for further discovery.  Defendant knows, however, that the deposition questioning will not be limited to data fields and handling fees.

PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION TO QUASH SUBPOENAS TO KARA
COLLETT AND MICHAEL CRAWFORD-7
CASE NO. 3:14-CV-05835-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

Collett and Mr. Crawford. Among other things, Plaintiffs seek to depose these two employees because the deponents have filed a total of four declarations in this lawsuit, in which they disclose that they both have first-hand knowledge of the procedures and systems about which Plaintiffs need to conduct discovery. *See* Arons Decl. ¶ 4.

3. <u>A Deposition Will Be More Effective Than Written Discovery to Obtain the Information that Plaintiffs Seek</u>

An oral examination of a percipient witness is fluid, and the deposition process permits the examining party to ask follow-up questions and to clarify questions that the deponent finds unclear. Importantly, in a deposition, a percipient witness testifies without a parties' counsel filtering and shaping the response. This is not discovery that can be effectively completed through interrogatories, in which the responding party can object and split hairs over the phrasing of even a straightforward question.[6]

The alternative proposed by Defendant, that Plaintiffs serve interrogatories instead, is a poor substitute for an oral examination of a knowledgeable witness. Based on the course of written discovery already established in this action, Plaintiffs would first have to draft a lengthy set of interrogatories, covering all the topics that they intend to cover in the depositions. Defendant would then have to review the questions, contact knowledgeable witnesses at AllianceOne and draft objections and answers. Then, Plaintiffs would meet and confer with

---

[6] Another reason that written discovery is not an adequate substitute for a deposition is that in this lawsuit Defendant has been less than candid in its responses to written discovery. For instance, Defendant was asked to produce all documents regarding Plaintiff Dibb, which would include any recordings of phone calls. Defendant did not identify or produce any recordings in its initial discovery responses in March and April 2015. Subsequently, when Plaintiffs' counsel refused to go forward with the depositions of Plaintiffs Dibb and Ovist unless Defendant first produced any recordings of phone calls, on May 28, 2015, Defendant produced two recordings, totaling 22 seconds, consisting of a phone ringing and an unidentified caller being put on hold. Defendant denied having anything else. It was only after Mr. Boquist testified on August 27, 2015 that AllianceOne should have phone recordings for all phone calls between consumers and collection agents (Ex. 5 at112:19-116:14) that Defendant produced a nine minute recording of a phone call with Ms. Dibb from July 2013, and recordings of two phone calls, totaling ten minutes, with Ms. Ovist from April and May 2015. If it were not for that deposition, Defendant still would not have produced the phone calls. Notably, Plaintiffs had already sought all sound recordings in written discovery. It was only after Defendant's representative admitted to the existence of phone call recordings in his deposition, that Defendant produced the recordings. *See* Arons Decl., ¶ 13.

PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION TO QUASH SUBPOENAS TO KARA
COLLETT AND MICHAEL CRAWFORD-8
CASE NO. 3:14-CV-05835-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

Defendant's counsel who would have an opportunity to supplement their responses. Then, if not satisfied with the supplemental responses, Plaintiffs and Defendant would both work on a discovery motion which this Court would have to decide. If the motion is granted, even in part, Defendant would have to provide additional information in response to the Court's order. By then, months would have passed and each party would have put in dozens of hours of attorney time. The depositions, on the other hand, will take no more than four to eight hours and Defendant does not have to do anything at all other than have an attorney attend the deposition.[7] Clearly, the most efficient way for Plaintiffs to obtain the highly relevant information they seek is to depose these two knowledgeable employees, who have already participated in this lawsuit by submitting substantive declarations.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court deny Defendant's motion.

RESPECTFULLY SUBMITTED AND DATED October 14, 2015.

TERRELL MARSHALL LAW GROUP PLLC

By:   /s/ Erika L. Nusser, WSBA #40854
Beth E. Terrell, WSBA #26759
Email:  bterrell@terrellmarshall.com
Erika L. Nusser, WSBA #40854
Email:  enusser@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603
Facsimile:  (206) 350-3528

---

[7] The time the parties spend just on this motion will probably match or exceed the time taken up by the two depositions.

PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION TO QUASH SUBPOENAS TO KARA
COLLETT AND MICHAEL CRAWFORD-9
CASE NO. 3:14-CV-05835-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

Paul Arons, WSBA #47599
Email:  lopa@rockisland.com
LAW OFFICE OF PAUL ARONS
685 Spring Street
Friday Harbor, Washington  98250
Telephone:  (360) 378-6496
Facsimile:  (360) 378-6498

Sam Leonard, WSBA #46498
Email:  consumerlawyer@outlook.com
ANTOINETTE M. DAVIS LAW, PLLC
528 Third Avenue West, Suite 102
Seattle Washington 98119
Telephone:  (206) 486-1011
Facsimile:    (206) 905-5910

Kathleen Box, WSBA #45254
Email:  katy@leenandosullivan.com
NORTHWEST CONSUMER LAW CENTER
520 East Denny Way
Seattle, Washington  98122
Telephone:  (206) 325-6022

*Attorneys for Plaintiffs*

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO QUASH SUBPOENAS TO KARA COLLETT AND MICHAEL CRAWFORD-10
CASE NO. 3:14-CV-05835-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com

# CERTIFICATE OF SERVICE

I, Erika L. Nusser, hereby certify that on October 14, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Jeffrey E. Bilanko, WSBA #38829
> Email:  jbilanko@gordonrees.com
> Elizabeth K. Morrison, WSBA #43042
> Email:  emorrison@gordonrees.com
> Email:  shosey@gordonrees.com
> GORDON & REES LLP
> 701 Fifth Avenue, Suite 2100
> Seattle, Washington  98104
> Telephone:  (206) 695-5100
> Facsimile: (206) 689-2822

*Attorneys for Defendant*

DATED this 14th day of October, 2015.

TERRELL MARSHALL LAW GROUP PLLC

By:   /s/ Erika L. Nusser, WSBA #40854
    Beth E. Terrell, WSBA #26759
    Email:  bterrell@terrellmarshall.com
    Erika L. Nusser, WSBA #40854
    Email:  enusser@terrellmarshall.com
    936 North 34th Street, Suite 300
    Seattle, Washington  98103-8869
    Telephone:  (206) 816-6603
    Facsimile:  (206) 350-3528

*Attorneys for Plaintiffs*

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO QUASH SUBPOENAS TO KARA COLLETT AND MICHAEL CRAWFORD-11
CASE NO. 3:14-CV-05835-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.terrellmarshall.com