HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARGARET L. DIBB, SHAUNA OVIST, SAMANTHA MASON, and WENDY GONDOS individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC.<br><br>Defendant. | NO. 3:14-CV-05835-RJB<br><br>**DEFENDANT ALLIANCEONE RECEIVABLES MANAGEMENT, INC.'S REPLY IN SUPPORT OF ITS MOTION TO QUASH** |

The issue before this Court is simple: can Plaintiffs unilaterally determine the person most knowledgeable from Defendant AllianceOne Receivables Management, Inc. ("ARMI") to testify regarding certain topics. Plaintiffs argue they can merely because ARMI's employees Kara Collett and Michael Crawford have filed declarations in this matter and work in ARMI's IT department. Notably, they site no legal authority for this contention because only a corporation can designate its speaking agent on any particular topic.[1] If Plaintiffs seek to depose the person most knowledgeable regarding certain topics, the proper procedure is a 30(b)(6), not unilaterally selecting ARMI employees to depose. On top of this, Kara Collett and Michael Crawford are not

---

[1] FRCP 30(b)(6).

DEFENDANT ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO QUASH
(3:14-CV-05835-RJB)
PAGE -1

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

parties to this litigation and are entitled to extra protection from this Court from harassment and the burden of being forced to take off work and travel for a deposition. ARMI's motion to quash should be granted.

### A. ARMI Has Standing To Quash The Subpoenas Because Defendants Are Attempting To Unilaterally Designate ARMI's Speak Agent, Which They Are Not Authorized To Do.

Plaintiffs state in their response that they want to depose Kara Collett and Michael Crawford on the following topics: how to compile and produce accurate class data in a "usable" format, details of collection procedures, communications with ARMI's vendors, ARMI's collection notices, and methods for accessing data in CUBS. Interestingly, these topics were not included in Plaintiffs' original 30(b)(6) notice. Plaintiffs also did not question ARMI's 30(b)(6) witness about them during his deposition. Essentially, Plaintiffs have unilaterally determined that Ms. Collett and Mr. Crawford are the persons most knowledgeable from ARMI on these topics.

This is not a case where the non-parties sought to be deposed are wholly unrelated to the entity seeking to quash the subpoena. These non-parties are ARMI's employees, whom Plaintiffs have determined may have information about ARMI's business. ARMI has an interest in (1) protecting its employees from harassment and undue burden, and (2) in deciding who gets to speak on its behalf. Plaintiffs do not get to determine which ARMI employee is most knowledgeable on these topics and do not have the right to effectively select ARMI's speaking agent merely because they signed declarations. If that were the case, 30(b)(6) designations would be useless.

### B. Plaintiffs Did Not Indicate A Desire To Depose Kara Collett and Michael Crawford Related To Their Declarations During The Parties' Meet and Confer.

Plaintiffs did not indicate a desire to depose Kara Collett and Michael Crawford related to their declarations when the parties met and conferred on this issue. Plaintiffs raise this for the

DEFENDANT ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO QUASH
(3:14-CV-05835-RJB)
PAGE -2

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

first time in their response. Indeed, it is also not mentioned in all the correspondence exchanged between the parties about these depositions. During the meet and confer, Plaintiffs indicated they wanted to depose ARMI's employees regarding CUBS data fields and handling costs.[2] ARMI is not required to be omniscient and anticipate all other reasons why Plaintiffs may want to depose its employees; if Plaintiffs had other reasons for seeking to depose ARMI's employees, it should have been disclosed during the meet and confer. That is the point of a *good faith* meet and confer. This is particularly true when, as here, Plaintiffs are attempting to designate these two employees as persons most knowledgeable regarding certain topics related to ARMI's business operations without ARMI's consent.

### C. Plaintiffs' Alleged Discovery Issues Are Wholly Unrelated To The Issue Before This Court.

Plaintiffs indicate in a footnote that "if Defendant truly believed that it knew the information Plaintiffs were seeking with these depositions, it could voluntarily provide it, obviating the need for further discovery." ARMI is not required to voluntarily provide information not sought in discovery requests.

Plaintiffs further attempt to cloud the issue before this Court by alleging that ARMI failed to provide documents in a "usable" format and "reneged" on its agreement to produce documents as excel files. ARMI did not agree to produce documents in a specific format.[3] ARMI provided documents in PDF format. It is not required to re-create a document merely because Plaintiffs would prefer an Excel spreadsheet. Plaintiffs do not get to dictate how ARMI compiles its data from its systems. PDF documents are usable and there is no judicial authority requiring ARMI to re-create documents in specific format at Plaintiffs' whim.

