THE HONORABLE ROBERT J. BRYAN

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARGARET DIBB, SHANUA OVIST, and WENDY GONDOS on behalf of herself and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC.,<br><br>Defendant. | NO. 3:14-CV-05835-RJB<br><br>**PLAINTIFFS' PROPOSED NOTICE PLAN** |



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION AND BACKGROUND

Plaintiffs bring this class action lawsuit pursuant to the Fair Debt Collection Practices Act (FDCPA), the Washington Consumer Protection Act (CPA), and the Washington Collection Agency Act (CAA). On December 16, 2015, this Court certified the following Class and Sub-Classes:

> Umbrella Class: All persons who wrote checks within the State of Washington, to whom AllianceOne sent, at any time since October 20, 2010, a Notice of Dishonor of Check in connection with an allegedly unpaid check, in a form substantially similar to the one allegedly sent to Plaintiffs.
>
> FDCPA Sub-Class: All persons in the umbrella class whose check was written to the Washington Department of Licensing to pay a fee incurred primarily for personal, family or household purposes, to whom AllianceOne sent a NOD on or after October 20, 2013.
>
> CPA Sub-class: All persons in the umbrella class, to whom AllianceOne sent a NOD on or after October 20, 2010, and who paid any fees to Defendant.

Pursuant to the Court's Order (Dkt. No. 134), Plaintiffs respectfully submit this plan for sending notice to the certified Class and Sub-Classes.

## II. PROPOSED FORMS AND MANNER OF NOTICE

In order to notify Class members that this case has been certified as a class action, Plaintiff proposes mailing a postcard substantially similar to the one attached as Appendix A (Postcard Notice) via First Class Mail to all Class and Sub-Class members, whose addresses Defendant provides. The Postcard Notice includes basic information about the class action and the right to be excluded, and direct Class members to a website where they can find detailed information about the action, including (1) a Long-form Notice in substantially the form as that attached as Appendix B; (2) Plaintiffs' Third Amended Complaint (Dkt. No. 58); (3) Defendant's Answer (Dkt. No. 77); and (4) this Court's Order on Defendant's Motion to Deny



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Class Certification and Plaintiffs' Motion for Class Certification (Dkt. No. 134). Class Counsel will also use the website to keep Class members apprised of important dates and deadlines in the litigation, and to provide answers to frequently asked questions. Both the Postcard Notice and the website will provide Class Counsel's contact information, including a toll-free number the Class members may call if they would like further information.

The proposed forms of notice, written in plain English and easily understood, provide neutral and objective information about the nature of the litigation and the Class claims. *See generally* Apps. A, B. The forms include information about who is in the Class, a statement of each Class member's rights (including the right to opt out of the Classes), a statement of the consequences of remaining in the Class, and methods for contacting Class Counsel and obtaining more information and documents regarding the litigation.

To opt out of the lawsuit, a Class member only has to sign and mail a letter to Class Counsel (postmarked by the opt-out deadline) indicating that he or she desires to be excluded from the litigation. Plaintiff proposes setting the opt-out deadline forty-five days from the date notice is initially mailed to the Classes. This period will give Class members ample time to receive notice, make an informed decision regarding their participation in the case, and, if they choose, exercise their right to opt out

## III. THE PROPOSED FORMS AND MANNER OF NOTICE

To protect the rights of absent class members, the Court must provide them with the best notice practicable when it certifies a class under Fed. R. Civ. P. 23(b)(3). The best notice practicable is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

### A. Plaintiffs' Plan for Disseminating Notice Satisfies Due Process

Where the names and addresses of potential class members are readily ascertainable, notice by mail is generally the preferred method. Manual for Complex Litig. (Fourth) §



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

21.311, at 391–92 (2015). "Posting notices on dedicated Internet sites, likely to be visited by class members and linked to more detailed certification information, is a useful supplement to individual notice, might be provided at a relatively low cost, and will become increasingly useful as the percentage of the population that regularly relies on the Internet for information increases." *See id.* at 392.

Here, Plaintiff is working with Seattle Mailing Bureau (SMB), a direct mailing company. Using the Class member information provided by Defendant, SMB will perform address updating through National Change of Address processing. SMB will then mail notice directly to each Class member. Plaintiffs will attempt to re-mail any Postcard Notices that are returned as undeliverable. If a Postcard Notice is returned with a forwarding address, Plaintiffs will attempt to re-mail the notice to the address provided. If a Postcard Notice is returned without a forwarding address, Plaintiffs will use a skip tracing database service to find possible alternate addresses. Thus, due process is satisfied. *Mullane*, 339 U.S. at 318.

