# Appendix B

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

# If you received a letter seeking to collect on a dishonored check from AllianceOne Receivables Management, Inc. a class action lawsuit may affect your rights.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- Margaret Dibb, Shauna Ovist, and Wendy Gondos have sued AllianceOne Receivables Management, Inc. (AllianceOne or Defendant), alleging AllianceOne violated the Fair Debt Collections Practices Act (FDCPA), the Washington Consumer Protection Act (CPA), and the Washington Collection Agency Act (CAA) by sending you a Notice of Dishonor of Check collection letter that does not comply with state law and by including a threat to have criminal charges filed against you.

- The Court has allowed the lawsuit to be a class action on behalf of the following all persons who wrote checks within the State of Washington, to whom AllianceOne sent, at any time since October 20, 2010, a Notice of Dishonor of Check letter in connection with an allegedly unpaid check.

- The Court has not decided whether Defendant did anything wrong. There is no money available now, and no guarantee there will be. However, your legal rights are affected, and you have a choice to make now.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT ||
|---|---|
| **DO NOTHING** | **Stay in this lawsuit. Await the outcome. Give up certain rights.** <br><br> By doing nothing, you keep the possibility of getting money that may come from a trial or a settlement. But, you give up any rights to sue AllianceOne separately about the same legal claims in this lawsuit. |
| **ASK TO BE EXCLUDED** | Get out of this lawsuit. Get no benefits from it. Keep rights. <br><br> If you ask to be excluded and moneys are later awarded, you won't share in those. But, you keep any rights to sue AllianceOne separately about the same legal claims in this lawsuit. |

QUESTIONS? CALL [NUMBER] TOLL FREE OR VISIT WWW.ALLIANCEONECLASSACTION.COM

- 1 -

PLAINTIFFS' PROPOSED NOTICE PLAN - 10
CASE NO. 3:14-CV-05835-RJB

- **YOUR OPTIONS ARE EXPLAINED IN THIS NOTICE. TO ASK TO BE EXCLUDED, YOU MUST ACT BEFORE DATE, 2016.**

- **LAWYERS MUST PROVE THE CLAIMS AGAINST ALLIANCEONE AT A TRIAL SET TO START DATE, 2016. IF MONEY IS OBTAINED FROM ALLIANCEONE, YOU WILL BE NOTIFIED ABOUT HOW TO ASK FOR A SHARE.**

- **ANY QUESTIONS? READ ON AND VISIT www.AllianceOneClassAction.com.**

## BASIC INFORMATION

### 1. Why did I get this notice?

AllianceOne's records indicate that you may have received a Notice of Dishonor of Check letter in connection with a dishonored check AllianceOne was attempting to collect. This notice explains that the Court has allowed, or "certified," a class action lawsuit that may affect you. You have legal rights and options that you may exercise before the Court holds a trial. The trial is to decide whether the claims being made against AllianceOne, on your behalf, are correct. Judge Robert J. Bryan of the United States District Court for the Western District of Washington is overseeing this class action. The lawsuit is known as *Dibb, et al. v. AllianceOne Management Receivables, Inc.*, No. 3:14-CV-05835-RJB.

### 2. What is this lawsuit about?

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims. All of these people are a class, or class members. One court resolves the issues for all class members, except those who exclude themselves from the class.

Here, the class representatives claim that AllianceOne violated the FDCPA, CPA and CAA by sending Notice of Dishonor of Check letters and collecting unlawful fees from persons who wrote checks within Washington.

The Court has certified two "Sub-Classes," an "FDCPA Sub-Class" and "CPA Sub-Class." Defendant denies it did anything wrong.

### 3. Why is this lawsuit a class action?

The Court decided that this lawsuit can be a class action and move towards a trial because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that:

- There are well over forty members in the Class;
- There are legal questions and facts that are common to each of them;
- Margaret Dibb, Shauna Ovist, and Wendy Gondos' claims are typical of the Class claims;
- Margaret Dibb, Shauna Ovist, and Wendy Gondos, and the lawyers representing the Class will fairly and adequately represent the interests of the Class;
- The common legal questions and facts are more important than questions that affect only individuals; and
- This class action will be more efficient than having many individual lawsuits.

More information about why the Court is allowing this lawsuit to be a class action is in the Court's Order on Defendant's Motion to Deny Class Certification and Plaintiffs' Motion for Class Certification, which is available at www.AllianceOneClassAction.com.

## THE CLAIMS IN THE LAWSUIT

**4. What is the lawsuit about?**

In the lawsuit, the Plaintiffs say that AllianceOne violated the FDCPA, CPA and CAA by sending class members a letter to collect on a dishonored check that includes a threat of criminal prosecution, that shortens the time for responding that is required by state law, and that fails to include effective notices required by state and federal law.  As a result, Plaintiffs say that AllianceOne was not allowed to collect any fees or other amounts more than the face amount of the check.  You can read Plaintiffs' Third Amended Class Action Complaint at www.AllianceOneClassAction.com.

**5. How does AllianceOne answer?**

AllianceOne denies that it did anything wrong.  AllianceOne also says that class certification was not appropriate.

**6. Has the Court decided who is right?**

The Court has not decided whether AllianceOne or the Plaintiffs are correct.  By establishing the Class and issuing this notice, the Court is not suggesting that the Plaintiffs will win or lose this case.  The Plaintiffs must prove their claims at a trial starting DATE, 2016.  (See "The Trial" below.)

**7. What are the Plaintiffs asking for?**

The Plaintiffs are asking that AllianceOne be ordered to stop sending notices that violate state law and to pay each class member three times the amount of the unlawful fees it collected, an additional $500,000 to be distributed to class members, and the reasonable attorneys' fees and costs incurred by Plaintiffs.

