1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF WASHINGTON
9                      AT TACOMA

10

11   MARGARET L. DIBB, SHAUNA             CASE NO. 14-5835 RJB
     OVIST, and WENDY GONDOS,
     individually and on behalf of others  ORDER ON PLAINTIFFS'
12   similarly situated,                   EMERGENCY MOTION TO
                                           COMPEL COMPLIANCE WITH
13                    Plaintiffs,          JANUARY 12, 2016 ORDER RE:
                                           CLASS DATA
14          v.

15   ALLIANCEONE RECEIVABLES
     MANAGEMENT, INC.,
16
                      Defendant.
17

18          This matter comes before the Court on the Plaintiffs' Motion to Compel Compliance with

19   January 12, 2016 Order Re: Class Data.  Dkt. 143.  The Court has considered the pleadings filed

20   in support of and in opposition to the motion and the file herein.

21          Plaintiffs Margaret Dibb, Shanua Ovist, and Wendy Gondos filed this class action

22   seeking relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.*

23   ("FDCPA"), the Washington State Consumer Protection Act, RCW 19.86, *et seq.* ("CPA"), and

24   the Washington Collection Agency Act, RCW 19.16.100, *et seq.* ("CAA") in connection with

forms used in Defendant's attempts to collect debts arising from returned checks.  Dkt. 58.  A class and two subclasses have been certified. Dkt. 134.  On January 12, 2016, the Court entered a scheduling order requiring Defendant to provide mailing information for all class members in a "usable format."  Dkt. 138.  Now pending is Plaintiffs' motion to compel Defendant's compliance with the January 12, 2016 order regarding mailing information for the class and a motion for extension of the case deadlines.  Dkt. 143.  For the reasons provided, the motion to compel should be denied and the motion for extension of the case deadlines should be granted.

## I.   FACTS

The background facts are in the order certifying the class and subclasses (Dkt. 134, at 1-5) and are adopted here.  The following class and subclasses were certified:

Umbrella Class: All persons who wrote checks within the State of Washington to whom AllianceOne sent, at any time since October 20, 2010, a Notice of Dishonor of Check in connection with an allegedly unpaid check, in a form substantially similar to the one allegedly sent to Plaintiffs.

Fair Debt Collection Practices Act Sub-Class: All persons in the umbrella class whose check was written to the Washington Department of Licensing to pay a fee incurred primarily for personal, family or household purposes, to whom AllianceOne sent a Notice of Dishonor of Check on or after October 20, 2013.

Consumer Protection Act Sub-Class: All persons in the umbrella class, to whom AllianceOne sent a Notice of Dishonor of Check on or after October 20, 2010, and who paid any fees to Defendant.

Dkt. 143.

Parties have been engaging in discovery for several months, including before December 16, 2015, the point at which the class and subclasses were certified.  As is relevant to the pending motion, on August 7, 2015, in response to Interrogatory No. 18, when asked the number of people to whom Defendant sent a Notice of Dishonor, Defendant stated that it "estimates that since 2010 it has sent over 11,300 Notices of Dishonor on which it has collected an amount over

1  the principal.  Defendant is continuing to review its records and will supplement this response."

2  Dkt. 144, at 29.  Defendant later supplemented its response, "[u]pon further review of its records,

3  Defendant has sent approximately 8,430 notices of dishonor to debtors with Washington

4  addresses."  Dkt. 147-5, at 16.  On October 29, 2015, Defendant supplemented its responses to

5  Plaintiffs' Interrogatories No. 5 and 16.  Dkt. 143, at 5. The interrogatories and supplemental

6  responses provided:

7      **INTERROGATORY NO. 5:**  For each of the last four years, state the name, last, known address, phone number, and email address of each person to whom

8      ALLIANCEONE sent a NOTICE OF DISHONOR in connection with a DOL CHECK that contained the phrase:

9

10          You are also CAUTIONED that law enforcement agencies may be provided with a copy of this notice of dishonor and the check drawn by you for the possibility of proceeding with criminal charges if you do not

11          pay the amount of this check within thirty –three days after the date this letter is postmarked . . .

