THE HONORABLE ROBERT J. BRYAN

1
2
3
4
5
6
7

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8
9
10
11
12
13
14
15

MARGARET DIBB, SHAUNA OVIST, and
WENDY GONDOS on behalf of herself and on
behalf of others similarly situated,

Plaintiffs,

vs.

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,

Defendant.

NO. 3:14-CV-05835-RJB

**PLAINTIFFS' MOTION FOR
PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

**NOTED FOR CONSIDERATION:
March 31, 2017**

16
17
18
19
20
21
22
23
24
25
26
27

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 3:14-CV-05835-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## **<u>TABLE OF CONTENTS</u>**

2
                                                                                              **Page**

3
I.      INTRODUCTION ................................................................................................ 1

4
II.     STATEMENT OF FACTS ................................................................................... 2

5
        A.      Factual background ................................................................................. 2

6
                1.      AllianceOne's Notice of Dishonor of Check forms ........................... 2

7
                2.      AllianceOne's collection of fees ....................................................... 3

8
        B.      Procedural background ........................................................................... 3

9
        C.      The proposed Settlement ........................................................................ 5

10
                1.      The Settlement Class ....................................................................... 5

11
                2.      Monetary relief ................................................................................ 6

12
                        a.      Class Member awards ............................................................ 6

13
                        b.      Class Representatives' statutory damages
                                and incentive awards .............................................................. 7

14
                        c.      Attorneys' fees and litigation expenses .................................. 7

15
                        d.      Administration costs .............................................................. 8

16
                3.      Non-Monetary relief ........................................................................ 8

17
                4.      Settlement administration and notice ................................................ 9

18
III.    ARGUMENT AND AUTHORITY ...................................................................... 10

19
        A.      The settlement approval process ........................................................... 10

20
        B.      The criteria for settlement are satisfied ................................................. 11

21
                1.      The Settlement is the product of informed and non-collusive
                        negotiations by experienced counsel after extensive investigation
                        and litigation ..................................................................................... 12

22

23

24

25

26

27

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - i
Case No. 3:14-CV-05835-RJB

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2. The Settlement is fair and does not grant preferential treatment to any Class Members ........................................................ 14

3. The Class Representative service and statutory damages awards are reasonable ......................................................................... 15

4. The request for attorneys' fees and reimbursement of expenses will be reasonable and commensurate with the work performed ...... 16

C. Provisional certification of the Class and Sub-Classes is appropriate .......... 16

D. The proposed notice program is constitutionally sound ............................... 18

E. The scheduling of a final fairness hearing is appropriate ............................. 19

IV. CONCLUSION ........................................................................................ 19

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - ii
CASE NO. 3:14-CV-05835-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## <u>TABLE OF AUTHORITIES</u>

2
**Page**

### STATE CASES

3

4
*Morgan v. AllianceOne Receivables Management, Inc.*,
    King County Superior Court Case No. 16-2-26246-5 SEA ........................................ 4

5

### FEDERAL CASES

6

7
*Class Plaintiffs v. City of Seattle*,
    955 F.2d 1268 (9th Cir. 1992) ................................................................. 10

8
*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ................................................................. 11

9

10
*Hansen v. Ticket Track, Inc.*,
    213 F.R.D. 412 (W.D. Wash. 2003). ...................................................... 17

11
*Hunt v. Check Recovery Sys., Inc.*,
    241 F.R.D. 505 (N.D. Cal. 2007) ............................................................ 17

12

13
*Ikuseghan v. Multicare Health Sys.*,
    No. 3:14-cv-05539-BHS,
    2016 WL 3976569 (W.D. Wash. July 25, 2016)..................................... 12

14

15
*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000)................................................................... 14

16

17
*In re Mercury Interactive Corp. Sec. Litig.*,
    618 F.3d 988 (9th Cir. 2010) ..................................................................... 8

18

19
*In re Omnivision Tech., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008)................................................... 14

20

21
*In re Online DVD-Rental Antitrust Litig.*,
    779 F.3d 934 (9th Cir. 2015).................................................................... 11

22
*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
    227 F.R.D. 553 (W.D. Wash. 2004)........................................................ 12

23

24
*Keele v. Wexler*,
    149 F.3d 589 (7th Cir. 1998) ................................................................... 17

25

26
*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ................................................................................ 18

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*National Rural Telecommunications Coop. v. DirectTV, Inc.*,
   221 F.R.D. 523 (C.D. Cal. 2004)................................................................ 12

*Palmer v. Stassinos*,
   233 F.R.D. 546 (N.D. Cal. 2006) ............................................................. 17

*Pelletz v. Weyerhaeuser Co.*,
   592 F. Supp. 2d 1322 (W.D. Wash. 2009) ............................................... 15

*Pierce v. Novastar Mortg., Inc.*,
   No. C 05-5835 RJB, 2007 WL 1847216 (W.D. Wash. June 27, 2007) ................... 11

*Ortiz v. Fiberboard Corp.*,
   527 U.S. 815 (1999) ................................................................................. 12

*Quiroz v. Revenue Prod. Mgmt., Inc.*,
   252 F.R.D. 438 (N.D. Ill. 2008) ..................................................... 17, 18

*Richardson v. L'Oreal USA, Inc.*,
   951 F. Supp. 2d 104 (D.D.C. 2013)......................................................... 13

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) ............................................................ 14, 15

*Ruch v. AM Retail Group, Inc.*,
   No. 14-cv-05352-MEJ, 2016 WL 1161453 (N.D. Cal. Mar. 24, 2016) ................... 13

*Schwarm v. Craighead*,
   233 F.R.D. 655 (E.D. Cal. 2006).............................................................. 18

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) .................................................................. 16

