THE HONORABLE ROBERT J. BRYAN

1

2

3

4

5

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

6

7 | MARGARET DIBB, SHAUNA OVIST, and
WENDY GONDOS on behalf of themselves and

8 | on behalf of others similarly situated,

NO. 3:14-CV-05835-RJB

9 | Plaintiffs,

[PROPOSED] ORDER GRANTING
PLAINTIFFS' UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

10 | vs.

11

12 | ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,

13 | Defendant.

14

15        WHEREAS, the Parties have entered into a Settlement Agreement and Release of

16 Claims ("Agreement"),[1] which sets forth the terms and conditions of the settlement and release

17 of certain claims against Defendant AllianceOne Receivables Management, Inc., the Court

18 having reviewed and considered the Agreement and all of the filings, records, and other

19 submissions; the Court finds upon a preliminary examination that the Agreement appears fair,

20 reasonable, and adequate, and that a hearing should and will be held after notice to the

21 Settlement Class in order to confirm that the Settlement is fair, reasonable, and adequate, and to

22 determine whether the Settlement Order and Final Judgment should be entered in this Action

23 pursuant to the terms and conditions set forth in the Agreement ("Final Approval Hearing").

24

25

26

27 [1] Capitalized terms shall have the meaning ascribed to them in the Settlement Agreement.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

THEREFORE, THE COURT FINDS AND CONCLUDES AS FOLLOWS:

1.      Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Settlement Agreement attached as <u>Exhibit 1</u> to the Declaration of Erika L. Nusser in Support of Preliminary Approval (ECF No. 207).

2.      The Court finds good cause exists to permit Plaintiffs to file a Fourth Amended Complaint Substantially in the form set forth in <u>Exhibit 2</u> to the Nusser Decl. (ECF No. 207).

3.      This Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the Settlement Class.

4.      The Court finds that (a) the Agreement resulted from extensive arm's-length negotiations, with participation of an experienced mediator, and (b) the Agreement is sufficient to warrant notice thereof to members of the Settlement Class and the Final Approval Hearing described below.

5.      Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Settlement Class is preliminarily certified as:

> <u>Umbrella Class</u>: All persons who reside in the State of Washington to whom AllianceOne sent, at any time between October 20, 2010 and April 16, 2017, a Notice of Dishonor of Check in connection with an allegedly unpaid check, in a form substantially similar to the one allegedly sent to Plaintiffs, or from whom AllianceOne collected statutory collection costs, treble damages, court costs, attorneys fees or interest on the underlying dishonored check.

> <u>FDCPA Sub-Class</u>: All persons in the Umbrella Class whose check was written to the Washington Department of Licensing to pay a fee incurred primarily for personal, family or household purposes, to whom AllianceOne sent a NOD of Check on or after October 20, 2013.

[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 2
CASE NO. 3:14-CV-05835-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

<u>CPA Sub-Class</u>: All persons in the Umbrella Class, to whom AllianceOne sent a NOD of Check on or after October 20, 2010 or from whom AllianceOne collected statutory collection costs, treble damages, court costs, attorney fees or interest on the underlying dishonored check.

6.      "Settlement Class Members" include members of the Settlement Class that do not opt-out from the action.  The Settlement Class also does not include any persons who validly requests exclusion from the Class.

7.      The Court has previously appointed Margaret Dibb, Shauna Ovist and Wendy Gondos as Class Representatives.  For purposes of settlement only, the Court hereby adds Tamara Morgan as an additional Class Representative, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and finds that, for settlement purposes only, these Class Representatives have and will fairly and adequately protect the interests of the Settlement Class.

8.      The Court has previously appointed the Terrell Marshall Law Group PLLC, Law Office of Paul Arons, Leonard Law, and Leen & O'Sullivan PLLC as Class Counsel and finds that for settlement purposes, Class Counsel have and will fairly and adequately protect the interests of the Settlement Class.

9.      The Court preliminarily finds that the Agreement is fundamentally fair, adequate, and reasonable, and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as follows:

(a)      The Settlement Class is so numerous that joinder of all members is impracticable;

(b)      There are questions of law or fact common to the Settlement Class for purposes of determining whether this Settlement should be approved;

(c)      Plaintiffs' claims are typical of the claims being resolved through the proposed Settlement;

(d)      Plaintiffs are capable of fairly and adequately protecting the interests of the Settlement Class Members in connection with the proposed Settlement;

[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 3
CASE NO. 3:14-CV-05835-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(e)  Common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members; and

(f)  For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class Members.

