1

2  THE HONORABLE ROBERT J. BRYAN

3

4

5

6

7  U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8  MARGARET DIBB, SHAUNA OVIST,
WENDY GONDOS, and TAMARA MORGAN
9  on behalf of themselves and on behalf of others
similarly situated,
10

11  Plaintiffs,

12  vs.

13  ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,
14

15  Defendant.

NO. 3:14-CV-05835-RJB

[PROPOSED] ORDER OF FINAL
SETTLEMENT APPROVAL

16

17  WHEREAS, on April 3, 2017, this Court entered its Order Granting Preliminary

18  Approval of Class Action Settlement (ECF No. 209) (the "Preliminary Approval Order"); and

19  WHEREAS, individual notice complying with Fed. R. Civ. P. 23 was sent to the last-

20  known address of each reasonably identifiable member of the Settlement Class, and where

21  follow-up procedures outlined in the Settlement Agreement and approved by the Preliminary

22  Approval Order have been completed; and

23  WHEREAS, a fairness hearing on final approval of the settlement was held before the

24  Court on July 31, 2017; and

25  WHEREAS, the Court being advised, finds that good cause exists for the entry of the

26  below Order; now, therefore

27

[PROPOSED] ORDER OF FINAL SETTLEMENT APPROVAL - 1
CASE NO. 3:14-CV-05835-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1      IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED THAT:

2      1.     Unless otherwise provided herein, all capitalized terms in this Order shall have

3 the same meaning as set forth in the Settlement Agreement attached as <u>Exhibit 1</u> to the

4 Declaration of Erika L. Nusser in Support of Preliminary Approval (ECF No. 207-1) and/or

5 Plaintiffs' Motion for Preliminary Approval (ECF No. 206).

6      2.     The Court finds that notice to the Settlement Class has been completed in

7 conformity with the Preliminary Approval Order.  The Court finds that this notice was the best

8 notice practicable under the circumstances, that it provided due and adequate notice of the

9 proceedings and of the matters set forth therein, and that it fully satisfied all applicable

10 requirements of law and due process.

11     3.     The Court finds that notice of the Settlement Agreement has been provided to

12 the appropriate federal and state officials in accordance with 28 U.S.C. § 1715.

13     4.     The Court finds it has personal and subject matter jurisdiction over all claims

14 asserted in this Litigation with respect to all members of the Settlement Class.

15     5.     Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court

16 certifies for settlement purposes only the following Settlement Class:

<u>Umbrella Class</u>: All persons who reside in the State of Washington to whom AllianceOne sent, at any time between October 20, 2010 and March 17, 2017, a Notice of Dishonor of Check in connection with an allegedly unpaid check, in a form substantially similar to the one allegedly sent to Plaintiffs, or from whom AllianceOne collected statutory collection costs, treble damages, court costs, attorneys fees or interest on the underlying dishonored check.

<u>FDCPA Sub-Class</u>: All persons in the Umbrella Class whose check was written to the Washington Department of Licensing to pay a fee incurred primarily for personal, family or household purposes, to whom AllianceOne sent a NOD of Check on or after October 20, 2013.

[PROPOSED] ORDER OF FINAL SETTLEMENT APPROVAL - 2
CASE NO. 3:14-CV-05835-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1
2
3

       CPA Sub-Class: All persons in the Umbrella Class, to whom AllianceOne sent a NOD of Check on or after October 20, 2010 or from whom AllianceOne collected statutory collection costs, treble damages, court costs, attorney fees or interest on the underlying dishonored check.

4   6.   "Settlement Class Members" include members of the Settlement Class that do

5   not opt-out from the action.  The Settlement Class also does not include any persons who

6   validly request exclusion from the Class.

7   7.   In connection with this class certification, the Court makes the following

8   findings:

9   (a)   The Settlement Class is so numerous that joinder of all members is

10   impracticable;

11   (b)   There are questions of law or fact common to the Settlement Class for

12   purposes of determining whether this Settlement should be approved;

13   (c)   Plaintiffs' claims are typical of the claims being resolved through the

14   proposed Settlement;

15   (d)   Plaintiffs are capable of fairly and adequately protecting the interests of

16   the Settlement Class Members in connection with the proposed Settlement;

17   (e)   For purposes of determining whether the Settlement is fair, reasonable

18   and adequate, common questions of law and fact predominate over questions affecting only

19   individual Settlement Class Members.  Accordingly, the Settlement Class is sufficiently