---

[2] *See* Declaration of Jeffrey E. Bilanko dated October 8, 2015(Doc. #99) ¶7; see also Bilanko Decl. at ¶¶4-5, Exhibits B and C.
[3] Declaration of Elizabeth K. Morrison ("Morrison Decl.") ¶3.

DEFENDANT ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO QUASH
(3:14-CV-05835-RJB)
PAGE -3

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Jon Boquist, ARMI's 30(b)(6), testified that he *believed* the Department of Transportation was a client. Notably, he also stated that at any given time, there are potentially a hundred clients that would assign non-sufficient funds check / dishonored check accounts, and that he could not name specific clients with certainty that they are still an active client.[4] This is a far cry from definitively what Plaintiff is insinuating.

Finally, Plaintiffs' take on the telephone recordings is wrong. ARMI produced two recordings, despite believing neither was responsive.[5] Subsequently, based on Mr. Boquist's deposition testimony, ARMI reviewed its files again, which is when it located the additional recordings. ARMI promptly produced them.[6] Contrary to Plaintiffs' implication, there was no conspiracy to hide these recordings; ARMI is allowed under FRCP 34 to supplement its productions as relevant documents are located.

### D. Plaintiffs Have An Obligation To Notify ARMI Of When These Depositions Go Forward

It is worth noting that Plaintiffs' response is the first Plaintiffs have mentioned that these depositions were not going forward on October 16, 2015. In the event the Court permits Plaintiffs to select Kara Collett and Michael Crawford as ARMI's speaking agents, ARMI would like its attorneys to be present at the depositions and requests that Plaintiffs be required to notify ARMI of when the depositions take place.

---

[4] Morrison Decl. ¶4.
[5] Morrison Decl. ¶5.
[6] Morrison Decl. ¶5.

DEFENDANT ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO QUASH
(3:14-CV-05835-RJB)
PAGE -4

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Dated: October 16, 2015

GORDON & REES LLP

By:   *s/ Elizabeth K. Morrison*
     Jeffrey E. Bilanko, WSBA #38829
     Elizabeth K. Morrison, WSBA #43042
     701 5th Avenue, Suite 2100
     Seattle, WA 98104
     Phone: (206) 695-5100
     Fax: (206) 698-2822
     jbilanko@gordonrees.com
     emorrison@gordonrees.com
     Attorneys for Defendant AllianceOne
     Receivables Management, Inc.

DEFENDANT ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO QUASH
(3:14-CV-05835-RJB)
PAGE -5

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

# CERTIFICATE OF SERVICE

I hereby declare, under penalty of perjury under the laws of the State of Washington, that on this 16th day of October, 2015, I caused a true and correct copy of the foregoing document to be served via CM/ECF system on:

Kathleen Box
David A. Lean
Leen and O'Sullivan, PLLC
520 E Denny
Seattle, WA 98122
Tel: (206) 325-6022
Fax: (866) 526-9994

☐ U.S. Mail Postage Prepaid
☒ CM/ECF
☐ Hand Delivery
☐ Email: katy@leenandosullivan.com
         david@leenandosullivan.com

Paul Arons
Law Office of Paul Arons
685 Spring Street, #104
Friday Harbor, WA 98250
Tel: (360) 378-6496
Fax: (360) 378-6498

☐ U.S. Mail Postage Prepaid
☒ CM/ECF
☐ Hand Delivery
☐ Email: lopa@rockisland.com

Samuel R. Leonard
Antoinette Davis Law, PLLC
528 Third Avenue W, Suite 102
Seattle, WA 98119
Tel.: (206) 486-1011
Fax: (206) 905-5910

☐ U.S. Mail Postage Prepaid
☒ CM/ECF
☐ Hand Delivery
☐ Email: sam@toniedavislaw.com

Beth E. Terrell
Erika L. Nusser
Terrell Marshall Daudt & Willie, PLLC
936 North 34th Street, Suite 300
Seattle, Washington, 98103-8869
Tel: (206) 816-6603
Fax: (206) 350-3528

☐ U.S. Mail Postage Prepaid
☒ CM/ECF
☐ Hand Delivery
☐ Email: bterrell@tmdwlaw.com
         enusser@tmdwlaw.com

*s/Jeanne Perrin*
Jeanne Perrin, Legal Assistant

DEFENDANT ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO QUASH
(3:14-CV-05835-RJB)
PAGE -6

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822