**B. Plaintiffs' Proposed Forms of Notice Satisfy Due Process**

The effectiveness of a notice effort depends in large part on the form given to the notice. As a general rule, notice should come to the attention of a class member in terms that are clear and simple and should be neutral, objective, and informative. 3 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 8:12 (5th ed. 2015); *see also* Fed. R. Civ. P. 23 advisory committee's note (2003) ("The direction that class-certification notice be couched in plain, easily understood language is a reminder of the need to work unremittingly at the difficult task of communicating with class members."). The notice "must avoid endorsing the merits of the claim." *See Adoma v. Univ. of Phoenix, Inc.*, No. CIV. S-10-0059 LKK/GGH, 2010 WL 4054109, at *2 (E.D. Cal. Oct. 15, 2015) (citing *Hoffman La-Roche v. Sperling*, 493 U.S. 165, 173 (1989)).

Plaintiffs' proposed notice forms meet these goals. The notices' tone is neutral. *See* Apps. A–B. The forms are "intended to be noticed" and easy to understand, with large



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

headlines. *Id.* Without becoming overwhelming or mired in legalese, the notices include enough information to all Class members to make informed decisions regarding their right to participate in or opt out of the action. *See id.* Class members who would like additional details are given convenient mechanisms by which to gather such information such as a toll-free number, internet address, and traditional mailing address for Class Counsel and the website. *Id.*

Most importantly, though, Plaintiffs' proposed notice forms comport with the requirements of Fed. R. Civ. P. 23 and due process. When notice is issued it must advise each class member of (1) the nature of the action; (2) the definition(s) of the certified classes; (3) a description of the class claims; (4) that a class member may enter an appearance through counsel if the member so desires; (5) that the Court will excluded from the classes any member who requests exclusion, stating when and how members may elect to be excluded; and (6) the binding effect of a class judgment on class members who do not request exclusion. *See* Fed. R. Civ. P. 23(c)(2)(B); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (stating due process requires notice to apprise party of pendency of action, afford party opportunity to appear describe party's rights, and provide party opportunity to opt out of action). The forms Plaintiffs have proposed satisfy each of these requirements. *See* Apps. A–B.

## IV. CONCLUSION

If implemented, Plaintiffs' proposed plan will achieve the ultimate objective of providing neutral, informative notification of this action to Class members so that they can make knowledgeable and reasoned decisions regarding their rights. Under the circumstances, this is the best notice practicable. For these reasons, Plaintiffs respectfully request that the proposed notice plan be approved.



TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

RESPECTFULLY SUBMITTED AND DATED this 15th day of January, 2016.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Erika L. Nusser, WSBA #40854

Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Erika L. Nusser, WSBA #40854
Email: enusser@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Kathleen Box, WSBA #45254
Email: katy@leenandosullivan.com
NORTHWEST CONSUMER LAW CENTER
520 East Denny Way
Seattle, Washington 98122
Telephone: (206) 325-6022

Sam Leonard, WSBA #46498
Email: sam@seattledebtdefense.com
LEONARD LAW
801 2nd Avenue, Suite 1410
Seattle Washington 98104
Telephone: (206) 486-1176
Facsimile: (206) 458-6028

Paul Arons, WSBA #47599
Email: lopa@rockisland.com
LAW OFFICE OF PAUL ARONS
685 Spring Street
Friday Harbor, Washington 98250
Telephone: (360) 378-6496
Facsimile: (360) 378-6498

*Attorneys for Plaintiffs and the Class*

CERTIFICATE OF SERVICE

I, Erika L. Nusser, hereby certify that on January 15, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jeffrey E. Bilanko, WSBA #38829
Email: jbilanko@gordonrees.com
Elizabeth K. Morrison, WSBA #43042
Email: emorrison@gordonrees.com
Email: shosey@gordonrees.com
GORDON & REES LLP
701 Fifth Avenue, Suite 2100
Seattle, Washington 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

*Attorneys for Defendant*

DATED this 15th day of January, 2016.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Erika L. Nusser, WSBA #40854
Erika L. Nusser, WSBA #40854
Email: enusser@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

*Attorneys for Plaintiffs and the Class*