**8. Is there any money available now?**

No money is available now because the Court has not decided whether AllianceOne did anything wrong, and the two sides have not settled the case.  There is no guarantee that money will ever be obtained.  If it is, you will be notified about how to get your share.

## WHO IS IN THE CLASS

**9. Am I part of these Sub-Classes?**

Judge Bryan decided that the Plaintiffs could proceed with a class action on behalf of the following Class and Sub-Classes:

> Umbrella Class: All persons who wrote checks within the State of Washington, to whom AllianceOne sent, at any time since October 20, 2010, a Notice of Dishonor of Check in connection with an allegedly unpaid check, in a form substantially similar to the one allegedly sent to Plaintiffs.
>
> FDCPA Sub-Class: All persons in the umbrella class whose check was written to the Washington Department of Licensing to pay a fee

incurred primarily for personal, family or household purposes, to whom AllianceOne sent a NOD on or after October 20, 2013.

CPA Sub-Class: All persons in the umbrella class, to whom AllianceOne sent a NOD on or after October 20, 2010, and who paid any fees to Defendant.

### 10. I'm still not sure if I'm included.

If you are still not sure whether you are included, you can get free help at www.AllianceOneClassAction.com, or by calling or writing the lawyers representing the Class at the phone number or address listed in question 20.

## YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class or ask to be excluded before the trial, and you have to decide this now.

### 11. What happens if I do nothing at all?

By doing nothing you are staying in the Class. If you stay in the Class, you keep the possibility of getting money from this lawsuit  If you stay in and the Plaintiffs obtain money, either as a result of the trial or a settlement, you will be notified about how to apply for a share (or how to ask to be excluded from any settlement). **Keep in mind that if you do nothing now, regardless of whether the Plaintiffs win or lose the trial, you will not be able to sue, or continue to sue, AllianceOne — as part of any other lawsuit — about the same legal claims that are the subject of this lawsuit**. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action. If you do nothing, you may be able to sue for FDCPA, CPA and CAA violations by Defendant that occur after the trial takes place.

### 12. Why would I ask to be excluded?

If you already have an FDCPA, CPA or CAA lawsuit against AllianceOne and want to continue with it, you may want to be excluded from the Class. If you exclude yourself from the Class — which also means to remove yourself from the Class, and is sometimes called "opting-out" of the Class — you won't get any money from this lawsuit even if the Plaintiffs win after a trial or settle the case. However, you may then be able to sue or continue to sue AllianceOne for FDCPA, CPA or CAA violations that occurred or occurs at any time.

If you exclude yourself, you will not be legally bound by the Court's judgments in this class action. If you start your own lawsuit against AllianceOne after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against AllianceOne, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations.

### 13. How do I ask the Court to exclude me from the Class?

To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail, stating that you want to be excluded from *Dibb v. AllianceOne*. Be sure to include your name, address, and sign the letter. You must mail your Exclusion Request postmarked by DATE, 2016, to: Terrell Marshall Law Group, 936 N. 34th Street, Suite 300, Seattle, Washington 98103.

## THE LAWYERS REPRESENTING YOU

| **14. Do I have a lawyer in this case?** |
|---|

The Court has appointed Terrell Marshall Law Group PLLC (www.terrellmarshall.com), Leen & O'Sullivan, PLLC (www.leenandosullivan.com), Leonard Law (www.seattledebtdefense.com), and the Law Office of Paul Arons (www.checkrestitution.com) to represent you and all Class members. These lawyers are called Class Counsel. They are experienced in handling similar cases. More information about these attorneys can be found at their websites.

| **15. Should I get my own lawyer?** |
|---|

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

| **16. How will the lawyers be paid?** |
|---|

If Class Counsel obtain money for the Class, they may ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants Class Counsel's request, the fees and expenses would be either deducted from any money obtained for the Class or paid separately by Defendant.

## THE TRIAL

The Court has scheduled a trial to decide who is right in this case.

| **17. How and when will the Court decide who is right?** |
|---|

As long as the case isn't resolved by a settlement or otherwise, Class Counsel will have to prove the Plaintiffs' claims at trial. The trial is set to start on DATE, 2016, in the United States District Court for the Western District of Washington, 1717 Pacific Avenue, Tacoma, Washington, 98402. During the trial, a Jury or the Judge will hear all the evidence to help them reach a decision about whether the Plaintiffs or the Defendant are right about the claims in the lawsuit. There is no guarantee that the Plaintiffs will win, or that they will get any money for the Class.

| **18. Do I have to come to the trial?** |
|---|

You do not need to attend the trial. Class Counsel will present the case for the Plaintiffs and AllianceOne will present the defenses. You or your own lawyer are welcome to come at your own expense.

| **19. Will I get money after the trial?** |
|---|

If the Plaintiffs obtain money as a result of the trial or a settlement, you will be notified about how to participate. We do not know how long this will take.

## GETTING MORE INFORMATION

| **20. Are more details available?** |
|---|

Visit the website, www.AllianceOneClassAction.com, where you will find the Court's Orders certifying the class, the Third Amended Complaint that the Plaintiffs submitted, and the Defendant's Answer to the Third Amended Complaint. You also can speak to one of the lawyers by calling 1-[NUMBER] toll free or by writing to: Terrell Marshall Law Group PLLC, 936 N 34th Street, Suite 300, Seattle, Washington 98103.

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE ACTION.**

QUESTIONS? CALL [NUMBER] TOLL FREE OR VISIT WWW.ALLIANCEONECLASSACTION.COM

- 5 -

PLAINTIFFS' PROPOSED NOTICE PLAN - 14
CASE NO. 3:14-CV-05835-RJB