12

13      **SECOND SUPPLEMENTAL RESPONSE**:  Subject to the Parties' Confidentiality Agreement, see ARMI006207-ARMI006303. . .

14      **INTERROGATORY NO. 16**:  For EACH of the last four years, state the name, last known address, phone number and email address, check amount, check

15      payee, and itemized statement of amounts COLLECTED for EACH PERSON to whom ALLIANCEONE sent a NOTICE OF DISHONOR in CONNECTION

16      with an attempt to COLLECT a CHECK, where the NOTICE OF DISHONOR included a statement that the CHECK writer had to make a payment within thirty

17      days after the date the letter was postmarked, to either: (1) avoid the possibility that law enforcement agencies might be provided with a copy of the NOTICE OF

18      DISHONOR; or, (2) to avoid the imposition of additional costs, including costs of COLLECTION or interest. . .

19

20      **SUPPLEMENTAL RESPONSE**:  Subject to the parties' confidentiality agreement, see ARMI006304-6349.

21  Dkts. 147-4, at 8-9 and 147-5, at 12.  The record does not include either ARMI006207-

22  ARMI006303 or ARMI006304-6349.  Parties refer to ARMI006207-ARMI006303 or

23  ARMI006304-6349 as "lists" or "spreadsheets."  *See E.g*. Dkts. 144, at 3 and 147, at 2.  As is

24

1  also relevant here, Plaintiffs also propounded Request for Production No. 25 on June 17, 2015,

2  which requested Defendant produce copies of all complaints it filed in the State of Washington

3  in which Defendant alleged a party owed money as a result of writing a check that was

4  dishonored on presentment; the request included all other documents filed in those lawsuits as

5  well.  Dkt. 144, at 32.  Defendant states that it is still in the process of producing these

6  documents.  Dkt. 145.

7  　　　　On January 16, 2015, in accord with the parties' joint submission, a scheduling order was

8  entered, requiring Defendant to provide mailing information for all class members ("notice

9  lists") in a "useable format" no later than February 1, 2016 so that notice could be sent.  Dkt.

10  138.  The discovery cutoff is set for July 1, 2016.  *Id.*

11  　　　　On February 1, 2016, Defendant provided Plaintiff two class lists:  one for the Fair Debt

12  Collections Practices Act subclass and one for the Washington Consumer Protection Act

13  subclass.  Dkt. 147, at 1.  Plaintiffs' counsel emailed Defendants counsel, informed them that

14  they noticed differences in the class information provided in ARMI006207-ARMI006303 and

15  ARMI006304-6349 (again these appear to be the spreadsheets sent in response to discovery) and

16  the February 1, 2016 class notice list.  Dkt. 147-2, at 1.  Plaintiffs inquired about the

17  methodology used to create the lists (including which search terms were used for Defendant's

18  computer system).  *Id.*

19  　　　　Parties conferred and were unable to resolve the dispute.  Dkts. 144 and 147.

20  　　　　As is also relevant to the present motion, despite its agents testifying under oath that the

21  letter Plaintiffs received was the only version of the Notice of Dishonor of Check form sent

22  during the class period, on February 26, 2016, Defendant produced to Plaintiffs a second Notice

23  of Dishonor of Check form ("IHNSF letter") which was also sent to some people who wrote

24

1  checks within the State of Washington.  Dkt. 148, at 2.  Defendant maintains that this version of

2  the letter is sent when Defendant is "collecting its own debts or a debt owed to its corporate

3  division [Single Credit Management]."  *Id.*  Defendant asserts that the IHNSF letter is different

4  than the form sent to Plaintiffs, which is referred to in the "DSH2 letter."  *Id.*

5         On March 8, 2016, Plaintiffs filed the pending motion.  Dkt. 143.  They argue that they

6  have discovered a number of discrepancies in the notice lists Defendant sent them when