**STATUTES**

RCW 62A.3-515...................................................................................... 1

RCW 62A.3-530...................................................................................... 2

RCW 62A.3-540...................................................................................... 1

RCW 62A.3-550...................................................................................... 4

RCW 19.16.450 ....................................................................................... 4

RCW 19.86.090 ..................................................................................... 16

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

15 U.S.C. § 1692k ............................................................................................. 16

**FEDERAL RULES**

Fed. R. Civ. P. 23(a)(1) ................................................................................... 17

Fed. R. Civ. P. 23(a)(2) ................................................................................... 17

Fed. R. Civ. P. 23(a)(3) ................................................................................... 17

Fed. R. Civ. P. 23(a)(4) ................................................................................... 17

Fed. R. Civ. P. 23(b)(3) ............................................................................. 17, 18

**OTHER AUTHORITIES**

*Newberg on Class Actions* § 13.1 (5th ed. 2016 Supp.) ................................ 10, 11

*Newberg on Class Actions* § 8:17 ................................................................. 19

*Manual for Complex Litigation (Fourth)* §§ 21.632 – 21.634 (2016)...................... 10, 11, 17

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# I.  INTRODUCTION

Plaintiffs Margaret Dibb, Shauna Ovist, Wendy Gondos, and the plaintiff in a similar state court action, Tamara Morgan, (collectively, "Plaintiffs") have reached a Settlement with AllianceOne Receivables Management, Inc. (Defendant or AllianceOne). The Settlement requires Defendant to pay $1,900,000 to establish a non-reversionary Settlement Fund. All Settlement Class Members who do not opt out and who paid Check Fees[1] to AllianceOne will receive an award of at least 100% of the Check Fees they paid. Settlement Class Members who are in the FDCPA Sub-Class will receive an award of not less than $30 regardless of whether the Sub-Class Member paid any fees, representing FDCPA statutory damages. If there are amounts remaining in the Class Fund after calculating payment of 100% of Checks Fees and FDCPA statutory damages, those amounts will be paid as CPA treble damages to CPA Sub-Class Members pro rata based on the amount of Check Fees paid. Thus, Settlement Class Members who paid Check Fees may receive more than 100% of the Check Fees they paid.

In addition, AllianceOne has agreed to significant non-monetary relief. Among other things, AllianceOne has agreed to stop collecting Check Fees and to forgive unpaid Check Fees on Settlement Class Member Accounts. Plaintiffs estimate that AllianceOne's agreement to forgive unpaid Check Fees is valued at more than $500,000. Thus, the total value of the Settlement is more than $2,400,000.

The Settlement Fund will also be used to pay service and statutory damages awards to the Class Representatives not to exceed $12,500 in the aggregate as approved by the Court, and reasonable attorneys' fees and expenses not to exceed $950,000 as approved by the Court in accordance with fee-shifting principles.

---

[1] All capitalized terms have the definitions set forth in the Settlement Agreement and Release attached as Exhibit 1 to the Declaration of Erika L. Nusser (Nusser Decl.). Check Fees includes certain fees and costs provided in RCW 62A.3-515-540, specifically collection costs, interest accruing before the entry of the Final Approval Order, treble damages, attorneys' fees and court costs. Check Fees does not include Reasonable Handling Fees not to exceed $40.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 1
CASE NO. 3:14-CV-05835-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

The Settlement is a terrific result, and is fair, adequate, and reasonable. Accordingly, Plaintiffs respectfully request that the Court take the following initial steps in the settlement approval process: (1) grant preliminary approval to the Settlement; (2) permit the filing of a Fourth Amended Complaint; (3) provisionally certify the proposed Settlement Class; (4) appoint Plaintiffs as the Class Representatives; (5) appoint as Class Counsel the law firms of Terrell Marshall Law Group PLLC, Law Office of Paul Arons, and Leonard Law; (6) approve the proposed notice plan; (7) appoint JND Legal Administration to serve as the Settlement Administrator; and (8) schedule the final fairness hearing and related dates.

## II.  STATEMENT OF FACTS

**A.    Factual background.**

AllianceOne is a national debt collector. Like other high volume collectors, AllianceOne receives unpaid check referrals from its clients, sends collection demands to the check writers, receives payments made by the check writers, and disburses the payments it receives to its clients and to itself.  In some instances, AllianceOne files collection lawsuits. It does not have any practice of notifying law enforcement authorities about the dishonored checks it attempts to collect. AllianceOne tracks all collection activity, from the initial referral, through final payment, on a sophisticated computer application known as the "CUBS" system.

     1.    AllianceOne's Notice of Dishonor of Check forms.

When collecting a dishonored check in Washington, a statutory scheme authorizes collection agencies to use a statutorily mandated NOD form to increase the fees it collects from consumers who do not immediately pay after being sent an NOD. Plaintiffs allege that AllianceOne's NOD forms do not comply with the requirements of this statutory scheme, RCW 62A.3-530 and 540 (hereinafter, the "NOD Statutes"). For example, RCW 62A.3-530 requires that check writers be given 33 days from the postmarked date of the NOD to pay before suffering adverse consequences.  AllianceOne modified the statutory form to shorten the payment deadline and the timeframe when AllianceOne threatened to take legal action against

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

the consumer from 33 days to 30 days. In addition to shortening the statutorily-mandated timeframes, AllianceOne represented to consumers that the NOD was postmarked one day before the letter was actually sent, thereby further shortening the statutory timeframe for consumers to respond. AllianceOne also modified the statutory form to eliminate a cautionary note to consumers that certain statements in the NOD should not be construed as representing or implying that any legal action will be taken against the consumer. Finally, AllianceOne generated an electronic version of its NOD for use in state court collection lawsuits. The electronic version of the NOD includes an affidavit of mailing under penalty of perjury and a machine signature. The electronic version of the NOD, however, is not identical to the notice that is actually mailed to consumers.

2.    AllianceOne's collection of fees.

During the class period, AllianceOne collected six different categories of fees from more than 10,000 Washington consumers to whom it sent one of its faulty NODs. Plaintiffs allege that because AllianceOne's NODs do not comply with the Washington NOD Statutes, AllianceOne was not entitled to collect these fees. AllianceOne's records as of October 2016 show that it has collected more than $630,000 in Check Fees from Washington consumers.