10.  The Court appoints JND Legal Administration as the Class Administrator, who shall fulfill the functions, duties, and responsibilities of the Class Administrator as set forth in the Agreement and this Order.

11.  The Court approves the proposed forms of notice and notice plan for giving direct notice to the Settlement Class by U.S. Mail as set forth in Section VII.3 of the Agreement and its attached exhibits ("Notice Plan").  The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto.  The Court finds that the Notice Plan is reasonably calculated under all circumstances to reasonably apprise the persons in the Settlement Class of the pendency of this Action, the terms of the Agreement, the right to object to the Settlement and to exclude themselves from the Settlement Class, and the process for submitting a claim for monetary relief.

12.  Pursuant to the Agreement, the Class Administrator shall provide individual notice via U.S. Mail to the most recent mailing address as reflected in Defendant's reasonably available computerized account records (which the Class Administrator shall update through the national change of address system) no later than thirty (30) days after entry of this Order.

13.  Members of the Settlement Class may exclude themselves from the Settlement Class by advising the Class Administrator either through an online opt-out form or by mailing a written request no later than sixty (60) calendar days after the date notice is sent to the Settlement Class (the "Opt-Out Deadline").  All written requests must be signed, and if mailed, must be postmarked no later than the Opt-Out Deadline.

[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 4
CASE NO. 3:14-CV-05835-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

14.     Any Settlement Class Member who desires to object to the fairness of this Settlement must file a written objection with the Court no later than sixty (60) calendar days from the date notice is mailed to the Settlement Class (the "Objection Deadline").  The objection must provide the objector's name, address, telephone number at which the calls were received, and the reason(s) for the objection. The objection must be postmarked no later than the Objection Deadline.

15.     Anyone who properly objects, as described herein, may appear at the Final Approval Hearing, including through an attorney hired at the objector's expense.  Such objectors or their attorneys intending to appear at the Final Approval Hearing must file a notice of appearance with this Court no later than fourteen (14) calendar days prior to the Final Approval Hearing.  Any member of the Settlement Class who fails to comply with the provisions herein shall waive and forfeit any and all rights to appear and/or object separately, and shall be bound by the terms of this Settlement and the orders and judgments of this Court. Class Counsel shall file responses to any valid objections no later than fourteen (14) days prior to the Final Approval Hearing.  Defendants' counsel also may file responses, but no later than fourteen (14) days prior to the Final Approval Hearing.

16.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure a hearing will be held before this Court to finally determine whether the prerequisites for class certification and treatment under Rule 23(a) and (b) of the Federal Rules of Civil Procedure are met; to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by this Court; to determine whether the Settlement Order and Final Judgment under this Settlement should be entered; to consider the application for attorneys' fees and expenses of Class Counsel; to consider the application for service awards to the Class Representatives; to consider the distribution of the Settlement Fund pursuant to the Agreement; and to rule on any other matters that the Court may deem appropriate. At the Final Approval Hearing, the Court

[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 5
CASE NO. 3:14-CV-05835-RJB

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    may enter the Settlement Order and Final Judgment in accordance with the Agreement that will

2    adjudicate the rights of the Settlement Class Members.

3        17.    The Final Approval Hearing is scheduled for _____.

4        18.    All memoranda and other submissions in support of the Settlement Order and

5    Final Judgment and this settlement shall be filed no later than fourteen (14) days prior to the

6    Final Approval Hearing, including proof of compliance with the notice provisions of the Class

7    Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

8        19.    Defendant shall bear all notice and class administration fees and costs in

9    accordance with the Settlement Agreement.

10        20.    On or before thirty (30) days after the Notice Date, Class Counsel shall file and

11    serve an application for an award of attorneys' fees and out-of-pocket costs, and an application

12    for service awards to Plaintiffs. The application shall be posted on the Settlement Website

13    within twenty-four hours after the day it is filed.

14        21.    On or before fourteen (14) days prior to the Final Approval Hearing, Class

15    Counsel shall file and serve a motion for final approval and responses to any objections.

16        22.    All members of the Settlement Class will be bound by all orders pertaining to

17    the Settlement unless such persons request exclusion from the Settlement Class. Members of

18    the Settlement Class who do not timely and validly request exclusion shall be so bound, even if

19    they have previously or subsequently initiated individual litigation or other proceedings against

20    the Released Parties relating to the Released Claims.

21        23.    Settlement Class Members do not need to appear at the Final Approval Hearing

22    or take any other action to indicate their approval and partake in this Settlement.

23        24.    This Order and the Settlement are not admissions or concessions by Defendant

24    of any liability or wrongdoing. This Order is not a determination of liability or wrongdoing.