20   cohesive to warrant settlement by representation; and

21   (f)   For purposes of settlement, certification of the Settlement Class is

22   superior to other available methods for the fair and efficient settlement of the claims of the

23   Settlement Class Members.

24   8.   The Court has appointed Margaret Dibb, Shauna Ovist, Wendy Gondos and

25   Tamara Morgan as representatives of the Settlement Class.

26   9.   The Court has appointed Terrell Marshall Law Group PLLC, the Law Office

27

[PROPOSED] ORDER OF FINAL SETTLEMENT APPROVAL - 3
CASE NO. 3:14-CV-05835-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    Paul Arons, Leonard Law, and Leen & O'Sullivan PLLC as counsel for the Settlement Class.

2        10.    No individuals have timely and properly excluded themselves from the Class,

3    and no Class Members have objected.

4        11.    The terms set forth in the Settlement are approved as being fair, adequate, and

5    reasonable in light of the degree of recovery obtained in relation to the risks faced by the

6    Settlement Class in litigating the claims.  The Settlement Class is properly certified as part of

7    this Settlement.  The relief provided to the Settlement Class under the Settlement Agreement is

8    appropriate as to the individual members of the Settlement Class and as a whole.

9        12.    The Court approves the payment of $_____ in fees and costs to Class

10   Counsel as fair and reasonable based on the lodestar and percentage-of-the-fund methods,

11   which courts use to determine the reasonableness of fees.  The Court reaches this conclusion

12   after analyzing (1) the number of hours Class Counsel reasonably expended on the litigation

13   multiplied by Counsel's reasonable hourly rates; (2) the substantial financial recovery for

14   Settlement Class Members (3) the diligent and efficient effort utilized by Class Counsel in

15   litigating the Class claims; (4) Class Counsel's substantial experience in complex litigation and

16   skill utilized to achieve the Settlement; and (5) the hurdles to certifying the Settlement Class

17   and proving liability and damages at trial.  In the event that there are unclaimed settlement

18   funds after all Settlement Award checks have been cashed or voided, the balance shall be to *cy*

19   *pres* recipients, as set forth in the Settlement Agreement.

20       13.    The Court approves the incentive and statutory damage payments of $3,500 to

21   Plaintiffs Margaret Dibb, Shauna Ovist, Wendy Gondos and $2,000 to Plaintiff Tamara

22   Morgan.  This incentive award is reasonable and does not undermine Plaintiffs' adequacy as

23   the Class Representatives.  Rather, this award reasonably compensates Plaintiffs for their time

24   and effort in serving as class representatives and assisting in the litigation.

25       14.    The Settlement is binding on all Settlement Class Members.

26

27

[PROPOSED] ORDER OF FINAL SETTLEMENT APPROVAL - 4
CASE NO. 3:14-CV-05835-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    15.    Each Settlement Class Member shall be entitled to receive a pro rata share of the

2    Net Settlement Proceeds as set forth in Section IV.2 of the Settlement Agreement.  Any

3    Settlement Class Member who fails to cash or deposit a disbursement check issued to that

4    member after a period of ninety (90) calendar days has elapsed from the date on which the

5    disbursement check was issued will not receive a Settlement Award but will be bound

6    nevertheless by the terms of the Settlement Agreement.

7    16.    All Settlement Class Members are bound by the terms of the Settlement

8    Agreement.  As of the Settlement Agreement's Effective Date, all Settlement Class Members

9    shall conclusively be deemed to have irrevocably released, relinquished, and forever discharged

10   all claims against all released entities and individuals as set forth in the Settlement Agreement.

11   The Settlement Agreement provides: "As of the Effective Date, Plaintiffs and each Releasing

12   Party, their respective heirs, executors, administrators, representatives, agents, attorneys,

13   partners, affiliates, successors, predecessors-in-interest, and assigns hereby release, resolve,

14   relinquish, and discharge forever each of the Released Parties and their respective directors,

15   officers, employees, heirs, executors, administrators, representatives, agents, attorneys,

16   partners, affiliates, successors, parents, subsidiaries, predecessors-in-interest, insurers, and

17   assigns from each of the Released Claims as defined below."  The Settlement Agreement

18   further provides that: "Released Claims means any and all claims, causes of action, suits,

19   obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies,

20   costs, expenses, and attorneys' fees of any nature whatsoever, whether known or unknown,

21   suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent,

22   liquidated or unliquidated, punitive or compensatory, that were brought or that could have been

23   brought in the Action as of March 17, 2017, and that arise out of or relate in any way to

24   Defendant's debt collection efforts based on the Notice of Dishonor forms identified in the

25   November 2, 2106 spreadsheet produced by Defendant or on the underlying dishonored checks

26   identified in the November 2, 2106 spreadsheet produced by Defendant, including, but not

27

[PROPOSED] ORDER OF FINAL SETTLEMENT APPROVAL - 5
CASE NO. 3:14-CV-05835-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1  limited to, claims based on a violation of the FDCPA, CPA, and any other statutory or common

2  law claim."