7  compared with its answers to discovery requests.  *Id.* Plaintiffs point out that Defendant's notice

8  list only contained 5,882 class members, as opposed to their initial estimate of 11,300 possible

9  letters sent.  *Id.*  Plaintiffs assert that Defendant improperly withheld from the notice list class

10 members who received the lately disclosed IHNSF letter.  *Id.*  Plaintiffs assert that Defendant has

11 improperly excluded parties that have non-Washington addresses from the notice lists.  *Id.*

12 Plaintiffs argue that class list produced by Defendant in discovery contains 2,070 entries that are

13 not on the CPA subclass notice list.  *Id.*  Plaintiffs state that in response to a "spot check" that

14 Defendant asserted it conducted that revealed the debtor did not make any payment toward fees,

15 Plaintiff conducted their own "spot check" and found that seven of the eight debtors had paid

16 fees.  *Id.*  Plaintiff asserts that Defendant has not fully produced records from its collection

17 lawsuits, but in the ones produced, Plaintiffs found sixteen cases in which Defendant collected

18 some money but none of those accounts were disclosed on the notice lists.  *Id.*  Plaintiffs also

19 maintain that the notice lists also failed to include at least three private creditors and six public

20 entity creditors that Plaintiffs discovered by reviewing the lawsuits.  *Id.*

21        Plaintiffs move for an order that requires Defendant "to generate new Notice Lists within

22 one week of the order, providing Plaintiffs with Class Member contact information and the client

23 code for every entity for whom AllianceOne has used any Notice of Dishonor of Check form to

24

ORDER ON PLAINTIFFS' EMERGENCY
MOTION TO COMPEL COMPLIANCE WITH
JANUARY 12, 2016 ORDER RE: CLASS DATA- 5

1    collect checks written to pay obligations in Washington during the class period." Dkt. 143.

2    Plaintiff further moves for an order requiring Defendant to "produce the written query

3    instructions it proposes to use to generate the new Notice Lists . . . and the parties shall meet and

4    confer to resolve any differences . . . and shall cooperate and use their best efforts to agree on the

5    best means for generating accurate Notice Lists." *Id.* Plaintiffs request the Court issue an order

6    requiring Defendant to provide, in writing and under oath:

7         1. an explanation regarding the discrepancies identified in Plaintiffs' counsel's February

8            16, 2016 letter regarding the 2,070 listed entries not included on the notice lists,

9         2. a confirmation that the DSH2 form and the [IHNSF] letter are the only Notice of

10           Dishonor of Check forms that AllianceOne sent to check writers during the class

11           period, as well as, an explanation of when and under what circumstances AllianceOne

12           uses or has used the [IHNSF] letter, and

13         3. the addresses of the 58 check writers who were sent any Notice of Dishonor of Check

14           form, but were excluded from the notice lists provided on February 1, 2016 because

15           they had non-Washington addresses.

16    Dkts. 143 and 152. Plaintiffs also move for an order permitting Plaintiffs, "if needed to confirm

17    that accuracy of class information," the ability to "request AllianceOne's computerized data for

18    up to thirty check writers, which AllianceOne shall provide within five days of the written

19    request." Dkt. 143. Plaintiffs move for an order compelling Defendant to produce all lawsuit

20    documents sought in Request for Production No. 25, within ten days of the date of the order. *Id.*

21    Lastly, Plaintiffs argue that the class schedule will need to be altered and deadlines extended. *Id.*

22        Defendant responds and argues that the previous spreadsheets were produced in response

23    to broad discovery requests, using different search parameters, months before the class was

24

1   certified.  Dkt. 145.  According to Defendant, the February 2016 class notice list was created

2   using the certified class description.  *Id.*  For example, Defendant explains that the spreadsheet

3   ARMI006304-6349, which was created in response to Interrogatory 16, was made by searching

4   its computer system for dishonored check accounts without reference to where the letter was sent

5   or whether any money was collected on the account (which would be relevant to the CPA