**B.    Procedural background.**

Plaintiff Margaret Dibb filed this lawsuit on October 20, 2014. Dkt. # 1. Ms. Dibb successfully opposed AllianceOne's motion to dismiss and early motion for summary judgment. Dkt. ## 12, 33. As a result of Ms. Dibb's continued investigation into AllianceOne's check collection practices, additional named plaintiffs and claims were added. Dkt. ## 52, 58.

On December 16, 2015, the Court certified an Umbrella Class consisting of "[a]ll persons who wrote checks within the State of Washington to whom AllianceOne sent, at any time since October 20, 2010, a Notice of Dishonor of Check in connection with an allegedly unpaid check, in a form substantially similar to the one allegedly sent to Plaintiffs." Dkt. # 134. After the class was certified, Plaintiffs learned additional information through discovery that

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 3
CASE NO. 3:14-CV-05835-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

required a modification of the Umbrella Class definition, to which the parties stipulated and which the Court approved on September 22, 2016. Dkt. # 175. In addition, the parties agreed at that time to exclude from the Class individuals against whom AllianceOne had obtained a judgment awarding money in a state court action. *Id*. Tamara Morgan was excluded from the Class as a result of this modification.

On October 26, 2016, Ms. Morgan filed a state court action against AllianceOne on behalf of herself and all other individuals against whom AllianceOne had obtained a judgment – *Morgan v. AllianceOne Receivables Management, Inc.*, King County Superior Court Case No. 16-2-26246-5 SEA (the "State Court Action"). *See* Nusser Decl. ¶ 3. Ms. Morgan alleged many of the same violations alleged by the Plaintiffs in this action. *Id*. Notices regarding certification and the changed Umbrella Class definition were sent to Class Members and those who were later excluded. Dkt. # 175.

After conducting extensive informal and formal discovery, thoroughly investigating the facts, and researching and analyzing their respective legal positions, and assessing potential damages, the parties began settlement negotiations during two full-day mediations held before respected mediator, Louis Peterson on December 21, 2016 and February 15, 2017. *See* Nusser Decl. ¶ 4. During the first day of mediation, AllianceOne indicated its desire to include the proposed class members in the State Court Action brought by Ms. Morgan in any settlement. Plaintiffs agreed because AlliancOne had provided collection data for the members of the State Court Action and Plaintiffs were therefore able to determine the damages owed to the members of that proposed class. *Id*.

One of the primary disagreements during the mediation was over AllianceOne's entitlement to collect a Reasonable Handling Fee. Plaintiffs allege that under the Washington Collection Agency Act, a collection agency forfeits the right to ever collect <u>any</u> fees when it engages in conduct that violates the Act. *See* RCW 19.16.450. AllianceOne asserted that under the law applicable to NODs, a collection agency is entitled to collect a Reasonable Handling

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 4
CASE NO. 3:14-CV-05835-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Fee regardless of whether it sends an NOD and that a faulty NOD therefore does not impact the right to collect such a fee. RCW 62A.3-550. Defendant also contended that it was entitled to use the statutory form of NODs intended for non-collection agency creditors and that its NODs complied with that statute. Plaintiffs were confident they would prevail on both issues at trial, but Plaintiffs pragmatically considered Defendant's position and realistically considered the risks inherent in any trial. Nusser Decl. ¶ 5.

By the end of the first day of mediation, the parties had not reached agreement; however, they agreed to continue negotiations with Mr. Peterson's assistance. Mr. Peterson made a mediator's proposal with respect to the monetary terms, which the parties ultimately accepted on December 23, 2016. *Id*. ¶ 6. The parties engaged in additional negotiations to hammer out the details of a written agreement, but were unable to agree on the non-monetary class relief. *Id*.

The parties returned for a second full day of mediation on February 15, 2017, to negotiate the non-monetary terms of the settlement. *Id*. ¶ 7. The parties finally reached agreement and continued to work on the written agreement over the next several weeks, resulting in a final agreement signed by all parties on March 17, 2017. *Id*.

All of the parties' settlement negotiations have been non-collusive and at arm's length. Nusser Decl. ¶ 8. The parties have reached a class action settlement in this case that Plaintiffs and their counsel believe is fair, adequate, reasonable, and in the best interests of the Class. *Id*.

**C.   The proposed Settlement.**

The details of the Settlement are contained in the Settlement Agreement & Release between Plaintiffs and Defendant. *See* Nusser Decl., Ex. 1 (Settlement Agreement). For purposes of preliminary approval, the following summarizes the Settlement Agreement's terms.

1.   <u>The Settlement Class.</u>

The proposed Settlement Class includes:

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 5
CASE NO. 3:14-CV-05835-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

> <u>Umbrella Class</u>: All persons who reside in the State of Washington to whom AllianceOne sent, at any time between October 20, 2010 and April 16, 2017, a Notice of Dishonor of Check in connection with an allegedly unpaid check, in a form substantially similar to the one allegedly sent to Plaintiffs, or from whom AllianceOne collected statutory collection costs, treble damages, court costs, attorneys' fees or interest on the underlying dishonored check.

> <u>FDCPA Sub-Class</u>: All persons in the Umbrella Class whose check was written to the Washington Department of Licensing to pay a fee incurred primarily for personal, family or household purposes, to whom AllianceOne sent a NOD on or after October 20, 2013.

> <u>CPA Sub-class</u>: All persons in the Umbrella Class, to whom AllianceOne sent a NOD on or after October 20, 2010 or from whom AllianceOne collected statutory collection costs, treble damages, court costs, attorney fees or interest on the underlying dishonored check.

Settlement Agreement § II.4; *see also* Nusser Decl., Ex. 2 (Proposed Fourth Amended Complaint).