25    This Order also does not constitute any opinion or position of this Court as to the merits of the

26    claims and defenses related to this Action.

27

[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 6
CASE NO. 3:14-CV-05835-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

25.     This Action is stayed until further ordered by this Court, except such actions and proceedings that may be necessary to implement the Settlement and this Order.

26.     Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with this Order.  This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate this Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

27.     If Final Approval does not occur, the parties shall be returned to the status quo ex ante, for all litigation purposes, as if no settlement had been negotiated or entered into; and thus, this Order and all other findings or stipulations regarding the Settlement, including but not limited to, certification of the Settlement Class, and the Plaintiffs' Second Amended Complaint in this action, shall be automatically void, vacated, and treated as if never filed.

28.     Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

29.     This Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.  The Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve or modify the Settlement without further notice to Settlement Class Members.

[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 7
CASE NO. 3:14-CV-05835-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

30.     The following timeline will govern proceedings through the Final Approval Hearing:

| DEADLINE | EVENT |
|---|---|
| Ten days after entry of this Order | Deadline for the Class Administrator to serve CAFA Notice |
| Thirty days after entry of this Order | Deadline to mail notice |
| Fourteen days after entry of this Order | Deadline to make the Settlement Website available |
| Within thirty days of the date that Settlement Notices are sent, pursuant to the Notice Plan | Deadline for Class Counsel to file their motion for attorneys' fees, costs, and incentive awards to the Class Representatives |
| Sixty days after the date that Settlement Notices are sent, pursuant to the Notice Plan | Deadline for Settlement Class Members to submit exclusion requests or objections |
| Fourteen days before Final Approval Hearing | Deadline to file responses to objections and motion for final approval |
| At the Court's convenience but no earlier than 105 days after entry of this Order | Final Approval Hearing |

IT IS HEREBY ORDERED.

DATED this ___ day of _____, 2017.

_____
UNITED STATES DISTRICT JUDGE

[PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT - 8
CASE NO. 3:14-CV-05835-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Presented by:

TERRELL MARSHALL LAW GROUP PLLC

By:   /s/ Erika L. Nusser, WSBA #40854
     Beth E. Terrell, WSBA #26759
     Email:  bterrell@terrellmarshall.com
     Erika L. Nusser, WSBA #40854
     Email:  enusser@terrellmarshall.com
     936 North 34th Street, Suite 300
     Seattle, Washington  98103-8869
     Telephone:  (206) 816-6603
     Facsimile:  (206) 319-5450

     Sam Leonard, WSBA #46498
     Email: sam@seattledebtdefense.com
     LEONARD LAW
     801 Second Avenue, Suite 1410
     Seattle Washington 98104
     Telephone: (206) 486-1176
     Facsimile: (206) 458-6028

     Paul Arons, WSBA #47599
     Email:  lopa@rockisland.com
     LAW OFFICE OF PAUL ARONS
     685 Spring Street
     Friday Harbor, Washington  98250
     Telephone:  (360) 378-6496
     Facsimile:  (360) 378-6498

*Attorneys for Plaintiffs and Class Members*

[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 9
CASE NO. 3:14-CV-05835-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  <u>CERTIFICATE OF SERVICE</u>

2      I, Erika L. Nusser, hereby certify that on March 9, 2017, I electronically filed the

3  foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4  such filing to the following:

5      Jeffrey E. Bilanko, WSBA #38829
6      Email:  jbilanko@gordonrees.com
       Elizabeth K. Morrison, WSBA #43042
7      Email: emorrison@gordonrees.com
       Email: shosey@gordonrees.com
8      GORDON & REES LLP
       701 Fifth Avenue, Suite 2100
9      Seattle, Washington  98104
       Telephone:  (206) 695-5100
10     Facsimile: (206) 689-2822

11

12     *Attorneys for Defendant*

13     DATED this 9th day of March, 2017.

14                     TERRELL MARSHALL LAW GROUP PLLC

15                     By:    /s/ Erika L. Nusser, WSBA #40854
                              Erika L. Nusser, WSBA #40854
16                            Email: enusser@terrellmarshall.com
                              936 North 34th Street, Suite 300
17                            Seattle, Washington  98103
                              Telephone:  (206) 816-6603
18                            Facsimile:  (206) 319-5450

19

20                     *Attorneys for Plaintiffs*

21

22

23

24

25

26

27

1101231/31993745v.1

[PROPOSED] ORDER GRANTING PLAINTIFFS'
UNOPPOSED MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT - 10
CASE NO. 3:14-CV-05835-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com