3      17.    Neither this Order nor any aspect of the Settlement Agreement is to be construed

4  or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of

5  Defendants, who specifically deny liability.  Each of the Parties to the settlement entered into

6  the Settlement Agreement with the intention to avoid further disputes and litigation with the

7  attendant inconvenience and expenses.

8      18.    Pursuant to the Settlement Agreement, Plaintiffs shall file a Stipulation of

9  Dismissal with Prejudice as to Defendant, in both this action and in *Morgan v. AllianceOne*

10  *Receivables Management, Inc.*, King County Superior Court, Case No. 16-2-26246-5 SEA,

11  within thirty (30) days after the Effective Date of the Settlement Agreement.  The Court will

12  then dismiss this action with prejudice as to all Settlement Class Members.

13      19.    The entry of this Order and any subsequent dismissal is without prejudice to the

14  rights of the Parties to enforce the terms of the Settlement Agreement and the rights of Class

15  Counsel to seek the payment of fees and costs as provided for in the Settlement Agreement.

16  Without affecting the finality of this Order, or the judgment to be entered pursuant hereto, in

17  any way, the Court retains jurisdiction over the claims against Defendants for purposes of

18  resolving any disputes that may arise under the Settlement Agreement.

19          DONE IN OPEN COURT this _____ day of _____, 2017.

20

21                                    _____

                                      UNITED STATES DISTRICT JUDGE
22

23

24

25

26

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Presented by:

2  TERRELL MARSHALL LAW GROUP PLLC

3  By:   /s/ Erika L. Nusser, WSBA #40854
          Beth E. Terrell, WSBA #26759
4         Email:  bterrell@terrellmarshall.com
          Erika L. Nusser, WSBA #40854
5         Email:  enusser@terrellmarshall.com
          936 North 34th Street, Suite 300
6         Seattle, Washington  98103-8869
          Telephone:  (206) 816-6603
7         Facsimile:  (206) 319-5450

8
          Sam Leonard, WSBA #46498
9         Email: sam@seattledebtdefense.com
          LEONARD LAW
10        801 Second Avenue, Suite 1410
          Seattle Washington 98104
11        Telephone: (206) 486-1176
          Facsimile: (206) 458-6028
12

13        Paul Arons, WSBA #47599
          Email:  lopa@rockisland.com
14        LAW OFFICE OF PAUL ARONS
          685 Spring Street
15        Friday Harbor, Washington  98250
          Telephone:  (360) 378-6496
16        Facsimile:  (360) 378-6498

17

18  *Attorneys for Plaintiffs and Class Members*

19

20

21

22

23

24

25

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

CERTIFICATE OF SERVICE

2

I, Erika L. Nusser, hereby certify that on March 9, 2017, I electronically filed the

3

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4

such filing to the following:

5

Jeffrey E. Bilanko, WSBA #38829
Email:  jbilanko@gordonrees.com

6

Elizabeth K. Morrison, WSBA #43042
Email: emorrison@gordonrees.com

7

Email: shosey@gordonrees.com

8

GORDON & REES LLP
701 Fifth Avenue, Suite 2100

9

Seattle, Washington  98104
Telephone:  (206) 695-5100

10

Facsimile: (206) 689-2822

11

*Attorneys for Defendant*

12

DATED this 9th day of March, 2017.

13

14

TERRELL MARSHALL LAW GROUP PLLC

15

By:    /s/ Erika L. Nusser, WSBA #40854

16

Erika L. Nusser, WSBA #40854
Email: enusser@terrellmarshall.com

17

936 North 34th Street, Suite 300
Seattle, Washington  98103

18

Telephone:  (206) 816-6603
Facsimile:  (206) 319-5450

19

20

*Attorneys for Plaintiffs and Class Members*

21

22

23

24

25

26

27

[PROPOSED] ORDER OF FINAL SETTLEMENT APPROVAL - 8
CASE NO. 3:14-CV-05835-RJB

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com