6   subclass).  *Id.*  The spreadsheet ARMI006207-ARMI006303, created to answer Interrogatory

7   No. 5, was created looking at checks written to the Department of Licensing since 2010; it was

8   not created looking at if payments were made or if the letters were sent since October 20, 2013

9   (the timeframe relevant for the FDCPA subclass).  *Id.*  Defendant states that discovery is ongoing

10  and that it is providing the lawsuit information requested as quickly as is reasonable.  *Id.*

11  Defendant contends that there is nothing more to compel.  *Id.*

12      Defendant further argues that it complied with this Court's January 12, 2016 order.  Dkt. 145.

13  Defendant argues that it properly excluded the check writers who received the IHNSF letter.  *Id.*

14  They assert that it is not "substantially similar" to the letter Plaintiffs received and it was sent in

15  its' capacity as a creditor.  *Id.*  Defendant argues that the IHNSF letter is sent when Defendant is

16  collecting debts owed to its corporate division Signal Credit Management, and so it is not a debt

17  collector under the FDCPA, but as a creditor.  *Id.*  Moreover, Defendant asserts that it properly

18  excluded 58 people from the notice list because they had out of state addresses.  *Id.*  It points out

19  that the certified class was for "[a]ll persons who wrote checks within the State of Washington . .

20  ."  *Id.*  Defendant further argues that a majority of Plaintiffs' requests for relief are new

21  discovery requests, perhaps in an effort to circumvent the federal rules governing discovery.  *Id.*

22  Defendant lastly states that it is continuing to produce documents related to the collection

23  lawsuits as requested in Request for Production No. 25.  *Id.*

24

1    Plaintiffs argue in their Reply that Defendant has made serial misrepresentations about

2    the Notice of Dishonor of Check form it mails.  Dkt. 152.  They assert that persons who were

3    sent the IHNSF letter are also members of the CPA subclass.  *Id.*  Plaintiffs maintain that out of

4    state consumers subjected to wrongful conduct originating in Washington are protected by the

5    CPA and so, are members of the CPA subclass as well.  *Id.*  Plaintiffs argue that whether

6    Defendant is a collection agency under Washington law is not relevant to determining

7    membership in the CPA subclass.  *Id.*  Plaintiffs argue that Defendant should be ordered to

8    provide reasonable assurances that the notice lists are accurate and that it has not unilaterally

9    excluded any persons who may be class members.  *Id.*

10    This order will first address the motion to compel and then the motion regarding

11    extension of the case deadlines.

12                                    **II.        DISCUSSION**

13    **A.  MOTION TO COMPEL**

14    Fed. R. Civ. P. 16 (f)(1)(C) provides, "[o]n motion or o its own, the court may issue any just

15    orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order."

16    Plaintiff's motion to compel compliance with the January 12, 2016 order (Dkt. 143) should

17    be denied.  Defendant was ordered to provide a class list with addresses in a "useable format."

18    Dkt. 138.  It did so.  The order was not intended to force Defendant to definitively determine

19    who should be included in the class and/or subclasses, but to provide a useable format for the

20    addresses of potential class members.  Plaintiffs do not dispute that they have the addresses they

21    requested through discovery.  Plaintiffs are free to administer the case, including sending the

22    notices, as they choose.  While there may be variations in the lists, Defendant has not defied the

23    Court's order.  Parties' arguments regarding the exclusion of class members from the class notice

24

1  list Defendant provided based on which form letter was sent or because they had out of state

2  addresses are merits determinations and not appropriate for a motion such as this.  To the extent

3  that Plaintiffs seek an order compelling Defendant to create a new class list the motion should be

4  denied.

5      Fed. R. Civ. P. 37 (a)(1) provides that "a party may move for an order compelling disclosure

6  or discovery."  Rule 37(a)(3), provides:

7          (A) To Compel Disclosure. If a party fails to make a disclosure required by Rule
           26(a), any other party may move to compel disclosure and for appropriate
8          sanctions.