2.       <u>Monetary relief.</u>

Pursuant to the Settlement Agreement, Defendant will pay a total of $1,900,000. Settlement Agreement § IV. This payment will cover all of the following as approved by the Court: payments to the Settlement Class of not less than $937,500 (the "Class Fund"); payment of statutory damages and incentive awards to the Class Representatives not to exceed $12,500 total; and payment of attorneys' fees and costs not to exceed $950,000, to be approved by the Court in accordance with fee-shifting principles. *Id*. If any amounts remain in the Settlement Fund as a result of uncashed checks, Class Counsel will ask the Court to approve a distribution of those funds in *cy pres* to the Legal Foundation of Washington and the YWCA Economic Resilience Initiative. *Id*. § V.5. In addition, as set forth more fully below, any Court-approved notice and settlement administration costs will be paid separately by Defendant. *Id*. § V.2.

a.       *Class Member awards.*

The Settlement Agreement provides for a Class Fund of not less than $937,500 for distribution to Settlement Class Members as payment for actual and statutory damages. *Id*. §

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 6
Case No. 3:14-CV-05835-RJB

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  IV.1.a. The precise amount of the Class Fund will be determined based on the Updated

2  Collection Data, which AllianceOne will provide to Class Counsel no later April 16, 2017. *Id*. §

3  IV.6.

4      The Class Fund will compensate Settlement Class Members for <u>all</u> Check Fees they

5  paid to AllianceOne. *Id*. § IV.2. In addition, members of the FDCPA Sub-Class will receive an

6  award of not less than $30 regardless of whether the Sub-Class Member paid any fees,

7  representing FDCPA statutory damages. *Id*. If there are amounts remaining in the Class Fund

8  after calculating payment of 100% of Checks Fees and FDCPA statutory damages, those

9  amounts will be paid as CPA treble damages to CPA Sub-Class Members pro rata based on the

10  amount of Check Fees paid. Thus, Settlement Class Members may receive more than 100% of

11  their total damages.

12          b.      *Class Representatives' statutory damages and incentive awards.*

13      Plaintiffs Dibb, Ovist, and Gondos will request Court approval of service awards in the

14  amount of $2,500 each, and Plaintiff Morgan will request a service award of $1,000. *Id*. § V.1.

15  Plaintiffs will also request Court approval of FDCPA statutory damages awards of $1,000 each.

16  *Id*. Plaintiffs Dibb, Ovist, and Gondos assisted in drafting the complaints, providing

17  information regarding their interactions with Defendant, responded to discovery, and sat for

18  their depositions. Nusser Decl. ¶ 10. Plaintiff Morgan assisted in drafting the complaint in the

19  State Court Action and provided information regarding her interactions with Defendant. *Id*. The

20  requested awards will compensate Plaintiffs for their time and effort serving as Class

21  Representatives and for the risks they undertook in prosecuting the case.

22          c.      *Attorneys' fees and litigation expenses.*

23      The Settlement Agreement provides that Class Counsel may request that the Court

24  approve an award of attorneys' fees and litigation expenses not to exceed $950,000, in

25  accordance with fee-shifting principles. Settlement Agreement § IV.1.c. Class Counsel will file

26  a fee petition with the Court requesting approval of an award to compensate and reimburse

27

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 7
CASE NO. 3:14-CV-05835-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   them for all of the work already performed in this case and the work remaining to be performed

2   in connection with the Settlement. To date, Class Counsel's lodestar exceeds $873,000, and

3   Class Counsel have incurred more than $28,000 in out-of-pocket costs in prosecuting this

4   action. Nusser Decl. ¶¶ 23, 25.

5   The Settlement Agreement is not contingent on the amount of attorneys' fees or costs

6   awarded. *See* Settlement Agreement § V.6. In accordance with *In re Mercury Interactive Corp.*

7   *Sec. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010), Class Counsel will file the fee petition thirty days

8   before the deadline for Settlement Class members to object. *Id*. With that petition, Class

9   Counsel will provide the Court with details regarding their time and out-of-pocket expenses.

10  Nusser Decl. ¶ 27.

11  d.      *Administration costs.*

12  AllianceOne has agreed to retain JND Legal Administration to administer the notice and

13  Settlement Proceeds. AllianceOne will pay all class administration fees and costs incurred by

14  JND separately from the Settlement Proceeds. Settlement Agreement § V.2.

15  3.      Non-Monetary relief.

16  The Settlement also provides for significant non-monetary relief designed to protect

17  Settlement Class Members from further collection efforts for the Check Fees at issue in this

18  case. Defendant has agreed to stipulate to an injunction providing the following prospective

19  relief: (1) Defendant shall permanently cease any effort to collect Check Fees from Settlement

20  Class Members; (2) Defendant shall not transfer or assign Settlement Class Member Accounts

21  without notifying the transferee that the transferee is prohibited from collecting Check Fees; (3)

22  Defendant shall credit each Settlement Class Member Account the amount of any unpaid

23  Check Fees; (4) Defendant shall report corrections on Settlement Class Member Accounts to

24  any consumer credit reporting agencies to which it reports credit information for Class

25  Members; and (5) Defendant shall report corrections on all Settlement Class Member Accounts

26

27

that were referred by the Department of Licensing (DOL) to the DOL. Settlement Agreement § IV.4.

Plaintiffs estimate Defendant's credit of the amount of any unpaid Check Fees to Settlement Class Member Accounts is valued at more than $500,000. Nusser Decl. ¶ 11. This injunctive relief benefits all Settlement Class Members regardless of whether they paid any of Defendant's Check Fees. Thus, the total value of the Settlement exceeds $2,400,000.

4.      Settlement administration and notice.

As agreed by the parties, JND will administer the Settlement. If the Court grants preliminary approval, Plaintiffs will ask the Court to also approve a notice program directing the Settlement Administrator to send a Postcard Notice directly to each Settlement Class Member. Settlement Agreement § VII, Ex. B (the Proposed Notice Form).