9          (B) A party seeking discovery may move for an order compelling an answer,
           designation, production, or inspection. This motion may be made if:
10
               (i) a deponent fails to answer a question asked under Rule 30 or 31;
11             (ii) a corporation or other entity fails to make a designation under Rule
               30(b)(6) or 31(a)(4);
12             (iii) a party fails to answer an interrogatory submitted under Rule 33; or
               (iv) a party fails to produce documents or fails to respond that inspection
13             will be permitted -- or fails to permit inspection -- as requested under Rule
               34. . . .
14

15      Plaintiffs' motion to compel the Defendant to:  (1) testify about the discrepancies identified

16  in Plaintiffs' counsel's February 16, 2016 letter regarding the 2,070 people listed in discovery

17  responses and not included on the class notice list, (2) testify that the DSH2 form and the IHNSF

18  letter are the only Notice of Dishonor of Check forms that Defendant sent during the relevant

19  period, (3) provide the names and addresses of the 58 out of state people who received letters,

20  and (4) produce computerized data for up to thirty check writers (Dkt. 143) should also be

21  denied.  Plaintiffs have not identified a Rule 26 disclosure, a failure by a deponent to answer a

22  question, a failure by Defendant to make a Rule 30(b)(6) or 31(a)(4) designation, an

23  interrogatory or request for production to which Defendant has failed to respond in regard to this

24  information.  Plaintiffs must adhere to the federal rules regarding discovery.

1    Plaintiffs also move for an order compelling Defendant to produce all documents sought in

2    Request for Production 25 (regarding the collection lawsuits) to be provided within ten days of

3    the date of this order.  Dkt. 143.

4    Under Rule 26 (e)(1)(A), a party who has responded to a request for production must

5    supplement its response "in a timely manner."

6    Plaintiffs' motion to compel the documents related to the collection lawsuits within ten days

7    of the date of this order (Dkt. 143) should be denied.  Defendant states that it is reviewing and

8    continuing to produce those documents.  Defendant, however, should make responding a

9    priority, as the discovery request was made several months ago.

10    Moreover, parties should be mindful that the Court expects them to cooperate as much as

11    possible, and to follow the rules.  Civility is of utmost importance.

12    **B.  CASE SCHEDULE**

13    Plaintiffs argue that the class schedule will need to be altered and deadlines extended

14    considering the discrepancies in the class lists and the lists they acquired in discovery.  Dkt. 143.

15    Defendant does not meaningfully respond.  Plaintiffs do not provide proposed dates for the

16    extension.

17    Under the current case schedule, the deadline for Plaintiffs to mail the class notices to

18    potential class members is April 5, 2016 and the expiration of the class opt-out period is May 17,

19    2016.  Dkt. 142.  Plaintiffs should be given a short extension of time, working with Defendant, to

20    advise the Court of appropriate modifications in the case schedule.  Current mailing deadlines

21    are stricken.  Accordingly, a deadline for a new case schedule should be set.  Parties should file a

22    proposed amended case schedule on or before April 8, 2016.

23

24

1

### III.   ORDER

2      Therefore, it is hereby **ORDERED** that:

3      • Plaintiffs' Motion to Compel Compliance with January 12, 2016 Order Re: Class

4         Data (Dkt. 143 ) is **DENIED;** and

5      • Plaintiffs' motion for an extension of the case deadlines (Dkt. 143) **IS**

6         **GRANTED**;

7         o Parties **SHALL** file a proposed amended case schedule on or before **April**

8            **8, 2016**.

9      The Clerk is directed to send uncertified copies of this Order to all counsel of record and

10   to any party appearing *pro se* at said party's last known address.

11      Dated this 31st day of March 2016.

12

13

14   ROBERT J. BRYAN
      United States District Judge

15

16

17

18

19

20

21

22

23

24   ORDER ON PLAINTIFFS' EMERGENCY
      MOTION TO COMPEL COMPLIANCE WITH
      JANUARY 12, 2016 ORDER RE: CLASS DATA-
      11