Notice will be sent to Class Members directly through first class mail using the most recent contact information available. *Id*. If a notice is returned as undeliverable with a forwarding address provided by the United States Postal Service, the Settlement Administrator will promptly resend the notice to that forwarding address. If a notice is returned as undeliverable and without a forwarding address, the Settlement Administrator will perform one skip trace search and, if it obtains a more recent address, will resend the notice. In addition to the postcard notice, the Settlement Administrator will establish and maintain a Settlement Website, which will display, at a minimum, the operative Complaint, Postcard Notice, the Settlement Agreement, the opt out form, and the Preliminary Approval Order. *Id*. § VII.3, Ex. D (the Website Notice).

Once the Settlement Administrator completes the mailing of Postcard Notices, Settlement Class Members will have sixty days from the date of the initial mailing to opt out of or object to the Settlement. *Id*. § II.15-16. Once this period has passed, the Settlement Administrator will mail individual awards to Settlement Class Members as calculated by Class Counsel from the Updated Collection Data. *Id*. § IV.2. Class Members are not required to

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 9
CASE NO. 3:14-CV-05835-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  submit claims. If any of the issued checks remain uncashed after a period of 90 days, those

2  funds will be distributed to the Legal Foundation of Washington and the YWCA Economic

3  Resilience Initiative. *Id.* § V.5. No funds will revert to AllianceOne.

### III.   ARGUMENT AND AUTHORITY

**A.   The settlement approval process.**

6        As a matter of "express public policy," federal courts strongly favor and encourage

7  settlements, particularly in class actions and other complex matters, where the inherent costs,

8  delays, and risks of continued litigation might otherwise overwhelm any potential benefit the

9  class could hope to obtain. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir.

10  1992) (noting the "strong judicial policy that favors settlements, particularly where complex

11  class action litigation is concerned"); *see also* William B. Rubenstein, *Newberg on Class*

12  *Actions* ("Newberg") § 13.1 (5th ed. 2016 Supp.) (citing cases). The traditional means for

13  handling claims like those at issue here — individual litigation — would unduly tax the court

14  system, require a massive expenditure of public and private resources, and, given the small

15  value of the claims of the individual class members, would be wholly impracticable. The

16  proposed Settlement is the best vehicle for Settlement Class Members to receive relief in a

17  prompt and efficient manner.

18        The Manual for Complex Litigation describes a three-step procedure for approval of

19  class action settlements: (1) preliminary approval of the proposed settlement; (2) dissemination

20  of notice of the settlement to all affected class members; and (3) a "fairness hearing" or "final

21  approval hearing," at which class members may be heard regarding the settlement, and at which

22  evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement

23  may be presented. *Manual for Complex Litigation (Fourth)* ("MCL 4th") §§ 21.632 – 21.634,

24  at 433-34 (2016). This procedure safeguards class members' due process rights and enables the

25  court to fulfill its role as the guardian of class interests. *See* Newberg § 13.1.

26

27

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 10
CASE NO. 3:14-CV-05835-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1       Plaintiffs request that the Court take the first step in the settlement approval process by

2   granting preliminary approval of the proposed Settlement Agreement. The purpose of

3   preliminary evaluation of proposed class action settlements is to determine whether the

4   settlement "is within the range of possible approval" and thus whether notice to the class is

5   worthwhile. Newberg § 13.13. This Court has broad discretion to approve or reject a proposed

6   settlement. *In re Online DVD-Rental Antitrust Litig.* ("*Online DVD-Rental*"), 779 F.3d 934,

7   942, 944 (9th Cir. 2015) (noting that the standard of review is "clear abuse of discretion" and

8   the appellate court's review is "extremely limited").

9       The Court's grant of preliminary approval will allow the Settlement Class to receive

10  direct notice of the proposed Settlement Agreement's terms and the date and time of the final

11  approval hearing, at which Settlement Class Members may be heard regarding the Settlement

12  Agreement, and at which time further evidence and argument concerning the Settlement's

13  fairness, adequacy, and reasonableness may be presented. *See* MCL 4th § 21.634.

14  **B.      The criteria for settlement are satisfied.**

15      The court's role at the preliminary approval stage is to ensure that "the agreement is not

16  the product of fraud or overreaching by, or collusion between, the negotiating parties, and that

17  the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Hanlon v.*

18  *Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998) (internal quotes and citations omitted); *see*

19  *also Online DVD-Rental*, 779 F.3d at 944. "The purpose of this evaluation is to determine

20  whether there are reservations about the settlement, such as unduly preferential treatment of

21  class representatives or certain segments of the class, inadequate compensation or harms to the

22  class, the need for subclasses, or excessive attorney compensation." *Pierce v. Novastar Mortg.,*

23  *Inc.*, No. C 05-5835 RJB, 2007 WL 1847216, at *3 (W.D. Wash. June 27, 2007).

24      The parties engaged in arm's-length, non-collusive negotiations to reach the Settlement

25  Agreement, the Settlement is fair to all Class Members, and the request for attorneys' fees will

26  be reasonable and appropriate to the scope of work. Moreover, all factors that courts consider

27

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 11
Case No. 3:14-CV-05835-RJB

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   when evaluating settlements confirm that it is fair, reasonable, and adequate. Thus, the

2   Settlement should be approved.

3        1.        The Settlement is the product of informed and non-collusive negotiations by
                   experienced counsel after extensive investigation and litigation.

4

5        "Arm's length negotiations conducted by competent counsel constitute *prima facie*

6   evidence of fair settlements." *Ikuseghan v. Multicare Health Sys.*, No. 3:14-cv-05539-BHS,

7   2016 WL 3976569, *3 (W.D. Wash. July 25, 2016); *see also Ortiz v. Fiberboard Corp.*, 527

8   U.S. 815, 852 (1999) ("one may take a settlement amount as good evidence of the maximum

9   available if one can assume that parties of equal knowledge and negotiating skill agreed upon

10  the figure through arms-length bargaining…."); *see also In re Phenylpropanolamine (PPA)*

11  *Prods. Liab. Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004) (approving settlement entered into

12  in good faith, following arm's-length and non-collusive negotiations).

13       The Settlement Agreement here is the result of intensive, arm's-length negotiations

14  between experienced attorneys who are highly familiar with class action litigation in general

15  and with the legal and factual issues of this case in particular. Nusser Decl. ¶¶ 2 – 20. In

16  negotiating this Settlement, Plaintiffs' counsel had the benefit of many years of prior

17  experience combined with knowledge of the facts and law of this case. *Id.*

18       Plaintiffs and their counsel are confident in the strength of Plaintiffs' case but also

19  pragmatic about the risks inherent in litigation and the various defenses available to

20  AllianceOne. The reality that Settlement Class Members could end up recovering only a fraction

21  of their claimed damages or even losing at trial was significant enough to convince Plaintiffs and

22  their counsel that the Settlement reached with AllianceOne outweighs the gamble and expense of

23  further litigation. *See National Rural Telecommunications Coop. v. DirectTV, Inc.*, 221 F.R.D.

24  523, 526 (C.D. Cal. 2004) ("The Court shall consider the vagaries of litigation and compare the

25  significant of immediate recovery by way of the compromise to the mere possibility of relief in

26  the future, after protracted and expensive litigation. In this respect, 'It has been held proper to

27  take the bird in the hand instead of a prospective flock in the bush.") (citation omitted). The

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 12
CASE NO. 3:14-CV-05835-RJB

1  parties were preparing cross-motions for summary judgment when they settled. One of the

2  primary disagreements during the negotiations was whether any violation of the Washington

3  CAA would have negated AllianceOne's entitlement to collect a Reasonable Handling Fee.

4  Plaintiffs had prepared a motion for summary judgment and believed the Court would have

5  ruled in their favor on this issue, but faced the risk that the Court would not decide the issue

6  and that a jury would decide against the Class. Another issue was whether AllianceOne was

7  permitted to use the NOD intended for non-collection agency creditors. Although the statutory

8  intent was clear, there was enough ambiguity in the statutory language that AllianceOne's

9  argument was not entirely specious. Moreover, even if Plaintiffs were to win everything at

10  trial, any recovery could be delayed for years by an appeal. The Settlement obtained provides

11  substantial monetary and non-monetary benefits to the Settlement Class without further

12  expense and delay.

13       The parties participated in arm's-length settlement negotiations over the course of two,

14  full-day mediations and nearly three months resulting in the Settlement Agreement. *See Ruch v.*

15  *AM Retail Group, Inc.,* No. 14-cv-05352-MEJ, 2016 WL 1161453, at *11 (N.D. Cal. Mar. 24,

16  2016) (holding that the "process by which the parties reached their settlement," which included

17  "formal mediation … weigh[ed] in favor of preliminary approval"). This litigation has been

18  hard fought for several years, requiring the parties to spend considerable time investigating and

19  briefing the relevant factual and legal issues, conducting discovery to determine the critical

20  facts and appropriate legal theories, the size of the class, and the potential scope of damages,

21  and flesh out the evaluating the risks associated with pending motions and a trial on the merits

22  of the claims. Nusser Decl. ¶¶ 2 – 11; *see also Richardson v. L'Oreal USA, Inc.,* 951 F. Supp.

23  2d 104, 107 (D.D.C. 2013) (granting preliminary approval in light of the "substantial" litigation

24  history between settling parties). Plaintiffs and their counsel are fully informed and support the

25  resulting Settlement as fair, and as providing reasonable relief to Settlement Class Members.

26  *See* Nusser ¶ 8.

27

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 13
CASE NO. 3:14-CV-05835-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2.      <u>The Settlement is fair and does not grant preferential treatment to any Class Members.</u>

The Settlement Agreement provides substantial monetary and non-monetary relief. Settlement Agreement § IV. All Settlement Class Members who do not timely opt out will receive <u>at least</u> 100% of the Check Fees they paid to Defendant, and FDCPA Sub-Class Members will an additional amount of at least $30, even if they did not pay any Check Fees. *Id.* § IV.2. Settlement Class Members may even receive more than 100% of their damages, depending on the Updated Collection Data Defendant has agreed to provide no later than April 16, 2017. *Id.* § IV.6. This result far exceeds settlements approved by other courts. *See, e.g., Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (affirming the district court's approval of a settlement amounting to 30% of the damages estimated by the class expert ; *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (affirming the district court's approval of a settlement estimated to be worth between 1/6 and 1/2 of class members' estimated loss); *In re Omnivision Tech., Inc*., 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008) (approving a settlement amounting to nine percent of estimated total damages).

The funds distributed to the Settlement Class Members will be allocated in a manner that is fair and reasonable, and no segment of the Settlement Class will be excluded from relief or consigned to inferior benefits. Each Settlement Class Member's share will be based on his or her actual damages as calculated from Defendant's Update Collection Data. *See* Settlement Agreement § IV.2, 6.

In addition, Defendant has agreed to significant non-monetary relief, including crediting to Settlement Class Member Accounts the amount of any unpaid Check Fees. Defendant has also agreed to stop collecting Check Fees from Settlement Class Members, and to make corrections to Settlement Class Members' credit reports and DOL accounts. Settlement Agreement § IV.4. Defendant's agreement to credit Settlement Class Member Accounts the amount of any unpaid Check Fees is alone valued at more than $500,000. Nusser Decl. ¶ 11.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 14
Case No. 3:14-cv-05835-RJB

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

If the Court grants preliminary approval, all Class Members will receive notice and an opportunity to opt-out or object to the Settlement. *See* Settlement Agreement § VII – IX. The result for the Class is extraordinary and Plaintiffs' counsel do not anticipate significant opt outs. Class Counsel believe the Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class as a whole. *See* Nusser Decl. ¶ 8.

3.    The Class Representative service and statutory damages awards are reasonable.

Subject to the Court's approval, the Settlement Agreement provides for service awards and statutory damages for Plaintiffs in an amount not to exceed $12,500 total. Settlement Agreement at § V.1. Service awards "are fairly typical in class action cases" and promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits. *Rodriguez*, 563 F.3d at 958–59. A stipend may also be appropriate to "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Id.* at 958. Unlike unnamed Settlement Class Members, who will enjoy the benefits of Plaintiffs' efforts without taking any personal action, Plaintiffs were involved in providing counsel with the facts necessary to draft the complaints in this case and the State Court Action, and Plaintiffs Dibb, Ovist and Gondos responded to Defendant's discovery requests, had their depositions taken, remained in contact with their counsel throughout the litigation and settlement negotiations, and committed themselves to all the rigors of litigation in the event the case did not settle.

The proposed service awards are reasonable in light of the Plaintiffs' efforts and time expended supporting the litigation as well as the substantial relief obtained. *See, e.g., Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329-30 & n.9 (W.D. Wash. 2009) (approving $7,500 service awards and collecting decisions approving awards ranging from $5,000 to $40,000).

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

4.   The request for attorneys' fees and reimbursement of expenses will be reasonable and commensurate with the work performed.

Class Counsel intend to seek an award of no more than $950,000 to compensate them for the work performed on behalf of the Class, as well as reimbursement for out-of-pocket expenses they have incurred in prosecuting this action. Plaintiffs' claims for violations of the Washington Consumer Protection Act and the Fair Debt Collection Practices Act provide for mandatory awards of attorneys' fees and costs to the prevailing party. *See* RCW 19.86.090 (providing for recovery of treble damages together with "the costs of the suit including a reasonable attorney's fee"); 15 U.S.C. § 1692k (providing that a debt collector who fails to comply with the provisions of the FDCPA is liable for actual damages, statutory damages, and "the costs of the action, together with a reasonable attorney's fee as determined by the court"). Courts generally award fees based on the "lodestar/multiplier method." *Staton v. Boeing Co.*, 327 F.3d 938, 966 (9th Cir. 2003). Class Counsel have spent more than 2,700 hours prosecuting this case on behalf of the Class and their lodestar to date (at the rates they typically bill clients) exceeds $873,000. Nusser Decl., ¶ 23. Finalizing the settlement and overseeing notice and distribution of the Class Fund will require an additional time commitment. Class Counsel will file a fee petition detailing their work on behalf of the Class and the basis for the fee request at least thirty days before the deadline for Class Members to object or opt out of the Settlement.

**C.    Provisional certification of the Class and Sub-Classes is appropriate.**

For settlement purposes, Plaintiff respectfully requests that the Court provisionally certify the Settlement Class and Sub-Classes defined in Section II.C.1, *supra*. The Settlement Class definition seeks to add the individuals Plaintiff Morgan sought to represent in the State Court Action and all individuals from whom AllianceOne sought to collect Check Fees. *See* Nusser Decl. ¶ 9. Provisional certification of a class for settlement purposes permits notice of the proposed settlement to issue to the class to inform class members of the existence and terms of the proposed settlement, of their right to be heard on its fairness, of their right to opt out, and

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 16
Case No. 3:14-CV-05835-RJB

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

of the date, time and place of the formal fairness hearing. *See* MCL 4th §§ 21.632, 21.633. For

the reasons set forth below, provisional certification is appropriate under Rule 23(a) and (b)(3).

The numerosity requirement of Rule 23(a) is satisfied. Defendant has provided data

showing that it has collected or attempted to collect Check Fees from more than 10,000

Washington check writers. Joinder of all such persons is impracticable. *See* Fed. R. Civ. P.

23(a)(1). The commonality requirement is satisfied because there are many questions of law

and fact common to the Settlement Class that center on AllianceOne's collection practices. *See*

Fed. R. Civ. P. 23(a)(2); *see also Palmer v. Stassinos*, 233 F.R.D. 546, 549 (N.D. Cal. 2006)

(finding common questions of law and fact arise "where… the defendants have engaged in

standardized conduct towards members of the proposed class by mailing to them allegedly

illegal form letters") (quoting *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998)); *see also*

*Hunt v. Check Recovery Sys., Inc.*, 241 F.R.D. 505, 510 (N.D. Cal. 2007) (common questions

of law and fact where defendant sent out form letters containing the same allegedly unlawful

fee demands). The typicality requirement is satisfied because Plaintiffs' claims, which are

based on AllianceOne's NODs and Check Fees, are "reasonably coextensive with those of the

absent class members." *See* Fed. R. Civ. P. 23(a)(3); *Hansen v. Ticket Track, Inc.*, 213 F.R.D.

412, 415 (W.D. Wash. 2003). The adequacy of representation requirement is satisfied because

Plaintiffs' interests are coextensive with, and not antagonistic to, the interests of the Settlement

Class. *See* Fed. R. Civ. P. 23(a)(4); *see also Hansen*, 213 F.R.D. at 415–16.  Further, Plaintiffs

are represented by qualified and competent counsel who have extensive experience and

expertise in prosecuting complex class actions. *See* Nusser Decl. ¶¶ 12 – 20.

The predominance requirement of Rule 23(b)(3) is satisfied because common questions

present a significant aspect of the case and can be resolved for all Settlement Class Members in

a single adjudication. *See* Fed. R. Civ. P. 23(b)(3); *see also Keele*, 149 F.3d at 594-95 (finding

predominance where "defendants have engaged in standardized conduct toward members of the

proposed class by mailing to them allegedly illegal form letters or documents"); *Quiroz v.*

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 17
CASE NO. 3:14-CV-05835-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   *Revenue Prod. Mgmt., Inc.*, 252 F.R.D. 438, 443-444 (N.D. Ill. 2008) (predominance

2   requirement satisfied in action alleging defendant's communications with debtors were false

3   and misleading in violation of the FDCPA, finding the "same legal issue would need to be

4   decided with respect to each class member").

5   Because the claims are being certified for purposes of settlement, there are no issues

6   with manageability, and resolution of thousands of claims in one action is far superior to

7   individual lawsuits and promotes consistency and efficiency of adjudication. *See* Fed. R. Civ.

8   P. 23(b)(3); *see also Hansen*, 213 F.R.D. at 416-17 (the cumbersome nature of individual

9   litigation and the comparatively minimal damages recoverable under the FDCPA make it likely

10  that class members will have little interest in bringing their own action); *Schwarm v.*

11  *Craighead*, 233 F.R.D. 655, 664 (E.D. Cal. 2006) (granting class certification in FDCPA case

12  against check collector "to allow the vindication of the rights of groups of people who

13  individually would be without effect[ive] strength to bring their opponents into court"). For

14  these reasons, certification of the Settlement Class and Sub-Classes for purposes of settlement

15  is appropriate.

16  **D.      The proposed notice program is constitutionally sound.**

17  To protect Class Members' rights, the Court "must direct notice in a reasonable manner

18  to all class members who would be bound by the proposal."  Notice must be "reasonably

19  calculated, under all the circumstances, to apprise interested parties of the pendency of the

20  action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover*

21  *Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Settlement Class Members can be identified

22  through AllianceOne's records. The parties propose sending Postcard Notice in the form

23  attached as Exhibit B to the Settlement Agreement directly via first class mail to Class

24  Members. *See* Settlement Agreement at § VII, Ex. B.

25  Notice of a proposed settlement must inform class members of the following: (1) the

26  nature of the pending litigation; (2) the general terms of the proposed settlement; (3) that

27

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 18
CASE NO. 3:14-CV-05835-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

complete information is available from court files; and (4) that any class member may appear and be heard at the fairness hearing." *Newberg* § 8:17. The Postcard Notice provides all of this information in plain and easily understood language, with neutral and objective information about the nature of the Settlement and where to find more information. Settlement Agreement, Ex. B. The Notice Website will include the definition of the Settlement Class and each Sub-Class, a statement of each Settlement Class Member's rights, an explanation of how Settlement Class Members can object to the Settlement, and methods for contacting Plaintiffs' counsel and obtaining more information. *See id.*, Ex. D.

**E.      The scheduling of a final fairness hearing is appropriate.**

The last step in the settlement approval process is a final fairness hearing at which the Court may hear all evidence and argument necessary to make its final evaluation. Proponents of the Settlement may explain the terms and conditions of the settlement and offer argument in support of final approval. In addition, Settlement Class Members, or their counsel, may be heard in support of or in opposition to the Settlement Agreement. After this hearing, the Court will determine whether the Settlement should be finally approved, and whether to enter a final order and judgment. Plaintiffs request that the Court set a date for a hearing on final approval at the Court's convenience at least 105 days after an order preliminarily approving the Settlement Agreement is entered.

## IV.  CONCLUSION

Plaintiffs respectfully request that the Court: (1) grant preliminary approval of the Settlement; (2) permit the filing of a Fourth Amended Complaint; (3) provisionally certify the proposed Settlement Class; (4) appoint Plaintiffs as the Class Representatives; (5) appoint as Class Counsel the law firms of Terrell Marshall Law Group PLLC, Law Office of Paul Arons, and Leonard Law; (6) approve the proposed notice plan; (7) appoint JND Legal Administration to serve as the Settlement Administrator; and (8) schedule the final fairness hearing and related dates.

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 19
CASE NO. 3:14-CV-05835-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

RESPECTFULLY SUBMITTED AND DATED this 24th day of March, 2017.

2

TERRELL MARSHALL LAW GROUP PLLC

3

4

By:   /s/ Erika L. Nusser, WSBA #40854
        Beth E. Terrell, WSBA #26759

5

        Email:  bterrell@terrellmarshall.com
        Erika L. Nusser, WSBA #40854

6

        Email:  enusser@terrellmarshall.com
        936 North 34th Street, Suite 300

7

        Seattle, Washington  98103-8869

8

        Telephone:  (206) 816-6603
        Facsimile:  (206) 319-5450

9

10

        Sam Leonard, WSBA #46498
        Email: sam@seattledebtdefense.com

11

        LEONARD LAW
        801 Second Avenue, Suite 1410

12

        Seattle Washington 98104

13

        Telephone: (206) 486-1176
        Facsimile: (206) 458-6028

14

15

        Paul Arons, WSBA #47599
        Email:  lopa@rockisland.com

16

        LAW OFFICE OF PAUL ARONS
        685 Spring Street

17

        Friday Harbor, Washington  98250
        Telephone:  (360) 378-6496

18

        Facsimile:  (360) 378-6498

19

        *Attorneys for Plaintiffs*

20

21

22

23

24

25

26

27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## CERTIFICATE OF SERVICE

I, Erika L. Nusser, hereby certify that on March 24, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Jeffrey E. Bilanko, WSBA #38829
> Email:  jbilanko@gordonrees.com
> Elizabeth K. Morrison, WSBA #43042
> Email: emorrison@gordonrees.com
> Email: shosey@gordonrees.com
> GORDON & REES LLP
> 701 Fifth Avenue, Suite 2100
> Seattle, Washington  98104
> Telephone:  (206) 695-5100
> Facsimile: (206) 689-2822

> *Attorneys for Defendant*

DATED this 24th day of March, 2017.

> TERRELL MARSHALL LAW GROUP PLLC

> By:   /s/ Erika L. Nusser, WSBA #40854
> Erika L. Nusser, WSBA #40854
> Email: enusser@terrellmarshall.com
> 936 North 34th Street, Suite 300
> Seattle, Washington  98103
> Telephone:  (206) 816-6603
> Facsimile:  (206) 319-5450

> *Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 21
CASE NO. 3:14-CV-05835-RJB